UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 6082**

MARQUIS JET PARTNERS, INC.,

    Plaintiff,

v.

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.,

    Defendants.

Civil Action No. _____

**REQUEST FOR JURY TRIAL**

RECEIVED JUN 27 2007 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT

Plaintiff Marquis Jet Partners, Inc. ("Marquis Jet"), for its complaint against defendants Bombardier Aerospace Corporation ("Bombardier Jet") and Jet Solutions, L.L.C. ("Jet Solutions") (hereinafter collectively referred to as "FlexJet") for trademark infringement, unfair competition and false designation of origin, and related claims under state law for dilution and unfair competition, pleads and alleges as follows:

### NATURE AND BASIS OF THE ACTION

1.     This action is brought by Marquis Jet against the FlexJet under the Lanham Act, 15 U.S.C. § 1125, and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating to FlexJet's use of the phrases "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" as a tagline in connection with advertising for Defendants' fractional jet cards. Marquis Jet has adopted and used continuously since 2004 the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its fractional jet cards. As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, the slogan 25 HOURS AT A TIME has become closely associated by the relevant purchasing public with Marquis Jet, which

31498170.WPD

owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans.

2. FlexJet, with full knowledge of the existence of Marquis Jet's 25 HOURS AT A TIME slogans, has adopted the identical 25 HOURS AT A TIME tagline to identify its competing fractional jet cards, which are offered to the same consumers through the same channels of trade as Marquis Jet offers its fractional jet cards.

3. The use by FlexJet of the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" in connection with advertising for FlexJet's fractional jet cards infringes the Marquis Jet's 25 HOURS AT A TIME slogans and unlawfully trades on the goodwill and reputation Marquis Jet has established through its use and promotion of the 25 HOURS AT A TIME slogans. FlexJet's infringement of the 25 HOURS AT A TIME slogans is likely to cause consumers, purchasers and others to be confused or mistaken into believing that the FlexJet's products and services originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Marquis Jet or the source of the Marquis Jet's fractional jet cards.

4. Unless such acts of infringement, dilution, unfair competition and false designation of origin are enjoined, Marquis Jet will suffer irreparable injury for which there is no adequate remedy at law.

**PARTIES**

5. Plaintiff Marquis Jet is a Delaware corporation with offices located at 230 Park Avenue, New York, NY 10169. Marquis Jet is in the business of subleasing and assigning fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

6. On information and belief, defendant Bombardier Jet is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 400, Richardson, TX 75080. On information and belief, defendant Bombardier Jet is engaged in the business of designing, manufacturing and selling aviation products and services, including fractional ownership cards under the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," throughout the United States, including in the State of New York and this Judicial District, in direct competition with plaintiff Marquis Jet.

7. On information and belief, defendant Jet Solutions is a Delaware limited liability company with its principal place of business at 3400 Waterview Parkway, Suite 102, Richardson, TX 75080. On information and belief, defendant Jet Solutions operates all of defendant Bombardier Jet's commercial flights and defendant Bombardier Jet's fractional jet card program at issue in this action.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over the trademark infringement, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

9. The Court has personal jurisdiction over defendants because, upon information and belief, defendants are present and doing business in the State of New York either directly or through their agents, or, alternatively, because defendants are subject to personal jurisdiction under the principles set forth in New York Civil Practice Law and Rules § 302.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Marquis Jet and its Distinctive and Well Recognized 25 HOURS AT A TIME Slogan.

11. Marquis Jet subleases and assigns fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

12. Since 2004, Marquis Jet has used the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its jet cards. Marquis Jet has prominently featured its 25 HOURS AT A TIME slogans, among other places, on its web site at marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as The New York Times, Wall Street Journal, Robb Report Magazine, Departures Magazine and others, and has expended millions of dollars on advertising featuring the 25 HOURS AT A TIME taglines. As a result of its extensive, continuous and exclusive use of these slogans throughout the United States to identify its jet cards, Marquis Jet enjoys valid and subsisting federal and common law trademark rights to the 25 HOURS AT A TIME slogan.

13. Marquis Jet's services sold under the 25 HOURS AT A TIME slogans have been highly successful nationwide and have achieved millions of dollars of sales annually.

14. By virtue of Marquis Jet's substantial use, sales and promotion of the 25 HOURS AT A TIME slogans throughout the United States, and the inherently distinctive nature of the slogans, the 25 HOURS AT A TIME slogans have become well-known trademarks, have become distinctive of Marquis Jet's products and services, and have come to serve to identify and indicate the source of Marquis Jet's products and services to consumers and the trade. Marquis has developed for itself

and its 25 HOURS AT A TIME-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

15.     In light of the distinctiveness of the 25 HOURS AT A TIME slogans, and the duration and extent of Marquis Jet's sales, marketing and use of the 25 HOURS AT A TIME slogans throughout the United States, the 25 HOURS AT A TIME slogans are distinctive and well known.

