UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARQUIS JET PARTNERS, INC.,

        Plaintiff,

    -v-

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.

        Defendants.

Case No. 1:07-CV-06082 (BSJ)

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY AND, PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS**

Peter D. Vogl (PV-3385)
Todd R. Geremia (TG-4454)
Laura W. Sawyer (LS-4385)
JONES DAY
222 East 41st Street
New York, New York  10017
(212) 326-3939

Attorneys for Defendants,
Bombardier Aerospace Corporation and
Jet Solutions, L.L.C.

**INTRODUCTION**

Defendants Bombardier Aerospace Corporation ("Bombardier") and Jet Solutions, L.L.C. ("Jet Solutions") move for a stay of this action and, pending a determination by the Northern District of Texas in a related action, to dismiss this case on the ground of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The same dispute that is at issue in this trademark infringement action, involving the same parties, is pending before the U.S. District Court for the Northern District of Texas. The Texas case was filed by Bombardier and Jet Solutions *before* the plaintiff here, Marquis Jet Partners, Inc. ("Marquis Jet"), filed this action. Under the "first-to-file" rule, "where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action." *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (internal quotation marks omitted). The Northern District of Texas, as the forum where this dispute was first-filed, thus has the authority to decide which of these related actions will proceed.

In accordance with this rule, Bombardier and Jet Solutions have moved the Northern District of Texas for an order that Marquis Jet may not proceed with the related action before this Court.[1] Defendants respectfully submit that, in accordance with procedures for applying the first-to-file rule, this Court should stay this case and await a determination by the Northern District of Texas as to where the parties' dispute should be resolved. This action should then be dismissed or transferred to the Northern District of Texas in the event that the Northern District of Texas rules that the case before it should proceed instead of the later-filed action commenced by Marquis Jet in this Court.

---

[1] Marquis Jet has also made a motion in the Northern District of Texas to dismiss the action filed there or, alternatively, transfer it to this Court.

## BACKGROUND

Both the Texas action first-filed by Bombardier and Jet Solutions and the later-filed action filed by Marquis Jet in this Court raise the identical issue of whether Marquis Jet should be permitted to assert an exclusive right to use the words "25 hours at a time" in connection with the marketing of so-called "jet cards" offering 25-hour blocks of flight time on private jet planes. *See* Declaration of Todd R. Geremia, dated July 17, 2007 ("Geremia Decl."), Exs. A, B (complaints in the respective actions).

As set forth in more detail in Bombardier's motion to the Northern District of Texas, a copy of which is included with this motion, *see* Geremia Decl., Ex. C, Bombardier and Marquis Jet are in the business of selling fractional ownership of private jet planes and hour blocks of service on such planes through jet card and membership programs. (App. pp. 1-3 ¶¶ 2-5).[2] Jet card and membership programs allow customers the flexibility to purchase hour blocks of flight time without assuming ownership of a private jet. (App. pp. 1-2 ¶ 2). Most companies that sell jet card and membership programs, including Bombardier and Marquis Jet, offer flying time in blocks of five-hour increments, with most services starting with packages of 25 hours. (App. pp. 2-3 ¶ 5).

Bombardier and Marquis Jet each use the words "25 hours at a time" in describing jet cards that offer 25 hours of private jet service at a time. (App. pp. 7-12). Bombardier has been using the words "25 hours at a time" in advertising copy to describe its 25-hour jet card since December 2005. (App. pp. 2-3 ¶ 5). In June 2007, however, Marquis Jet decided that it would assert an exclusive right to use the words "25 hours at a time" in connection with 25-hour jet

---

[2]   Citations in the form of "(App. pp. ___)" are to the Appendix to Bombardier's motion in the Northern District of Texas. Excerpts from the Appendix are included as Exhibit D to the Geremia Declaration.

cards. (App. pp. 14-15). Marquis Jet's outside counsel wrote a letter to Bombardier's president, in which Marquis Jet claimed that it owns the words "25 hours at a time" and that "[t]here can be no doubt" that Bombardier's use of those words infringe Marquis Jet's alleged federal trademark rights. (App. pp. 14-15). Marquis Jet stated that it was "fully prepared to enforce our clients' rights to the full extent permitted by law, including litigation." (App. pp. 15). The letter concluded with Marquis Jet demanding that Bombardier "immediately" "cease use of the phrase or slogan 25 HOURS AT A TIME" and agree not to use it ever again. (App. p. 15).

Bombardier and Jet Solutions did not capitulate to Marquis Jet's demand and its claim to own the words "25 hours at a time," but did want to promptly resolve any uncertainty over the parties' respective rights. (App. p. 4 ¶ 9). Accordingly, on June 22 counsel for Bombardier and Jet Solutions responded to Marquis Jet's demand letter and in that same letter informed Marquis Jet's counsel that Bombardier and Jet Solutions intended to commence a declaratory judgment action in the Northern District of Texas and also attached a courtesy copy of the Complaint. (App. pp. 26-28). The action filed on June 22 by Bombardier and Jet Solutions in the Northern District of Texas seeks a judgment that Marquis Jet does not have any protectable rights in the words "25 hours at a time" under the Lanham Act or pursuant to state unfair competition laws. (Geremia Decl., Ex. A ¶¶ 8, 10). Alternatively, Bombardier and Jet Solutions seeks a judgment that they have not infringed any rights under federal or state law that Marquis Jet asserts it has in the words "25 hours at a time." (Geremia Decl., Ex. A ¶¶ 9, 11-12).

