**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARQUIS JET PARTNERS, INC.,

                Plaintiff,

        -v-

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.

                Defendants.

Case No. 1:07-CV-06082 (BSJ)

ECF CASE

## DECLARATION OF TODD R. GEREMIA

      I, TODD R. GEREMIA, declare the following under penalty of perjury under the laws of the United States:

      1.      I am an associate at the law firm Jones Day, counsel to defendants Bombardier Aerospace Corporation ("Bombardier") and Jet Solutions, L.L.C. ("Jet Solutions"). I submit this declaration to put before the Court copies of certain documents that are pertinent to Defendants' Motion For A Stay And, Pending Determinative Rulings In A Related Action, To Dismiss.

      2.      Attached to this declaration, under the identified exhibit tabs, are copies of the following documents:

      Exhibit A            Complaint in *Bombardier Aerospace Corporation et al. v. Marquis Jet Partners, Inc.*, Case No. 3:07-cv-01129-K, filed June 22, 2007, in the U.S. District Court for the Northern District of Texas.

Exhibit B                Complaint in *Marquis Jet Partners, Inc. v. Bombardier*
                         *Aerospace Corporation et al.*, Case No. 1:07-CV-06082
                         (BSJ), filed June 27, 2007, in the U.S. District Court for the
                         Southern District of New York.

Exhibit C                Plaintiffs' Motion To Order Defendant Not to Proceed
                         With A Later-Filed Action In The Southern District Of
                         New York and Memorandum of Law in Support, filed by
                         Bombardier and Jet Solutions on July 16, 2007, in the U.S.
                         District Court for the Northern District of Texas.

Exhibit D                Appendix to Plaintiffs' Motion in the Northern District of
                         Texas.  (Exhibits 6 and 7 of the Appendix included copies
                         of the complaints filed in the Northern District of Texas
                         and Southern District of New York.  To avoid redundancy
                         with Exhibits A and B of this declaration, these copies have
                         been omitted from the attached copy of the Appendix.)


3.      I declare under penalty of perjury that the foregoing is true and correct.


Executed in New York, New York on July 17, 2007.


                         ___/ s / Todd R. Geremia_____
                              Todd R. Geremia


2

**CERTIFICATE OF SERVICE**

On July 17, 2007, the foregoing DECLARATION OF TODD R. GEREMIA was served

on the following counsel for plaintiff through the Court's CM/ECF system:

> Paul C. Llewellyn
> Christopher D. Baker
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
>
> *Attorneys for Plaintiff,*
> *Marquis Jet Partners, Inc.*

Dated: New York, New York
       July 17, 2007

                           ____/ s / Todd R. Geremia_____
                                   Todd R. Geremia

**Exhibit A**
**to the Todd R. Geremia Declaration,**
**dated July 17, 2007**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 2 2 2007

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

| | |
|---|---|
| BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) and JET SOLUTIONS, L.L.C. | § § § § |
| Plaintiffs, | § § |
| v. | § § |
| MARQUIS JET PARTNERS, INC. | § § |
| Defendant. | § § |

CASE NO.

3 0 7 - C V 1 1 2 9 - K

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs, BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) ("BAC") and JET SOLUTIONS, L.L.C. ("Jet Solutions") and bring this suit against Defendant, MARQUIS JET PARTNERS, INC. ("Defendant"). In support thereof, BAC and Jet Solutions (collectively referred to as "Plaintiffs") would show the Court as follows:

### PARTIES

1.    Plaintiff BOMBARDIER AEROSPACE CORPORATION ("BAC") is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 400, Richardson, TX 75080. Plaintiff BAC is qualified to do business in the State of Texas.

2.    Plaintiff JET SOLUTIONS, L.L.C. ("Jet Solutions") is a Delaware limited liability company with its principal place of business at 3400 Waterview Parkway, Suite 102, Richardson, TX 75080. Jet Solutions is qualified to do business in the State of Texas.

3.    On information and belief, Defendant MARQUIS JET PARTNERS, INC. (herein "Defendant") is a Delaware corporation, having its principal place of business at 230 Park Ave.,

Suite 840, New York, New York 10169.  Defendant may be served with process through its officers, Ken Dichter or Henry Schacher at 230 Park Ave., Suite 840, New York, New York 10169.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a).  This Complaint is brought under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). Plaintiffs seek a declaration that the use of the words "25 HOURS AT A TIME" or any combination of such words by BAC or Jet Solutions in any advertisement, broadcast, or other publication in connection with Plaintiffs' respective businesses does <u>not</u> constitute an infringement of any valid and enforceable trademark of Defendant.

5.      Defendant has caused its attorney to send a letter dated June 14, 2007 to Plaintiff BAC advising, among other things, that "…Marquis Jet…owns…trademark rights…" and alleging that "…Flexjet's actions…constitute…trademark infringement and dilution, false designation of origin and unfair competition in violation of the federal Lanham Act and state law."  Plaintiffs deny all such allegations of wrongdoing or violation of law.  Thus, a case of actual controversy exists within the meaning of 28 U.S.C. §§ 2201 and 2202.

6.      Defendant is subject to personal jurisdiction in the Northern District of Texas.  Defendant does business in Texas.  Venue is proper because 28 U.S.C. §§ 1391(b) and 1391(c) apply.

## COUNT I

## DECLARATORY JUDGMENT

7.      Plaintiffs incorporate the allegations set forth in Paragraphs 1-6 above as if fully set forth herein.

8.      A case of actual controversy has arisen and now exists between the parties regarding Plaintiffs' rights to use certain common words in their business to wit: "25 HOURS AT A

TIME." (the "Phrase"). Defendant has alleged that the Phrase is a trademark which belongs to Defendant. Plaintiffs disagree and would show that the Phrase, or any portion or rearrangement of the words in the Phrase, is not entitled to protection under the Lanham Act and state law, and Plaintiffs are entitled to a declaratory judgment to that effect.

9.      None of the acts complained of by Defendant in the aforesaid June 14, 2007 letter to BAC come within the scope of any valid and enforceable trademark, and Plaintiffs are entitled to a declaratory judgment to that effect.

10.     Any claim by Defendant that the Phrase is entitled to protection as a trademark under the Lanham Act or state law is invalid and unenforceable, and Plaintiffs are entitled to a declaratory judgment to that effect.

11.     Plaintiffs have not infringed, contributorily infringed or induced infringement of any valid and enforceable trademark owned by Defendant, and Plaintiffs are entitled to a declaratory judgment to that effect.

12.     Plaintiffs have not done anything in regard to the Phrase or Defendant which would constitute a dilution, false designation of origin and/or unfair competition in violation of federal, state or common law, and Plaintiffs are entitled to a declaratory judgment to that effect.

13.     Upon information and belief, on or about June 6, 2007, Defendant filed an application for trademark registration Serial No. 77/199761, with the United States Patent and Trademark Office ("USPTO") regarding the Phrase (the "Trademark Application"). Plaintiffs would show that the Phrase does not meet the necessary requisites for the issuance of a trademark registration. The Trademark Application should be deemed null and void, and Plaintiffs are entitled to a declaratory judgment to that effect.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that the Court enter judgment that:

1.      Plaintiffs are not infringing and have not infringed any trademark owned by Defendant;

2.      the use of the Phrase by either or both Plaintiffs does not violate the Lanham Act, or any other federal or state law and does constitute a dilution, false designation of origin or unfair competition in violation of law;

3.      Plaintiffs are not liable for infringement, contributory infringement or inducement of infringement of any trademark alleged by Defendant related to the Phrase;

4.      the asserted trademark in Defendant's Trademark Application with the USPTO concerning the Phrase is invalid and enforceable;

5.      Plaintiffs' acts have not injured and will not injure the business reputation of Defendant or damage its good will;

6.      This is an exceptional case, and award Plaintiffs reasonable attorneys' fees pursuant to the Lanham Act and all other applicable statutes, rules and common law;

7.      Plaintiffs shall recover their costs and expenses; and

8.      award Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted,

*Russ Meyer*

A.M. (Russ) Meyer, Jr. (TX 13998700)
Leonard E. Hoffman, III (TX 9789700)
Carl C. Butzer (TX 03545900)
JACKSON WALKER L.L.P.
901 Main St., Suite 6000
Dallas, Texas 75202
Telephone No.: (214) 953-6000
Facsimile No.: (214) 953-5822

Attorneys for Plaintiffs Bombardier Aerospace
Corporation (d/b/a Flexjet) and Jet Solutions,
L.L.C.

**Exhibit B**
**to the Todd R. Geremia Declaration,**
**dated July 17, 2007**



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**'07 CIV 6082**

MARQUIS JET PARTNERS, INC.,

    Plaintiff,

  v.

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.,

    Defendants.

Civil Action No. _____

**REQUEST FOR JURY TRIAL**

RECEIVED
JUN 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff Marquis Jet Partners, Inc. ("Marquis Jet"), for its complaint against defendants Bombardier Aerospace Corporation ("Bombardier Jet") and Jet Solutions, L.L.C. ("Jet Solutions") (hereinafter collectively referred to as "FlexJet") for trademark infringement, unfair competition and false designation of origin, and related claims under state law for dilution and unfair competition, pleads and alleges as follows:

### NATURE AND BASIS OF THE ACTION

1.  This action is brought by Marquis Jet against the FlexJet under the Lanham Act, 15 U.S.C. § 1125, and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating to FlexJet's use of the phrases "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" as a tagline in connection with advertising for Defendants' fractional jet cards. Marquis Jet has adopted and used continuously since 2004 the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its fractional jet cards. As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, the slogan 25 HOURS AT A TIME has become closely associated by the relevant purchasing public with Marquis Jet, which

31498170.WPD

owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans.