**Defendants' Adoption and Use of Their Infringing 25 HOURS AT A TIME Slogan.**

16.     On information and belief, well after Marquis Jet first began using its 25 HOURS AT A TIME slogans, FlexJet commenced using the taglines A FLEXJET EXPERIENCE 25 HOURS AT A TIME and 25 HOURS AT A TIME in connection with the marketing and sale of a jet card program that directly competes with Marquis Jet's jet cards.

17.     On information and belief, FlexJet advertises, distributes and sells its jet cards under the 25 HOURS AT A TIME tagline throughout the United States, including in the State of New York.

**Likelihood of Confusion Resulting from Defendants'
Unauthorized Use of the 25 HOURS AT A TIME Slogan.**

18.     FlexJet has not now and never has been authorized by Marquis Jet or its affiliates to use the 25 HOURS AT A TIME slogan in connection with its products or services.

19.     On information and belief, FlexJet's jet cards are sold in the same channels of trade as Marquis Jet's jet cards. Both products are in the same general category of fractional aircraft charter lease programs, and are sold to many of the same consumers.

20.     FlexJet's use of the 25 HOURS AT A TIME slogan is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source or origin of its goods and services. Actual and potential purchasers and consumers, upon encountering FlexJet's products/services or advertisements bearing the 25 HOURS AT A TIME slogan, are likely to

mistakenly believe that their goods and services originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Marquis Jet or its 25 HOURS AT A TIME-branded products and services.

21.  Compounding the likelihood of confusion posed by FlexJet's use of the 25 HOURS AT A TIME slogan, FlexJet juxtaposes the slogan with its "Flexjets" mark, which is itself similar to the "NetJets" mark that frequently accompanies Marquis Jet's 25 HOURS AT A TIME slogans.

22.  FlexJet's acts are causing and will continue to cause damage and irreparable harm to Marquis Jet and to its valuable reputation and goodwill with purchasers and consumers.

### FIRST CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

23.  Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.  This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.  By its unauthorized use of the 25 HOURS AT A TIME slogans, FlexJet has falsely designated the origin of its products and services and has competed unfairly with plaintiff, in violation of 15 U.S.C. § 1125(a).

26.  On information and belief, FlexJet's acts of false designation of origin and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

27.  FlexJet's acts described above have caused injury and damages to plaintiff, have caused irreparable injury to plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

28. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29. This claim is for trademark infringement and unfair competition in violation of the common law of the State of New York.

30. FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

31. On information and belief, FlexJet's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

32. FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Trademark Dilution Under
### New York Gen. Bus. Law Section 360-l

33. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

34. This claim is for trademark dilution pursuant to New York General Business Law Section 360-l, as amended.

35. The 25 HOURS AT A TIME slogan is distinctive within the meaning of New York General Business Law Section 360-l.

36. FlexJet's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the 25 HOURS AT A TIME slogan in violation of New York General Business Law Section 360-l.

37. FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Deceptive Acts and Practices Under**
**New York Gen. Bus. Law §§ 349-350**

38. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

39. This claim is for false advertising and deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

40. FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq.*

41. On information and belief, FlexJet's unlawful conduct has been willful and deliberate and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

42. FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Marquis Jet prays that this Court enter judgment against Defendants as follows:

A.  Granting preliminary and permanent injunctive relief restraining defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendants and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

(1)  from using, orally, in writing or in any media, the name, slogan or tagline A FLEXJET EXPERIENCE 25 HOURS AT A TIME or 25 HOURS AT A TIME, or any other name, slogan or mark confusingly similar to plaintiff's 25 HOURS AT A TIME slogans for any purpose; and

(2)  from otherwise competing unfairly with plaintiff;

B.  Ordering defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

C.  Ordering that defendants be adjudged to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 125(a), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York General Business Law § 360-l, and to have committed unfair competition and deceptive acts in violation of New York General Business Law §§ 349 and 350 *et seq.*;

D.  Ordering an accounting of all gains, profits, savings and advantages realized by defendants from their aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition;

E.  Awarding such damages as plaintiff shall establish in consequence of defendants' aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a);

F.  Ordering defendants to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendants of which would violate the injunction herein granted;

G.  Ordering defendants to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed or used, would violate the injunction herein granted;

H.  Ordering defendants to pay for and cause to be disseminated to each distributor and reseller of the 25 HOURS AT A TIME-branded products or services a notice advising said persons of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition and advising of the issuance and content of the injunction herein granted;

I.  Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiff within thirty (30) days after service on defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

J.  Awarding plaintiff its costs and expenses of this action;

K.  Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendants' acts of trademark infringement and dilution, false advertising and unfair competition, and awarding plaintiff its reasonable attorneys' fees; and

L.  Granting such other and further relief as this Court may deem just and proper.

Dated: June 27, 2007
New York, New York

Respectfully submitted,

*/s/ Paul C. Llewellyn*

Paul C. Llewellyn (PL 8634)
Christopher D. Baker (CB 6765)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff Marquis Jet Partners, Inc.*

31493170.WPD                11