Marquis Jet did not respond to Bombardier's letter. (App. pp. 4-5 ¶ 10). Instead, on June 27, five days after Bombardier filed its complaint in the Northern District of Texas, Marquis Jet filed a competing action in this Court concerning the same dispute over the parties' rights to use the words "25 hours at a time." (Geremia Decl., Ex. B ¶ 10 & pp. 35-45). Marquis Jet's

3

complaint in this action is the mirror image of the case that Bombardier first filed in the Northern District of Texas: Marquis Jet claims that it owns trademark rights in the words "25 hours at a time" and asserts claims for unfair competition, trademark "dilution," and false advertising under the Lanham Act and state law. (Geremia Decl., Ex. B ¶¶ 11-22, 24-42).

On July 16, 2007, the parties each filed motions in the Northern District of Texas. Bombardier and Jet Solutions filed a motion to enjoin Marquis Jet from proceeding any further with its action in this Court. Marquis Jet, on the other hand, submitted a motion to dismiss the declaratory judgment action filed by Bombardier and Jet Solutions in the Northern District of Texas or, in the alternative, to transfer the Texas action to this Court. As set forth below, the Northern District of Texas is the appropriate court to decide which of these two competing actions will proceed. This Court should therefore stay this case and await a decision by the Northern District of Texas before this case proceeds any further.

## ARGUMENT

The Court should stay this case pending the Northern District of Texas's determination as to the proper venue for resolving this trademark infringement dispute. This procedure accords with the rule in the Southern District of New York and also in the Fifth Circuit that, where there are two or more disputes concerning overlapping subject matter, the court with the first-filed action decides which of the actions should proceed after applying the first-to-file rule.

"This District has laid down a bright line rule . . .: The court before which the first-filed action was brought determines which forum will hear the case." *See Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004); *see also MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267-68 (S.D.N.Y. 2002) (same)**.** The Fifth Circuit follows the same procedure. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an

4

action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); *see also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). Accordingly, it is for the Northern District of Texas court to decide, upon applying the first-filed rule, whether the action in that court or the action filed subsequently by Marquis Jet in this Court should proceed. As the first-filed jurisdiction, the Northern District of Texas court also has the authority to order the party that initiated the second-filed lawsuit not to proceed with it, and Bombardier and Jet Solutions have requested such an order from the Texas federal court.[3]

As set forth above and also in Bombardier's motion in the Northern District of Texas, the trademark infringement action filed by Marquis Jet in this Court involves the same parties as in the first-filed action in the Northern District of Texas and raises the same dispute concerning the parties' respective use of the words "25 hours at a time." *See* Geremia Decl., Ex. C. Under the first-to-file rule and the procedures for applying it in this district, the Northern District of Texas—as the court presiding over the first-filed case—will thus determine which of the two competing actions should proceed. Until the Northern District of Texas rules on that threshold issue, this Court should stay all proceedings in this case and await a ruling as to where this trademark infringement action should proceed. *See, e.g.*, *MSK Ins.*, 212 F. Supp. 2d at 267 ("This action is hereby stayed pending resolution by the Kansas court of the issue of whether this

---

[3] *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952) ("[S]ubsequent suits against [a declaratory judgment plaintiff who filed first] by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit . . . ."); *Exxon Corp.*, 932 F.2d at 1021, 1025-26 ("[t]he first court has jurisdiction to enjoin the prosecution of the second"; affirming order to enjoin further litigation of issues in second-filed jurisdiction); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) (once first-filed court determines the issue of "substantial overlap," it is "no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed") (internal quotation marks omitted).

action or the [first-filed] Kansas action shall proceed."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) (noting that "[c]ourts in which the second-filed actions were brought have generally refrained from ruling pending a determination by the court of first-filing"); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("[T]he first-filed case was brought here in the Southern District of New York . . . .  The District of New Jersey accordingly has delayed any judicial action on the second-filed case, which was filed there, pending my decision on these motions[, *inter alia*, to transfer].").

**CONCLUSION**

The Court should therefore stay all further proceedings in this case pending a ruling by the Northern District of Texas on (i) defendants' motion to enjoin Marquis Jet from proceeding with its action in this Court and (ii) Marquis Jet's motion to dismiss or transfer the action first-filed by Bombardier and Jet Solutions in the Northern District of Texas. The Northern District of Texas's orders on those motions will determine in which court the parties' dispute should be resolved. In the event that the Northern District of Texas determines that this dispute should be resolved there, this Court should dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(3) (for improper venue) or, alternatively, transfer this case to the Northern District of Texas.

Dated: July 17, 2007
     New York, New York

          Respectfully submitted,

          JONES DAY

          By:     / s / Todd R. Geremia
               Peter D. Vogl (PV-3385)
               Todd R. Geremia (TG-4454)
               Laura W. Sawyer (LS-4385)
               222 East 41st Street
               New York, New York 10017
               Tel:  (212) 326-3939
               Fax:  (212) 755-7306

               Attorneys for Defendants,
               Bombardier Aerospace Corporation and
               Jet Solutions, L.L.C.

Of counsel:

Leonard E. Hoffman, III
JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202

**CERTIFICATE OF SERVICE**

On July 17, 2007, the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY AND, PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS was served on the following counsel for plaintiff through the Court's CM/ECF system:

> Paul C. Llewellyn
> Christopher D. Baker
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
>
> *Attorneys for Plaintiff,*
> *Marquis Jet Partners, Inc.*

Dated: New York, New York
       July 17, 2007

                                    / s / Todd R. Geremia
                                        Todd R. Geremia