2.      FlexJet, with full knowledge of the existence of Marquis Jet's 25 HOURS AT A TIME slogans, has adopted the identical 25 HOURS AT A TIME tagline to identify its competing fractional jet cards, which are offered to the same consumers through the same channels of trade as Marquis Jet offers its fractional jet cards.

3.      The use by FlexJet of the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" in connection with advertising for FlexJet's fractional jet cards infringes the Marquis Jet's 25 HOURS AT A TIME slogans and unlawfully trades on the goodwill and reputation Marquis Jet has established through its use and promotion of the 25 HOURS AT A TIME slogans.  FlexJet's infringement of the 25 HOURS AT A TIME slogans is likely to cause consumers, purchasers and others to be confused or mistaken into believing that the FlexJet's products and services originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Marquis Jet or the source of the Marquis Jet's fractional jet cards.

4.      Unless such acts of infringement, dilution, unfair competition and false designation of origin are enjoined, Marquis Jet will suffer irreparable injury for which there is no adequate remedy at law.

## PARTIES

5.      Plaintiff Marquis Jet is a Delaware corporation with offices located at 230 Park Avenue, New York, NY 10169. Marquis Jet is in the business of subleasing and assigning fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

6.    On information and belief, defendant Bombardier Jet is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 400, Richardson, TX 75080.  On information and belief, defendant Bombardier Jet is engaged in the business of designing, manufacturing and selling aviation products and services, including fractional ownership cards under the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," throughout the United States, including in the State of New York and this Judicial District, in direct competition with plaintiff Marquis Jet.

7.    On information and belief, defendant Jet Solutions is a Delaware limited liability company with its principal place of business at 3400 Waterview Parkway, Suite 102, Richardson, TX 75080.  On information and belief, defendant Jet Solutions operates all of defendant Bombardier Jet's commercial flights and defendant Bombardier Jet's fractional jet card program at issue in this action.

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction over the trademark infringement, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b).  The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

9.    The Court has personal jurisdiction over defendants because, upon information and belief, defendants are present and doing business in the State of New York either directly or through their agents, or, alternatively, because defendants are subject to personal jurisdiction under the principles set forth in New York Civil Practice Law and Rules § 302.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Marquis Jet and its Distinctive and Well Recognized 25 HOURS AT A TIME Slogan.

11.    Marquis Jet subleases and assigns fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

12.    Since 2004, Marquis Jet has used the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its jet cards. Marquis Jet has prominently featured its 25 HOURS AT A TIME slogans, among other places, on its web site at marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as The New York Times, Wall Street Journal, Robb Report Magazine, Departures Magazine and others, and has expended millions of dollars on advertising featuring the 25 HOURS AT A TIME taglines. As a result of its extensive, continuous and exclusive use of these slogans throughout the United States to identify its jet cards, Marquis Jet enjoys valid and subsisting federal and common law trademark rights to the 25 HOURS AT A TIME slogan.

13.    Marquis Jet's services sold under the 25 HOURS AT A TIME slogans have been highly successful nationwide and have achieved millions of dollars of sales annually.

14.    By virtue of Marquis Jet's substantial use, sales and promotion of the 25 HOURS AT A TIME slogans throughout the United States, and the inherently distinctive nature of the slogans, the 25 HOURS AT A TIME slogans have become well-known trademarks, have become distinctive of Marquis Jet's products and services, and have come to serve to identify and indicate the source of Marquis Jet's products and services to consumers and the trade. Marquis has developed for itself

and its 25 HOURS AT A TIME-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

15.     In light of the distinctiveness of the 25 HOURS AT A TIME slogans, and the duration and extent of Marquis Jet's sales, marketing and use of the 25 HOURS AT A TIME slogans throughout the United States, the 25 HOURS AT A TIME slogans are distinctive and well known.

**Defendants' Adoption and Use of Their Infringing 25 HOURS AT A TIME Slogan.**

16.     On information and belief, well after Marquis Jet first began using its 25 HOURS AT A TIME slogans, FlexJet commenced using the taglines A FLEXJET EXPERIENCE 25 HOURS AT A TIME and 25 HOURS AT A TIME in connection with the marketing and sale of a jet card program that directly competes with Marquis Jet's jet cards.

17.     On information and belief, FlexJet advertises, distributes and sells its jet cards under the 25 HOURS AT A TIME tagline throughout the United States, including in the State of New York.

**Likelihood of Confusion Resulting from Defendants'**
**Unauthorized Use of the 25 HOURS AT A TIME Slogan.**

18.     FlexJet has not now and never has been authorized by Marquis Jet or its affiliates to use the 25 HOURS AT A TIME slogan in connection with its products or services.

19.     On information and belief, FlexJet's jet cards are sold in the same channels of trade as Marquis Jet's jet cards. Both products are in the same general category of fractional aircraft charter lease programs, and are sold to many of the same consumers.

20.     FlexJet's use of the 25 HOURS AT A TIME slogan is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source or origin of its goods and services. Actual and potential purchasers and consumers, upon encountering FlexJet's products/services or advertisements bearing the 25 HOURS AT A TIME slogan, are likely to

31498170.WPD                                                5

mistakenly believe that their goods and services originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Marquis Jet or its 25 HOURS AT A TIME-branded products and services.

21.      Compounding the likelihood of confusion posed by FlexJet's use of the 25 HOURS AT A TIME slogan, FlexJet juxtaposes the slogan with its "Flexjets" mark, which is itself similar to the "NetJets" mark that frequently accompanies Marquis Jet's 25 HOURS AT A TIME slogans.

22.      FlexJet's acts are causing and will continue to cause damage and irreparable harm to Marquis Jet and to its valuable reputation and goodwill with purchasers and consumers.

### FIRST CLAIM FOR RELIEF
#### False Designation of Origin and Unfair Competition
#### (15 U.S.C. § 1125(a))

23.      Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.      This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.      By its unauthorized use of the 25 HOURS AT A TIME slogans, FlexJet has falsely designated the origin of its products and services and has competed unfairly with plaintiff, in violation of 15 U.S.C. § 1125(a).

26.      On information and belief, FlexJet's acts of false designation of origin and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

27.      FlexJet's acts described above have caused injury and damages to plaintiff, have caused irreparable injury to plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

28.    Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29.    This claim is for trademark infringement and unfair competition in violation of the common law of the State of New York.

30.    FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

31.    On information and belief, FlexJet's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

32.    FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Trademark Dilution Under
### New York Gen. Bus. Law Section 360-l

33.    Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

34.    This claim is for trademark dilution pursuant to New York General Business Law Section 360-l, as amended.

35.    The 25 HOURS AT A TIME slogan is distinctive within the meaning of New York General Business Law Section 360-l.

36.     FlexJet's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the 25 HOURS AT A TIME slogan in violation of New York General Business Law Section 360-l.

37.     FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Deceptive Acts and Practices Under
### New York Gen. Bus. Law §§ 349-350

38.     Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

39.     This claim is for false advertising and deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

40.     FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq.*

41.     On information and belief, FlexJet's unlawful conduct has been willful and deliberate and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

42.     FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Marquis Jet prays that this Court enter judgment against Defendants as follows:

A.        Granting preliminary and permanent injunctive relief restraining defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendants and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

(1)        from using, orally, in writing or in any media, the name, slogan or tagline A FLEXJET EXPERIENCE 25 HOURS AT A TIME or 25 HOURS AT A TIME, or any other name, slogan or mark confusingly similar to plaintiff's 25 HOURS AT A TIME slogans for any purpose; and

(2)        from otherwise competing unfairly with plaintiff;

B.        Ordering defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

C.        Ordering that defendants be adjudged to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 125(a), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York General Business Law § 360-l, and to have committed unfair competition and deceptive acts in violation of New York General Business Law §§ 349 and 350 *et seq.*;

D.     Ordering an accounting of all gains, profits, savings and advantages realized by defendants from their aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition;

E.     Awarding such damages as plaintiff shall establish in consequence of defendants' aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a);

F.     Ordering defendants to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendants of which would violate the injunction herein granted;

G.     Ordering defendants to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed or used, would violate the injunction herein granted;

H.     Ordering defendants to pay for and cause to be disseminated to each distributor and reseller of the 25 HOURS AT A TIME-branded products or services a notice advising said persons of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition and advising of the issuance and content of the injunction herein granted;

I.     Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiff within thirty (30) days after service on defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

J.     Awarding plaintiff its costs and expenses of this action;

K.     Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of

the willful and deliberate nature of defendants' acts of trademark infringement and dilution, false

advertising and unfair competition, and awarding plaintiff its reasonable attorneys' fees; and

L.     Granting such other and further relief as this Court may deem just and proper.

Dated: June 27, 2007
    New York, New York

Respectfully submitted,

Paul C. Llewellyn (PL 8634)
Christopher D. Baker (CB 6765)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff Marquis Jet Partners, Inc.*

**Exhibit C**
**to the Todd R. Geremia Declaration,**
**dated July 17, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
------------------------------------------------ x
BOMBARDIER AEROSPACE                             )
CORPORATION (d/b/a FLEXJET) and                  )
JET SOLUTIONS, L.L.C., ,                         )
                                                 )        Case No. 3:07-CV-1129-K
             Plaintiffs,                         )
                                                 )
             -against-                           )
                                                 )
MARQUIS JET PARTNERS, INC.,                      )
                                                 )
             Defendant.                          )
                                                 )
------------------------------------------------ x
```

### PLAINTIFFS' MOTION TO ORDER DEFENDANT NOT TO PROCEED WITH A LATER-FILED ACTION IN THE SOUTHERN DISTRICT OF NEW YORK CONCERNING THE SAME DISPUTE AT ISSUE IN THIS ACTION

Plaintiffs Bombardier Aerospace Corporation ("Bombardier") and Jet Solutions, L.L.C. ("Jet Solutions") move for an order that defendant may not proceed any further with the trademark infringement action that it filed against plaintiffs in the U.S. District Court for the Southern District of New York after plaintiffs filed an action in this Court concerning the same dispute.

### GROUNDS FOR PLAINTIFFS' MOTION

This is a trademark infringement case concerning whether the defendant, Marquis Jet Partners, Inc. ("Marquis Jet"), may assert an exclusive right to the words "25 hours at a time" in connection with sales of "jet cards" that provide flying time on private jets in blocks of 25 hours at time. Plaintiffs filed this case on June 22, 2007 and seek a declaratory judgment that, under the federal Lanham Trademark Act and the common law of unfair competition, Marquis Jet is not entitled to exclusive use of the words "25 hours at a time" in connection with 25-hour jet

cards. Plaintiffs filed this case to seek a prompt resolution of a dispute between the parties that

arose on June 14 when Marquis Jet wrote a cease-and-desist letter to Bombardier's U.S.

headquarters in Richardson, Texas. In that letter, Marquis Jet asserted that it owns exclusive

trademark rights in the words "25 hours at a time" and demanded that Bombardier and Jet

Solutions stop using those words "immediately."

Five days after plaintiffs filed this action, Marquis Jet filed a mirror-image of this case in

the U.S. District Court for the Southern District of New York. Marquis Jet's New York action

claims that it has exclusive rights in the words "25 hours at a time" and that Bombardier and Jet

Solutions are infringing those alleged rights under the Lanham Act and common law.

Under the Fifth Circuit's "first-to-file" rule, this Court should order Marquis Jet not to

proceed with its second-filed action in New York. That rule gives this Court, as the first-filed

forum, the authority to decide which of these two cases should proceed. *See Save Power Ltd. v.*

*Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Sutter Corp. v. P & P Indus., Inc.*, 125

F.3d 914, 920 (5th Cir. 1997). And it provides that where, as here, there is a "substantial

overlap" between two or more cases filed in separate districts, the case should proceed only in

the district where it was first filed, absent "compelling circumstances." *See Save Power*, 121

F.3d at 950; *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971).

This case and the second-filed case in the Southern District of New York present the

same issues concerning whether Marquis Jet may assert an exclusive right to use "25 hours at a

time" and whether plaintiffs, both of whom have their U.S. headquarters in Richardson, are

infringing any putative rights Marquis Jet has in those words. As set forth in plaintiffs'

accompanying memorandum of law, there are also no "compelling circumstances" here that

warrant a departure from the Fifth Circuit's first-to-file rule.

## EVIDENTIARY SUPPORT FOR PLAINTIFFS' MOTION

In support of this motion, plaintiffs submit an Appendix consisting of the Declaration of

Dennis Keith, President of Jet Solutions, dated July 16, 2007, and the exhibits thereto.

## CONCLUSION

For the foregoing reasons and those stated in plaintiffs' accompanying memorandum of

law, the Court should order defendants not to proceed with their second-filed action in the

Southern District of New York.  Plaintiffs are filing a paper in the Southern District of New York

to make that court aware of plaintiffs' motion in this Court and to request an order transferring

Marquis Jet's New York action to this district in the event that this Court grants plaintiffs'

motion.

Dated:  July 16, 2007                                      Respectfully submitted,


                                                          ___/ s / Scott M. McElhaney_____
                                                          A.M. (Russ) Meyer, Jr. (TX 13998700)
Of counsel:                                               Leonard E. Hoffman, III (TX 9789700)
                                                          Carl C. Butzer (TX 03545900)
Peter D. Vogl                                             Scott M. McElhaney (TX 00784555)
Todd R. Geremia                                           **JACKSON WALKER L.L.P.**
**JONES DAY**                                             901 Main Street, Suite 6000
222 East 41st Street                                      Dallas, Texas  75202
New York, New York  10017                                 Telephone:  (214) 953-6000
(212) 326-3939                                            Facsimile:  (214) 953-5822

3

## CERTIFICATE OF CONFERENCE

On July 16, 2007, Peter Vogl, counsel for plaintiffs Bombardier Aerospace Corporation and Jet Solutions, L.L.C., conferred by telephone with Paul Llewellyn, counsel for the defendant Marquis Jet Partners, Inc., regarding the relief requested in this motion. In that conference, counsel for the defendant did not consent to the relief requested in this motion.

_____/ s / Scott M. McElhaney_____
Scott M. McElhaney
Attorney for Plaintiffs,
Bombardier Aerospace Corporation and
Jet Solutions, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept that Notice as service of this document by electronic means:

Kevin E. Cadwell
Baker Botts - Dallas
2001 Ross Ave, Suite 600
Dallas, TX 75201-2980
214/953-6500
kevin.cadwell@bakerbotts.com

_____/ s / Scott M. McElhaney_____
Scott M. McElhaney
Attorney for Plaintiffs,
Bombardier Aerospace Corporation and
Jet Solutions, L.L.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
------------------------------------------------- x
BOMBARDIER AEROSPACE                  )
CORPORATION (d/b/a FLEXJET) and       )
JET SOLUTIONS, L.L.C., ,              )
                                      )        Case No. 3:07-CV-1129-K
            Plaintiffs,               )
                                      )
        -against-                     )
                                      )
MARQUIS JET PARTNERS, INC.,           )
                                      )
            Defendant.                )
                                      )
------------------------------------------------- x
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ORDER
DEFENDANT NOT TO PROCEED WITH A LATER-FILED ACTION
IN THE SOUTHERN DISTRICT OF NEW YORK CONCERNING
THE SAME DISPUTE AT ISSUE IN THIS ACTION**

A.M. (Russ) Meyer, Jr. (TX 13998700)
Leonard E. Hoffman, III (TX 9789700)
Carl C. Butzer (TX 03545900)
Scott M. McElhaney (TX 00784555)
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 6

      A.    This Court Is The Appropriate Court To Determine Which Action
            Should Proceed ................................................................................................. 6

      B.    Under The First-Filed Rule, This Action Takes Precedence Over
            The Later-Filed Action Commenced By Marquis Jet In New York ......... 8

      C.    There Are No Compelling Circumstances Here That Warrant A
            Departure From The First Filed Rule .................................................... 11

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page**

### CASES

*909 Corp. v. Vill. Of Bolingbrook Police Pension Fund,*
  741 F. Supp. 1290 (S.D. Tex. 1990) ............................................................. 13

*BuddyUSA, Inc. v. Recording Indus. Ass'n of Am., Inc.,*
  21 F. App'x 52 (2d Cir. 2001) ............................................................. 7, 12

*C.G. Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  961 F.2d 1148 (5th Cir. 1992) ............................................................. 8

*Cadle Co. v. Whataburger of Alice, Inc.,*
  174 F.3d 599 (5th Cir. 1999) ............................................................. 7, 8

*City of N.Y. v. Exxon Corp.,*
  932 F.2d 1020 (2d Cir. 1991) ............................................................. 7

*Electronics for Imaging, Inc. v. Coyle,*
  394 F.3d 1341 (Fed. Cir. 2005) ............................................................. 13

*Fat Possum Records Ltd. v. Capricorn Records, Inc.,*
  909 F. Supp. 442 (N.D. Miss. 1995) ............................................................. 8

*J. Lyons & Co., Ltd. v. Republic of Tea, Inc.,*
  892 F. Supp. 486 (S.D.N.Y. 1995) ............................................................. 12

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
  342 U.S. 180 (1952) ............................................................. 7

*Kinetic Concepts, Inc. v. Connetics Corp.,*
  No. SA-04-CA-0237-XR, 2004 WL 2026812 (W.D. Tex. Sept. 8, 2004) ...................... 12

*Learning Network, Inc. v. Discovery Commc'ns, Inc.,*
  11 F. App'x 297 (4th Cir. 2001) ............................................................. 12

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.,*
  378 F. Supp. 2d 448 (S.D.N.Y. 2005) ............................................................. 10

*Mann Mfg., Inc. v. Hortex, Inc.,*
  439 F.2d 403 (5th Cir. 1971) ............................................................. 6, 8, 11

*Save Power Ltd. v. Syntek Fin. Corp.,*
  121 F.3d 947 (5th Cir. 1997) ............................................................. 6, 7, 8, 10, 13

*Schnabel v. Ramsey Quantitative Sys., Inc.,*
    322 F. Supp. 2d 505 (S.D.N.Y. 2004)............................................................................. 7

*Standard & Poor's Corp. v. Commodity Exch., Inc.,*
    683 F.2d 704 (2d Cir. 1982) ....................................................................................... 10

*Sutter Corp. v. P & P Indus., Inc.,*
    125 F.3d 914 (5th Cir. 1997)................................................................................. 6, 10

*W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24,*
    751 F.2d 721 (5th Cir. 1985) ....................................................................................... 8

## OTHER AUTHORITY

6 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition (4th ed.
    2007) .................................................................................................................. 11

4 Charles A. Wright, et al., Federal Practice & Procedure § 1051 (3d ed. 1998) ........... 8

## INTRODUCTION

In this trademark infringement action, plaintiffs Bombardier Aerospace Corporation ("Bombardier") and Jet Solutions, L.L.C. ("Jet Solutions") respectfully request the Court to order, under the Fifth Circuit's "first-to-file" rule, that the defendant Marquis Jet Partners, Inc. ("Marquis Jet") may not proceed any further with a parallel, subsequently filed action in the Southern District of New York. Both lawsuits raise the identical issue of whether the defendant in this declaratory judgment action should be permitted to assert an exclusive right to use the words "25 hours at a time" in connection with the marketing of so-called "jet cards" offering 25-hour blocks of flight time on private jet planes. After Marquis Jet wrote a letter to Bombardier's president asserting that Marquis Jet owns the words "25 hours at a time" and demanding that Bombardier stop using those words, Bombardier and Jet Solutions commenced this action to promptly resolve the parties' dispute. Plaintiffs seek a judgment that Marquis Jet does not own an exclusive right to "25 hours at a time" and that Bombardier is not infringing any of Marquis Jet's asserted rights under federal or state trademark and unfair competition law. Even though plaintiffs' allegedly infringing activity occurred in this district where both Bombardier and Jet Solutions have their U.S. headquarters, Marquis Jet has used an improper tactical maneuver in a transparent attempt to wrest control over the case from this Court. Five days after plaintiffs filed this lawsuit, Marquis Jet commenced an action in the Southern District of New York against Bombardier and Jet Solutions raising the *same issues* concerning the parties' respective rights to the words "25 hours at a time" that plaintiffs raise in this lawsuit.

The rule in both this Circuit and the Second Circuit is that absent "compelling circumstances," and there are none here, a case should proceed only in the district where it was first filed if there is "substantial overlap" between two or more civil actions filed in separate districts. There is plainly substantial overlap between the case filed by Bombardier and Jet

Solutions in this district and the case filed by Marquis Jet in New York. This Court, as the forum

with the first-filed case, also has the authority to decide which of the two actions should proceed.

Accordingly, under the first-filed rule, the Court should grant plaintiffs' motion and order

Marquis Jet not to proceed with its second-filed action in New York.

## BACKGROUND

Both Bombardier and Marquis Jet are in the business of selling fractional ownership of

private jet planes and blocks of service on such planes through jet card membership programs.

(App. pp. 1-3 ¶¶ 2-5). Fractional ownership allows a customer to buy a share of a private jet,

with guaranteed access for a prescribed amount of flying hours annually. (App. pp. 1-2 ¶ 2). Jet

card and membership programs, on the other hand, allow customers the flexibility to purchase

blocks of air time on a private jet plane without assuming fractional ownership of a plane. (App.

pp. 1-2 ¶ 2). This case concerns the marketing of jet card and membership programs. Most

companies in the business of selling jet card and membership programs, including Bombardier

and Marquis Jet, offer flying time in blocks of five-hour increments, with most services starting

with packages of 25 hours. (App. pp. 2-3 ¶ 5).

Not surprisingly, Bombardier and Marquis Jet each use the words "25 hours at a time" in

describing jet cards that offer 25 hours of private jet service at a time. An example of copy for a

national magazine ad run by Bombardier states as follows:

> Bombardier FlexJet gives you unprecedented flexibility when it
> comes to private jet travel. The FlexJet fractional ownership
> program lets you experience the advantages of owning a private
> business jet with less cost and commitment. Only FlexJet lets you
> fly the exact hours you need with the benefits you desire—all
> provided by the industry's best people delivering the highest
> standards of service. Now, in partnership with American Express,
> FlexJet offers you the convenience of fractional ownership fees
> with the Card. The FlexJet experience can also be enjoyed 25
> hours at a time with the Flexjet Membership Card. You can dream
> about travel like this. Or you can live it.

(App. pp. 2-3 ¶ 5 & p. 7). Below is also an example of Marquis Jet's use of the words "25 hours at a time" on its website in describing its competing 25-hour jet card:

> Many people think that flying privately is complicated, but the Marquis Jet Card makes world-class private aviation easily accessible. With the Marquis Jet Card, you access the gold standard in private aviation, NetJets, in increments of 25 hours. NetJets operates the safest, most reliable and largest private jet fleet in the world. You have guaranteed availability 24 hours a day, 365 days a year and can schedule your trip with as little as 10 hours notice. Call today for your Marquis Jet Card and change your life—25 hours at a time.

(App. p. 3 ¶ 6 & p. 12). These and other examples of the parties' respective use of the words "25 hours at a time" in connection with 25-hour jet cards are also attached as Exhibits 2-3 to the accompanying declaration of Dennis Keith. (App. pp. 8-12).

Bombardier has been using the words "25 hours at a time" in advertising copy to describe its 25-hour jet card since December 2005. (App. pp. 2-3 ¶ 5). Nearly a year and a half later, in June 2007, Marquis Jet decided that it would assert an exclusive right as against Bombardier to use the words "25 hours at a time" in connection with 25-hour jet cards. Marquis Jet's outside counsel wrote a letter to Bombardier's president, Michael McQuay, at Bombardier's U.S. offices in Richardson, Texas. (App. pp. 3-4 ¶ 7 & pp. 14-21). Marquis Jet claimed in this letter that it owns the words "25 hours at a time" and that "[t]here can be no doubt" that Bombardier's use of those words infringe Marquis Jet's alleged federal trademark rights:

> As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, these slogans have become closely associated by the public (and especially by prospective purchasers of fractional jet cards) with Marquis Jet, which owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans, and substantial goodwill in the slogans.
>
> There can be no doubt that Flexjet's use of its 25 HOURS AT A TIME slogan is likely to cause confusion among prospective

3

> purchasers as to the origin, source, sponsorship or approval of
> Flexjet's services. . . .
>
> Flexjet's actions described above constitute, among other things,
> trademark infringement and dilution, false designation of origin
> and unfair competition in violation of the federal Lanham Act and
> state law.

(App. pp. 14-15). Marquis Jet concluded its letter by demanding that Bombardier "immediately"

"cease use of the phrase or slogan 25 HOURS AT A TIME" and agree not to use it ever again.

(App. p. 15).

Marquis Jet's demand letter stated that it was "prepared to enforce our clients rights," but

"prefer[ed] to avoid the need for litigation." (App. p. 15). The letter did not state that Marquis

Jet intended to file a lawsuit at any time or in any particular forum. Instead, Marquis Jet called

for a response by Bombardier by "no later than June 22," *i.e.*, seven days after Bombardier

received the letter, even though Bombardier had been using the words "25 hours at a time" for

more than a year and a half. (App. p. 15). In addition, on June 6, less than a week before

Marquis Jet sent its demand letter to Bombardier, Marquis Jet also filed an application to register

the words "25 hours at a time" as a federal trademark with the U.S. Patent and Trademark Office.

(App. pp. 23-24). Marquis Jet's application is based on its "intent to use" "25 hours at a time,"

not a claim that it has pre-existing rights to exclusive use of those words. (App. pp. 23-24).

Marquis Jet's demand letter did not inform Bombardier of this intent-to-use application. (App.

pp. 23-24).

Bombardier and Jet Solutions were not disposed to capitulate to Marquis Jet's demand

and its outrageous claim to own the words "25 hours at a time," but did want to promptly resolve

any uncertainty over the parties' respective rights. (App. p. 4 ¶ 9). Accordingly, on June 22

counsel for Bombardier and Jet Solutions responded to Marquis Jet's demand letter and in that

same letter informed Marquis Jet's counsel that Bombardier and Jet Solutions intended to

commence this declaratory judgment action and also attached a courtesy copy of the Complaint.

(App. pp. 26-28). Plaintiffs' action in this Court seeks a judgment that Marquis Jet does not have

any protectable rights in the words "25 hours at a time" under the Lanham Trademark Act and

state law of unfair competition. (App. pp 30-31 ¶¶ 8, 10). Alternatively, plaintiffs seek a

judgment that they have not infringed any rights under federal or state law that Marquis Jet

asserts it has in the words "25 hours at a time." (App. p. 31 ¶¶ 9, 11-12).

  Marquis Jet did not respond to Bombardier's letter. (App. pp. 4-5 ¶ 10). Instead, five

days after Bombardier wrote to Marquis Jet with a courtesy copy of the complaint that

Bombardier and Jet Solutions filed in this Court, Marquis Jet filed a competing action in the

Southern District of New York concerning the same dispute over the parties' rights to use the

words "25 hours at a time." (App. pp. 4-5 ¶ 10 & pp. 35-45). Marquis Jet's New York action is

the mirror image of the case that Bombardier first filed in this Court: Marquis Jet claims that it

owns trademark rights in the words "25 hours at a time" and asserted claims for unfair

competition, trademark "dilution," and false advertising under the Lanham Act and state law.

(App. pp. 35-45).

  By this motion, Bombardier and Jet Solutions seek an order, in accordance with the Fifth

Circuit's "first-to-file" rule, that Marquis Jet may not proceed with its second-filed action in New

York. Plaintiffs are also filing a paper in the Southern District of New York to inform that Court

of Bombardier's motion in this Court and to request a transfer of Marquis Jet's New York action

to this district in the event that this Court grants Bombardier's motion. As set forth below, this

procedure accords with the rule in the Fifth Circuit and also in the Southern District of New

York that, where there are two or more disputes concerning overlapping subject matter, the court

with the first-filed action decides which of the actions should proceed after applying the first-to-file rule.

## ARGUMENT

Because both this lawsuit and the action that Marquis Jet thereafter filed in the Southern District of New York raise substantially the same issue—whether Bombardier's use of the words "25 hours at a time" infringes rights that Marquis Jet claims it has in that phrase—this Court should order Marquis Jet not to proceed any further with its New York action.

### A.    This Court Is The Appropriate Court To Determine Which Action Should Proceed

Bombardier filed this action before Marquis Jet filed a competing action in the Southern District of New York that raises the same issue that is raised by this action.  As a matter of sound judicial administration and comity, only one of these lawsuits should proceed.  The Fifth Circuit, and also courts in the Southern District of New York, have made clear that the court presiding over the first-filed case—this Court here—should decide which action will proceed and should allow only the first-filed case to proceed unless there are compelling circumstances that warrant a departure from this administrative rule.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) ("The 'first to file' rule not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("ultimate determination of whether there actually was a

6

substantial overlap requiring consolidation of the two suits" is to be made by court that has "prior

jurisdiction over [the] common subject matter"). Courts in the Southern District apply the same

rule: the court presiding over the first-filed case decides which one will proceed. *See, e.g.,*

*Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004) ("This

District has laid down a bright line rule . . .: The court before which the first-filed action was

brought determines which forum will hear the case.") (internal quotation marks omitted).

Accordingly, it is for this Court to decide, applying the first-filed rule, whether the action in this

Court or the action filed subsequently by Marquis Jet in the Southern District of New York

should proceed.

As the first-filed jurisdiction, this Court also has the authority to order the party that

initiated the second-filed lawsuit not to proceed with it. *See Save Power,* 121 F.3d at 950; *Cadle*

*Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605 (5th Cir. 1999) (once first-filed court

determines the issue of "substantial overlap," it is "no longer up to the [second-filed court] to

resolve the question of whether both should be allowed to proceed") (internal quotation marks

omitted); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 185 (1952)

("[S]ubsequent suits against [a declaratory judgment plaintiff who filed first] by the patentee can

within the trial court's discretion be enjoined pending determination of the declaratory judgment

suit . . . ."). Again, the Second Circuit applies the same rule, and courts there routinely enjoin

defendants in cases before them from proceeding with a second-filed lawsuit in another

jurisdiction. *See City of N.Y. v. Exxon Corp.,* 932 F.2d 1020, 1021, 1025-26 (2d Cir. 1991)

("[t]he first court has jurisdiction to enjoin the prosecution of the second"; affirming order to

enjoin further litigation of issues in second-filed jurisdiction); *BuddyUSA, Inc. v. Recording*

*Indus. Ass'n of Am., Inc.,* 21 F. App'x 52, 53 (2d Cir. 2001) (affirming order by Northern District

of New York, where declaratory judgment action had been filed first, to "enjoin[] the defendants from 'prosecuting or participating in the [second-filed] action before the Southern District of New York'").

**B.    Under The First-Filed Rule, This Action Takes Precedence Over The Later-Filed Action Commenced By Marquis Jet In New York**

Under the first-to-file rule, where there is "substantial overlap" between two or more cases in separate districts, the case should proceed only in the district where it was first filed, absent "compelling circumstances." *See Save Power*, 121 F.3d at 950 ("The crucial inquiry is one of 'substantial overlap.'"); *Mann*, 439 F.2d at 407 ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."); *cf. C.G. Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992) ("[A] stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoid unnecessary duplication of judicial machinery.") (internal quotation marks omitted). The rule "rests on principles of comity and sound judicial administration." *Cadle Co.*, 174 F.3d at 603. "'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Id.* (quoting *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)).

As the name of the first-to-file rule conveys, the court should look to the dates when the pertinent actions were *filed*, not when formal service upon the defendants in the actions was completed. *See* 4 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1051 (3d ed. 1998) (commencement of suit by filing "fixes the time" for determining such issues as "which of two or more courts in which actions involving the same parties and issues have been

instituted should retain the case for disposition absent special considerations"); *Fat Possum*

*Records, Ltd. v. Capricorn Records, Inc.*, 909 F. Supp. 442, 446 (N.D. Miss. 1995) (for purposes

of first-filed rule, "order of service [is] not an issue"; "forum in which the action was first filed

should take priority . . ., even though the second filed action was the first action served"). Here,

Bombardier filed its complaint in this Court against Marquis Jet on June 22, and Marquis Jet

filed its case against Bombardier in the Southern District of New York on June 27. This case,

accordingly, is the first-filed for purposes of applying the first-to-file rule.

The question, then, is whether there is "substantial overlap" between the two cases.

There plainly is. In this action, Bombardier seeks a declaration that its use of the words "25

hours at a time" does not infringe or dilute any rights that Marquis Jet has asserted it owns in

those words under the Lanham Act and the common law of unfair competition and that Marquis

Jet does not own any enforceable rights in "25 hours at a time." (App. pp. 30-31 ¶¶ 8-12 & pp.

31-32 ¶¶ 1-3).

The action filed by Marquis Jet in the Southern District of New York involves the same

parties as in this action and raises the same dispute—including the same protectability and

infringement issues—concerning the parties' respective use of the words "25 hours at a time." In

the New York action, Marquis Jet claims that it has "federal and common law trademark rights

to the 25 HOURS AT A TIME slogan." (App. p. 38 ¶ 12). And, according to the allegations in

Marquis Jet's complaint in the second-filed New York action, Bombardier's use of the words

"25 hours at a time" infringes the rights that Marquis Jet asserts that it has in those words. (App.

pp. 39-40 ¶¶ 20-21, alleging that Bombardier's use of the words is "likely to cause confusion,"

which is the test for proving infringement under the Lanham Act and the common law of unfair

competition).

Marquis Jet asserts claims for unfair competition and false advertising under New York law, but the core inquiries for these add-on claims are the same under both federal and state law. *See, e.g., Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law 'mirror the Lanham Act claims.'"); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982) ("heart of a successful claim" under both the Lanham Act and the common law "is the showing of likelihood of confusion"). And, in any event, Bombardier's complaint in this action seeks a declaration that Bombardier's use of "25 hours at a time" does not dilute Marquis Jet's non-existent rights in those words or violate the common law of unfair competition. (App. p. 32 ¶ 2, seeking a declaration that "the use of the Phrase by either or both Plaintiffs does not violate the Lanham Act or any other federal or state law and does not cause dilution, false designation of origin or unfair competition in violation of law").

Due to the substantial overlap between this action and the second-filed New York action commenced by Marquis Jet, this case should not proceed simultaneously in both courts. *See, e.g., Save Power*, 121 F.3d at 951 (cases had "substantial overlap" within meaning of first-filed rule where declaratory judgment action and another action each addressed whether party may proceed on foreclosure interest). To do so would duplicate the efforts of both courts and pose a risk of inconsistent rulings. *See generally Sutter Corp.*, 125 F.3d at 917 (courts should apply first-to-file rule to "avoid interference with each other's affairs" and "avoid the waste of duplication"). Under the first-to-file rule, and this Court's responsibility as the first-filed jurisdiction to apply the rule in determining which case should proceed, this Court should

therefore order Marquis Jet not to proceed with its action in New York. This trademark infringement dispute should be resolved in this Court.

### C.   There Are No Compelling Circumstances Here That Warrant A Departure From The First Filed Rule

Only "compelling circumstances" will warrant a departure from the first-to-file rule. *See Mann*, 439 F.2d at 407 ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."). Contrary to Marquis Jet's apparent position, there is no generalized exception to the first-filed rule in declaratory judgment actions, as the leading trademark law treatise explains:

> When the parties sue each other in different federal courts, one for a declaratory judgment of non-infringement and the other for infringement, the rule of first-to-file priority dictates that the first-filed declaratory judgment suit be given priority and allowed to continue.

6 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 32:46, at 32-105 (4th ed. 2007). There are no compelling circumstances here that require this Court, which is where the parties dispute was first brought, to disregard the first-to-file rule and defer to the Southern District of New York in the adjudication of this dispute. *Cf.* MCCARTHY ON TRADEMARKS § 32:46, at 32-106 ("'There is no requirement that a business threatened with an infringement lawsuit sit back and wait to see if the other party is serious about suing.'").

As an initial matter, the Northern District of Texas is not only the first-filed court in this matter, it is the more natural venue for resolving this dispute. Any alleged "infringement" of Marquis Jet's putative rights to exclusive use of the words "25 hours at a time" arises from plaintiffs' conduct in the Northern District of Texas. Jet Solutions has its only U.S. office in Richardson, Texas, and Bombardier's headquarters are also in Richardson. Thus, although both parties market their respective jet cards on the Internet and advertise their services in

11

publications distributed nationwide (and offer those services throughout the country), the

plaintiffs' witnesses and documents pertinent to this dispute are principally located in this

district, where plaintiffs' decision-making occurs and where their use of the words "25 hours at a

time" to describe Jet Solutions' jet card service emanates.

In addition, Marquis Jet first asserted its putative right to exclusive use of "25 hours at a

time" by writing a letter to the President of Bombardier, Mr. Michael McQuay, at his office in

Richardson. (App. pp. 14-15). A departure from the first-to-file rule may be warranted in

narrow circumstances where such a letter gives an alleged infringer specific notice that the other

party intends to file a lawsuit in another forum. *See, e.g., Kinetic Concepts, Inc. v. Connetics

Corp.*, No. SA-04-CA-0237-XR, 2004 WL 2026812, at *4 (W.D. Tex. Sept. 8, 2004) ("The

Court generally will not allow a party to secure its preferred forum by filing an action for a

declaratory judgment when it has notice that another party intends to file suit involving the same

issues in a different forum."). The Second Circuit applies the same rule and has summarized it

as follows:

> [D]istrict courts have typically found an exception to the first-filed
> rule where declaratory actions are filed in response to demand
> letters that give specific warnings as to deadlines and subsequent
> legal action. . . .
>
> By contrast, district courts have often refused to characterize a suit
> as anticipatory where it is filed in response to a notice letter that
> does not explicitly "inform[] a defendant of the intention to file
> suit, a filing date, and/or a specific forum for the filing of the suit .
> . . ." *J. Lyons & Co., Ltd. v. Republic of Tea, Inc.*, 892 F. Supp.
> 486, 491 (S.D.N.Y. 1995).

*BuddyUSA*, 21 F. App'x at 55.[1]

---

[1]       *See also Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297,
302 (4th Cir. 2001) (exception to first-filed rule not warranted where declaratory judgment action
was filed in response to a demand letter that did not "overtly threaten[] litigation [or] threaten[]
to take particular action if [declaratory judgment plaintiff] failed to respond to the letter by a

This case does not fall within this narrow exception to the first-to-file rule.  Marquis Jet's demand letter did not state a firm intention to sue in any particular forum.  Instead, after accusing Bombardier of unfair competition and infringement and making unwarranted demands that Bombardier stop using the words "25 hours at a time," Marquis Jet stated only that it was "fully prepared to enforce [its] rights . . ., including litigation to the extent necessary," but did not specify either a date by which it would commence litigation or a forum in which it would do so. (App. p. 15).  Indeed, Marquis Jet expressly stated that it "prefer[red] to avoid the need for a lawsuit."  (App. p. 15).  These sort of non-specific statements in a demand letter, which did not put Bombardier on notice of Marquis Jet's intention to file a lawsuit in the Southern District of New York or in any other forum for that matter, do not require this Court to defer to the Southern District of New York for the resolution of this dispute.  *See, e.g.*, *Lyons*, 892 F. Supp. at 491 (dismissing second-filed trademark infringement lawsuit in deference to first-filed declaratory judgment actions in other districts where, "[a]lthough [the declaratory judgment defendant] mentioned the possibility of legal actions [in a cease-and-desist letter], it did not specify any date or forum"); *compare 909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990) (finding "compelling circumstances" warranting departure from first-to-file rule where declaratory judgment plaintiff in first-filed action had "notice that the other party intend[ed] to file suit involving the same issues in a different forum").

The Court should therefore apply the first-to-file rule, retain this trademark infringement case, and order Marquis Jet not to proceed with its second-filed action in the Southern District of

---

(continued…)

certain date"); *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (no "compelling circumstances" warranting a departure from the first-filed rule where party seeking to dismiss declaratory judgment action relied "exclusively on the alleged anticipatory nature of [the declaratory judgment plaintiff's] suit").

New York. *Cf. Save Power*, 121 F.3d at 949 (district court presiding over second-filed action abused its discretion by not transferring case to court where a declaratory judgment action, raising similar issues, had been filed first).

## CONCLUSION

The Court should grant plaintiffs' motion and order defendant not to proceed any further with the trademark infringement action that it filed against plaintiffs in the Southern District of New York after plaintiffs filed their declaratory judgment action in this Court.

Dated:  July 16, 2007                                 Respectfully submitted,


                                                      ____/ s / Scott M. McElhaney____
                                                      A.M. (Russ) Meyer, Jr. (TX 13998700)
Of counsel:                                           Leonard E. Hoffman, III (TX 9789700)
                                                      Carl C. Butzer (TX 03545900)
Peter D. Vogl                                         Scott M. McElhaney (TX 00784555)
Todd R. Geremia                                       **JACKSON WALKER L.L.P.**
**JONES DAY**                                         901 Main Street, Suite 6000
222 East 41st Street                                  Dallas, Texas  75202
New York, New York  10017                             Telephone:  (214) 953-6000
(212) 326-3939                                        Facsimile:  (214) 953-5822

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept that Notice as service of this document by electronic means:

Kevin E. Cadwell
Baker Botts - Dallas
2001 Ross Ave, Suite 600
Dallas, TX 75201-2980
214/953-6500
kevin.cadwell@bakerbotts.com


_____ / s / Scott M. McElhaney_____
Scott M. McElhaney
Attorney for Plaintiffs,
Bombardier Aerospace Corporation and
Jet Solutions, L.L.C.

15

**Exhibit D
to the Todd R. Geremia Declaration,
dated July 17, 2007**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

```
------------------------------------------------- x
BOMBARDIER AEROSPACE                          )
CORPORATION (d/b/a FLEXJET) and               )
JET SOLUTIONS, L.L.C., ,                       )
                                               )
          Plaintiffs,                          )
                                               )
     -against-                                 )
                                               )
MARQUIS JET PARTNERS, INC.,                    )
                                               )
          Defendant.                           )
                                               )
------------------------------------------------- x
```

Case No. 3:07-CV-1129-K

## APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION TO ORDER
## DEFENDANT NOT TO PROCEED WITH A LATER-FILED ACTION
## IN THE SOUTHERN DISTRICT OF NEW YORK CONCERNING
## THE SAME DISPUTE AT ISSUE IN THIS ACTION

| TAB NO. | TITLE | APPENDIX PAGE |
|---------|-------|---------------|
| A | Declaration of Dennis Keith | 1 |
| Ex.1 | Bombardier December 2005 Advertisement | 6 |
| Ex. 2 | Additional FlexJet Card Advertisements | 8 |
| Ex. 3 | Marquis Jet Website page | 11 |
| Ex. 4 | June 14, 2007, Demand Letter from Marquis Jet | 13 |
| Ex. 5 | Marquis Jet Intent to Use Application for "25 Hours at a Time" | 22 |
| Ex. 6 | June 22, 2007, Letter From Counsel for Plaintiff to Defendant. | 25 |
| Ex. 7 | Marquis Jet Complaint in SDNY Action | 34 |

Dated:  July 16, 2007

Respectfully submitted,

_____/ s / Scott M. McElhaney_____

A.M. (Russ) Meyer, Jr. (TX 13998700)

Leonard E. Hoffman, III (TX 9789700)

Carl C. Butzer (TX 03545900)

Scott M. McElhaney (TX 00784555)

**JACKSON WALKER L.L.P.**

901 Main Street, Suite 6000

Dallas, Texas  75202

Telephone:  (214) 953-6000

Facsimile:  (214) 953-5822

Of counsel:

Peter D. Vogl

Todd R. Geremia

**JONES DAY**

222 East 41st Street

New York, New York  10017

(212) 326-3939

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept that Notice as service of this document by electronic means:

Kevin E. Cadwell

Baker Botts - Dallas

2001 Ross Ave, Suite 600

Dallas, TX 75201-2980

214/953-6500

kevin.cadwell@bakerbotts.com

_____/ s / Scott M. McElhaney_____

Scott M. McElhaney

Attorney for Plaintiffs,

Bombardier Aerospace Corporation and

Jet Solutions, L.L.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------------------------- x

BOMBARDIER AEROSPACE                )
CORPORATION (d/b/a FLEXJET) and     )
JET SOLUTIONS, L.L.C., ,            )
                                    )
       Plaintiffs,              )
                                    )
       -against-                )     Case No. 307-CV1129-K
                                    )
MARQUIS JET PARTNERS, INC.,         )
                                    )
       Defendant.               )
                                    )

---------------------------------------------------- x

## DECLARATION OF DENNIS KEITH

I, Dennis Keith, hereby declare as follows:

1.      I am the President of plaintiff Jet Solutions, L.L.C. I submit this declaration in support of plaintiffs' motion to enjoin the defendant, Marquis Jet Partners, Inc. ("Marquis Jet"), from proceeding with an action in the Southern District of New York that was filed after plaintiffs filed this action. I am fully familiar with all of the matters set forth in this declaration, either from personal knowledge or on the basis of documents that have been provided to me.

2.      Plaintiffs are in the business of selling private jet travel for business persons and other individuals that wish to avoid the typical hassles and delays of commercial air travel. There are two basic models for selling such jet travel. Under a fractional ownership model, a customer buys a specified "share" of a private jet. A customer purchasing fractional ownership owns a specified portion of the private jet, which guarantees access for a prescribed

amount of flying hours annually but also obligates the purchaser to share in the maintenance and

other costs of jet ownership. Another option is to purchase specified hours of flight time through

jet card and membership programs. Jet card and membership programs allow customers the

flexibility to purchase blocks of air time on a private jet plane without assuming fractional

ownership of a plane.

        3.      Plaintiff Bombardier Aerospace Corporation ("Bombardier") sells

fractional jet ownership and operates a fleet of private jets that it uses in connection with its

fractional jet ownership business. Jet Solutions is the air carrier for the jet card program, which

is marketed by Bombardier.

        4.      Jet Solutions has its only U.S. office in Richardson, Texas. Bombardier's

U.S. headquarters are also in Richardson. Defendant, Marquis Jet Partners, Inc. ("Marquis Jet"),

has offices throughout the country, but also maintains an office in Dallas, Texas.

        5.      Most companies in the business of selling jet card and membership

programs, including Jet Solutions and Marquis Jet, offer flying time on private jets in blocks of

five-hour increments, with most services starting at 25 hours. Jet Solutions offers the "Flexjet

25" card. In describing the services offered through the FlexJet card, Bombardier, as the

marketing agent for Jet Solutions, uses the words "25 hours at a time," which is an accurate

description of the 25 hours of flying time that a customer can purchase with the Flexjet 25 card.

Bombardier has been using the words "25 hours at a time" in advertising copy to describe the 25-

hour jet card since December 2005. For example, one of Bombardier's advertisements for the

FlexJet card, which ran nationally in Forbes magazine in December 2005, describes the service

as follows:

                Bombardier FlexJet gives you unprecedented flexibility when it
                comes to private jet travel. The FlexJet fractional ownership

> program lets you experience the advantages of owning a private
> business jet with less cost and commitment. Only FlexJet lets you
> fly the exact hours you need with the benefits you desire—all
> provided by the industry's best people delivering the highest
> standards of service. Now, in partnership with American Express,
> FlexJet offers you the convenience of fractional ownership fees
> with the Card. The FlexJet experience can also be enjoyed 25
> hours at a time with the Flexjet Membership Card. You can dream
> about travel like this. Or you can live it.

A copy of this advertisement is attached hereto as Exhibit 1. Copies of additional advertisements

for Jet Solutions' FlexJet Membership Card are attached hereto as Exhibit 2.

      6.      Marquis Jet also offers a jet card through which it sells blocks of flying

time in 25-hour increments. Like Bombardier, Marquis Jet uses the words "25 hours at a time"

to describe its competing "Jet Card." Below is an illustration of how Marquis markets its 25-

hour jet card on its website:

> Many people think that flying privately is complicated, but the
> Marquis Jet Card makes world-class private aviation easily
> accessible. With the Marquis Jet Card, you access the gold
> standard in private aviation, NetJets, in increments of 25 hours.
> NetJets operates the safest, most reliable and largest private jet
> fleet in the world. You have guaranteed availability 24 hours a
> day, 365 days a year and can schedule your trip with as little as 10
> hours notice. Call today for your Marquis Jet Card and change
> your life—25 hours at a time.

A copy of the page with this excerpt from Marquis Jet's website is attached hereto

as Exhibit 3.

      7.      On June 14, 2007, outside counsel for Marquis Jet sent a letter to Mr.

Michael McQuay, the president of Bombardier. A copy of this letter is attached hereto as

Exhibit 4. In this letter, Marquis Jet's counsel complained that Bombardier and Jet Solutions

were infringing on Marquis Jet's alleged rights by using the words "25 hours at a time" to

describe jet cards through which a customer may purchase 25 hours of time on a private jet.

Marquis Jet demanded that Bombardier and Jet Solutions "cease use of the phrase or slogan 25

HOURS AT A TIME" and "agree not to use any such phrases or slogans in the future." Marquis

Jet requested a response to its letter by "no later than June 22."

       8.     Neither Marquis Jet nor its counsel had talked to plaintiffs or counsel for

plaintiffs before sending the June 14 demand letter described above. Also, I understand that on

June 6, 2007—one week before Marquis Jet sent its demand letter to plaintiffs—Marquis Jet

filed an application to register the words "25 hours at a time" as a federal trademark with the

U.S. Patent and Trademark Office. A copy of Marquis Jet's "intent to use" application to the

U.S. Patent and Trademark Office is attached hereto as Exhibit 5. Marquis Jet's demand letter

did not inform Bombardier of this application in its June 14 demand letter.

       9.     Bombardier and Jet Solutions did not agree with the positions asserted in

Marquis Jet's June 14 demand letter. Bombardier and Jet Solutions did want to clarify their

rights to use the words "25 hours at a time," however. Accordingly, in a letter dated June 22,

2007, counsel for Bombardier and Jet Solutions responded to Marquis Jet's demand letter. A

copy of that letter is attached as Exhibit 6. Attached to plaintiffs' June 22 letter was a courtesy

copy of the Complaint commencing this action, which was filed by plaintiffs in the Northern

District of Texas that same day.

      10.    Marquis Jet did not respond to the June 22, 2007 letter sent by counsel for

Bombardier and Jet Solutions. Instead, on June 27, 2007, Marquis Jet filed a complaint in the

United States District Court for the Southern District of New York against both Bombardier and

Jet Solutions concerning the same dispute over the parties' rights to use the words "25 hours at a

time" that is at issue in this action. A true and correct copy of the Complaint filed by Marquis

Jet in the action captioned, <u>Marquis Jet Partners, Inc. v. Bombardier Aerospace Corporation</u>

(d/b/a/ FlexJet) and Jet Solutions, L.L.C., No. 07 Civ. 6082 (S.D.N.Y.), is attached hereto as

Exhibit 7.

          11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed in Richardson, Texas on July 16, 2007

_____
Dennis Keith

**Exhibit 1**

`



## Private Jet Travel Designed Around You.

Bombardier Flexjet® gives you unprecedented flexibility when it comes to private jet travel. The Flexjet fractional ownership program lets you experience the advantages of owning a business jet with less cost and commitment. Only Flexjet lets you fly the exact hours you need, with the benefits you desire — all provided by the industry's best people delivering the highest standards of service. Now, in partnership with American Express, Flexjet offers you the convenience of paying your fractional ownership fees with the Card. The Flexjet experience can also be enjoyed 25 hours at a time with the Flexjet Membership Card.† You can dream about travel like this. Or you can live it.

For details, call 1-800-FLEXJET or visit flexjet.com, where we warmly accept the American Express® Card.

**BOMBARDIER**

**BOMBARDIER FLEXJET**

© 2005 Bombardier Inc. ™Trademark(s) of Bombardier Inc. or its subsidiaries. Call Flexjet for terms and conditions. †Flights operated by Jet Solutions LLC.

**Exhibit 2**

Polo Las Colinas Magazine
June 5, 2004



*"No matter where and when I need to fly, I just talk to my Personal Jet Concierge—and everything is taken care of for me."*

### Call Bombardier Skyjet,
### because private jet travel doesn't get any better than this.

Want a better, smarter way to travel? Then call Bombardier Skyjet. You'll be connected directly to your dedicated Personal Jet Concierge — a friendly, knowledgeable "one call does it all" expert who will reserve your own luxurious private jet whenever you need one. There's no waiting in crowded airports — none of the inconvenience that even first class commercial air passengers must endure.

Fly 25 or more hours per year? Use our Premier Fleet Jet Membership to reserve "pre-paid time in the sky." Not ready to reserve a block of hours? Try our On-demand private jet service. Either way, you can rely on Bombardier, maker of the legendary Learjet, to provide you with a smarter way to fly.

**1.866.575.9538**
**SteveEck@skyjet.com**

*www.skyjet.com*





Bombardier Skyjet is the Preferred Private Aviation Solution of the Las Colinas Polo Club.

Bombardier Skyjet, Learjet, and Premier Fleet are registered trademarks of Bombardier Inc. and/or its subsidiaries.
© 2004 Bombardier Inc. All rights reserved.



**Exhibit 3**

# MARQUIS**JET**





**A choice to be home in time for cake.**

▸ THERE ARE NO LIMITS TO WHAT YOU CAN DO

MARQUIS JET CARD PROGRAM
DEDICATION TO
OUR FLEET
NETJETS®
MARQUIS VS. COMPETITION
VALUE ADDED BENEFITS
FAQ
TAKE OUR GUIDED TOUR
NEWS/EVENTS
REQUEST INFORMATION



Many people think that flying privately is complicated, but the Marquis Jet Card makes world-class private aviation easily accessible. With the Marquis Jet Card, you access the gold standard in private aviation, NetJets®, in increments of 25 hours. NetJets operates the safest, most reliable and largest private jet fleet in the world. You have guaranteed availability 24 hours a day, 365 days a year and can schedule your trip with as little as 10 hours notice. Call today for your Marquis Jet Card and change your life -- 25 hours at a time.



▸ Your 25 Hours can go a long way.



▸ How to become a Marquis Jet card owner.

ABOUT MARQUIS JET    |    STRATEGIC ALLIANCES    |    PRIVACY / LEGAL    |    MEDIA / IMAGES    |    CONTACTS

© 2007 MarquisJet. All rights reserved.

**Exhibit 4**

# KAYE SCHOLER LLP

Paul C. Llewellyn
212 836-7828
Fax 212 836-6463
pllewellyn@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

June 14, 2007

**BY FEDERAL EXPRESS**
**OVERNIGHT DELIVERY**

Mr. Michael McQuay
President
Bombardier Flexjet
3400 Waterview, Suite 400
Richardson, Texas 75080

> Re:  *Trademark Infringement and Unfair Competition by*
> *Bombardier Flexjet*

Dear Mr. McQuay:

We write on behalf of our client Marquis Jet ("Marquis Jet") with regard to unlawful acts of trademark infringement and unfair competition engaged in by Bombardier Flexjet ("Flexjet").

It has come to our client's attention that Flexjet, a direct competitor of Marquis Jet in the sale of fractional jet cards, recently has begun using as the phrase "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" as a tagline in advertising for its Flexjet services and cards, as shown in the advertisement attached as Exhibit A.

Marquis Jet has for several years used the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its fractional jet cards. (Examples of Marquis Jet advertisements using these slogans as headlines and taglines are attached as Exhibit B.) Marquis adopted and has continuously used these taglines since 2004, has prominently featured them, among other places, on its web site at www.marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as The New York Times, Wall Street Journal, Robb Report Magazine, Departures Magazine and others, and has expended millions of dollars on advertising featuring the taglines. As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, these slogans have become closely associated by the public (and especially by prospective purchasers of fractional jet cards) with Marquis Jet, which owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans, and substantial goodwill in the slogans.

31484056 DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

**KAYE SCHOLER** LLP

Mr. Michael McQuay                              2                              June 14, 2007

There can be no doubt that Flexjet's use of its 25 HOURS AT A TIME slogan is likely to cause confusion among prospective purchasers as to the origin, source, sponsorship or approval of Flexjet's services. Not only is the slogan identical to that of Marquis Jet, but the parties' services also are the same, are offered to the same prospective purchasers and are advertised in the same media channels, including some of the very same publications. The juxtaposition of the slogan with the Flexjets mark, which is itself similar to the NetJets mark that frequently accompanies Marquis Jet's slogan, only heightens the likelihood of confusion. Given Marquis Jet's irrefutable federal and common law rights in the above-mentioned taglines, Flexjet's adoption of the identical tagline in connection with its services can only be viewed as an attempt to copy Marquis Jet's advertising slogans and to trade on its valuable trademarks and goodwill. In addition, the use of so similar a slogan inevitably dilutes and will dilute the distinctive nature of Marquis Jet's 25 HOURS AT A TIME mark.

Flexjet's actions described above constitute, among other things, trademark infringement and dilution, false designation of origin and unfair competition in violation of the federal Lanham Act and state law. You should be aware that under the Lanham Act, a successful plaintiff may obtain preliminary and permanent injunctive relief and may recover the infringer's profits, damages to the plaintiff and the costs of the action.

The damage to our client from Flexjet's willful and unlawful conduct is serious and substantial. Marquis Jet has spent significant sums of money and considerable effort developing its valuable trademark rights and is committed to protecting those rights. Marquis Jet would prefer to avoid the need for a lawsuit to enjoin Flexjet's unlawful conduct and for damages, profits, attorney's fees and other relief under federal and state law. In view of the foregoing, we demand that you immediately (1) cease use of the phrase or slogan 25 HOURS AT A TIME, or any other confusingly similar version thereof, in any advertising or marketing materials for Flexjet services or goods; and (2) agree not to use any such phrases or slogans in the future.

We are fully prepared to enforce our clients' rights to the full extent permitted by law, including litigation to the extent necessary. We have been instructed to take appropriate action to protect our clients' valuable rights unless we receive a satisfactory response to this letter promptly, and request that you provide such a response no later than June 22.

Very truly yours,

Paul C. Llewellyn

Attachments

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D C    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**EXHIBIT A**



**EXHIBIT B**

# MARQUISJET







**REQUEST INFORMATION**

A choice to bring family together.

Click for details

▶ NETJETS 25-HOURS AT A TIME



Through Marquis Jet's exclusive alliance with NetJets®, the worldwide leader in private aviation, the Marquis Jet Card enables access to the prestigious NetJets fleet with a simple payment for 25-hours of occupied flight time *.

Private jet travel with the Marquis Jet Card offers a long list of advantages in today's changed world. Experience all the benefits of owning your own jet - freedom, control and flexibility - without the responsibilities.

The Marquis Jet Card provides access to the world's highest standards of safety, security and personal service provided by NetJets, the pioneer and worldwide leader in fractional aircraft ownership.



2007 MARQUIS JET WINNER ROBB REPORT "BEST OF THE BEST"



MARQUIS CARD BENEFIT: ACCESS TO MAYO CLINIC



MARQUIS JET FEATURED ON CNBC SQUAWK BOX

\* All program flights operated by NetJets® companies under their respective FAR Part 135 Air Carrier Certificates

**ABOUT MARQUIS JET**    **STRATEGIC ALLIANCES**    |    **PRIVACY / LEGAL**    |    **MEDIA / IMAGES**    |    **CONTACT**

© 2007 MarquisJet. All rights reserved








**Exhibit 5**

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2007-07-02 16:51:40 ET

**Serial Number:** 77199761 Assignment Information

**Registration Number:** (NOT AVAILABLE)

**Mark**

# 25 HOURS AT A TIME

**(words only):** 25 HOURS AT A TIME

**Standard Character claim:** Yes

**Current Status:** Newly filed application, not yet assigned to an examining attorney.

**Date of Status:** 2007-06-12

**Filing Date:** 2007-06-06

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 011 -Initial Review/Serialization Branch(Mailroom)

**Date In Location:** 2007-06-12

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Marquis Jet Partners, Inc.

**Address:**
Marquis Jet Partners, Inc.
230 Park Avenue

New York, NY 10169
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 039
**Class Status:** Active
Air and vehicle transportation services; jet travel and reservation services; Fractional jet ownership
services in the nature of formation, brokerage and management of time share interests in aircraft;
providing/processing prepaid cards services for air travel, air and ground transportation; and
providing/processing prepaid cards services for concierge services
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2007-06-12 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
John P. Rynkiewicz

**Correspondent**
JOHN P. RYNKIEWICZ
KAYE SCHOLER LLP
901 15TH ST NW STE 1100
WASHINGTON, DC 20005-2329
Phone Number: 2026823500
Fax Number: 2026823580

**Exhibit 6**



JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
214-661-6613 (Direct Fax)
rmeyer@jw.com

June 22, 2007

**Via Regular Mail**

Mr. Paul C. Llewellyn
Kaye Scholer L.L.P.
425 Park Avenue
New York, NY 10022-3598

      Re:    Your Allegations of Trademark Infringement and Unfair Competition by
               Bombardier Flexjet

Dear Mr. Llewellyn:

      We represent both Bombardier Flexjet ("Flexjet") and Jet Solutions L.L.C. ("Jet Solutions"), and are writing in response to your correspondence alleging trademark infringement and unfair competition by Flexjet. Although your correspondence is dated June 14, 2007, we did not receive a copy of it until June 20th.

      We are very concerned by a number of statements contained in your correspondence. First, you suggest that Marquis Jet ("Marquis") owns "strong trademark rights" in two slogans: "25 Hours at a Time" and "NetJets 25 Hours at a Time." We have serious questions as to whether or not such trademark rights actually exist for a variety of reasons.

      First, we are concerned about the statement in your letter that Flexjet "recently" has begun using the phrase "25 Hours at a Time." This is incorrect. This phrase has been a part of the Flexjet and Jet Solutions advertising strategy for many months. Moreover, we do not believe that Marquis is the only other block/fractional charter provider to have historically used such a phrase in its advertising. It is our understanding that other mutual competitors have also made use of the same, or a similar, phrase.

      Second, as I am sure you are aware, the phrase "25 Hours at a Time" is neither unique nor novel, nor a reflection of any creative thinking or advertising prowess. The block/fractional charter industry, of which our clients are both a part, has sold fractional interests in jet charters for many years. Twenty-five (25) hours represents one-half of a standard share in the fractional charter industry. This has long been the standard time package offered to individuals or entities who wish to purchase blocks of jet charter time without securing an ownership interest in the aircraft itself. As such, "25 hours" or "25

June 22, 2007
Page 2

hours at a time" has reached such a level of common usage within the industry, and among the relevant customer base, that its meaning is simply generic.

Without conceding that the term is anything more than generic, the phrase "25 Hours at a Time" is – at best – descriptive. It is in this regard that we have a second concern about your correspondence. In it, you suggest that the phrase "25 Hours at a Time" has become "closely associated by the public (and especially by prospective purchasers of fractional jet cards) with Marquis." Purchasers of fractional shares, and perhaps even the public, may associate the phrase "25 Hours at a Time" with the block charter industry. However, it is a significant reach to suggest that the term will be associated with a specific service provider such a Marquis, rather than industry providers as a whole. In that regard, we seriously doubt that Marquis can make the requisite showing of secondary meaning even if it is determined that "25 Hours at a Time" is descriptive.

Consequently, and in view of your very serious allegations on behalf of Marquis, our clients have concluded that we should seek judicial relief. Enclosed is a courtesy copy of a Complaint that we intend to file in the United States District Court for the Northern District of Texas late this afternoon. In that regard, we request that you provide us with the following materials, or any others that support the contentions contained in your June 14 correspondence. We will be happy to reciprocate.

- Any and all agreements between Marquis and NetJet relating to block charter/fractional industry operations including, without limitation, any Trademark License Agreements between the parties.

- Any and all documents in the possession, custody, or control of either Marquis or NetJet relating to the marketing or advertising usage of the slogans in which Marquis claims to have trademark rights.

- Copies of all marketing materials and advertisements in which the two slogans in question have been used, including the date of usage.

- Any and all materials in the possession, custody, or control of either Marquis or NetJet reflecting the usage of the same or similar terms by competitors in the block charter/fractional share industries.

- Any and all correspondence, pleadings, or other communications between Marquis and/or NetJet and their competitors in the industry regarding the use of the subject phrase.

- Any and all materials available through either Marquis or NetJet that would reflect the geographic market in which Marquis allegedly provides block charter/fractional industry services (differentiating, if possible, between the areas in which the services are or have been available and those in which such services have actually been rendered).

June 22, 2007
Page 3

- Any and all surveys and survey results undertaken by or on behalf of either Marquis or NetJet reflecting the alleged secondary meaning attributed to the disputed terms.

- Any other evidence of secondary meaning that is available.

- Any and all materials that would indicate that there is not a secondary meaning of the disputed phrases that is unique to Marquis or to NetJet.

- Any and all materials in the possession, custody, or control of Marquis or NetJet that would support a contention that these alleged marks have either been invalidated or abandoned.

- Any and all intra/inter-company communications (including e-mails) relating to the foregoing issues, including both internal communications and those exchanged with third-parties.

- Any other electronically stored information that would be relevant to the foregoing issues.

If you believe that a confidentiality agreement should be executed by the respective parties prior to the exchange of these materials, please let me know. We can provide you with a draft agreement for review and comment.

If you have any questions, please feel free to contact either my partner, Leonard Hoffman (214) 953-5823, or me (214) 953-6134. We look forward to hearing from you.

Very truly yours,

*Russ Meyer*

Russ Meyer
Jackson Walker L.L.P.

APPENDIX PAGE 28