UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARQUIS JET PARTNERS, INC.,

              Plaintiff,

     v.

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.,

              Defendants.
_____

No. 1:07-CV-06082 (BSJ)

ECF CASE

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A STAY AND,
PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS**

John D. Geelan (JG 5446)
Paul C. Llewellyn (PL 8634)
Christopher D. Baker (CB 6765)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff
Marquis Jet Partners, Inc.*

31516041.DOC

Plaintiff Marquis Jet Partners, Inc. ("Marquis") submits this memorandum of law in opposition to the motion of defendants Bombardier Aerospace Corporation (d/b/a FledJet) and Jet Solutions, L.L.C. (hereinafter collectively referred to as "FlexJet") for a stay, and pending rulings in an anticipatory declaratory judgment action filed by FlexJet in the Northern District of Texas, to dismiss.

FlexJet's declaratory judgment action in the Northern District of Texas is a classic example of a "plaintiff" rushing to the courthouse for the sole purpose of short-circuiting a lawsuit by the only party to have suffered actual injury. Marquis, not FlexJet, is the true plaintiff in the parties' dispute. Thus, FlexJet's lawsuit in the Northern District of Texas was filed shortly after it received a cease-and-desist letter from Marquis threatening litigation, in an obvious attempt to preemptively deprive Marquis of its choice of this Court as the forum for the parties' dispute. As Marquis has argued in its motion to dismiss or transfer the case in the Northern District of Texas, Marquis's complaint that it filed in this District properly belongs in this District. Accordingly, as set forth below, Marquis opposes a stay of this action pending determination by the Northern District of Texas of Marquis's motion to dismiss or transfer the Texas action, and opposes FlexJet's request that this case be dismissed (rather than transferred) in the event that the Court in Texas determines that the case there should proceed.

**STATEMENT OF FACTS**

Marquis and FlexJet both sell flight time on private jets in the form of "jet cards" which provide purchasers with flight time on private aircraft. (App. p. 2 ¶¶ 4,6).[1] Marquis has

---

[1]  Citations to "App." refer to the Appendix filed in support of Marquis's motion to dismiss or transfer FlexJet's Northern District of Texas Action, which is Exhibit 2 to the Declaration of Christopher D. Baker ("Baker Decl.") dated August 3, 2007, submitted herewith.

for several years used the slogans and trademarks "25 HOURS AT A TIME" and "NETJETS 25 HOURS AT A TIME" in connection with its advertisement and sale of jet cards.  (App. p. 2 ¶ 5).

Recently, it came to Marquis' attention that FlexJet had commenced use of the virtually identical slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," in connection with advertising for FlexJet's jet cards in various nationally-circulated publications, including publications widely circulated in New York.  (App. pp. 2-3 ¶ 7).  Accordingly, on June 14, 2007, Marquis sent a letter to FlexJet expressing its concerns that FlexJet's use of the slogans constituted, among other things, trademark infringement and dilution, false designation of origin and unfair competition, in violation of state and federal law.  (App. p. 3 ¶ 8, p.7 ¶ 4, pp. 11-18).  Although the letter to FlexJet expressed Marquis' desire to avoid the need for a lawsuit, Marquis made clear that it was "fully prepared to enforce [its] rights to the full extent permitted by law, including litigation to the extent necessary."  Marquis requested that FlexJet respond by June 22, 2007.  (App. p. 12).

Unbeknownst to Marquis, on June 22, the very day on which Marquis requested FlexJet's response, FlexJet filed a declaratory judgment action in the Northern District of Texas.  *See* Declaration of Todd R. Geremia dated June 17, 2007 ("Geremia Decl.," submitted in support of FlexJet's instant motion), Exhibit A.  Several days later, counsel for Marquis received a letter from FlexJet's counsel, dated June 22 (and sent by regular mail) stating that FlexJet disagreed with Marquis' position and advising that FlexJet was filing the complaint enclosed.  (App. p. 8 ¶ 6 & pp. 20-22).  The letter from FlexJet's counsel also included a lengthy and expansive list of discovery materials that FlexJet requested Marquis and its aircraft provider, nonparty NetJets, produce.  (App. pp.21-22).

Within three business days after FlexJet's Northern District of Texas case was filed, and even before Marquis was served with process in that action, on June 27, 2007, Marquis commenced this action against FlexJet, asserting claims for false designation of origin and unfair competition under federal law, as well as trademark infringement, trademark dilution, unfair competition and false advertising and deceptive acts and practices under New York law. (App. p. 8 ¶ 8 & pp. 29-39). FlexJet was served process in this action the following day, June 28, well before any service upon Marquis in the Texas action. (App. p. 8 ¶ 8 & pp. 41-46). On June 16, 2007, Marquis filed a motion in the Northern District of Texas to dismiss FlexJet's anticipatory declaratory judgment action on the ground that it was an improper attempt to usurp Marquis's right, as the true plaintiff in these disputes, to select the forum of its choice, and an improper effort to place Marquis at procedural and geographic disadvatages. In the alternative, Marquis moved to transfer the Texas action to this Court. *See* Baker Decl. Ex. 1 (Marquis's Motion and Memorandum of Law in Support of Motion to Dismiss the Complaint or, Alternatively, to Transfer Venue in the Northern District of Texas action). FlexJet moved later the same day to enjoin Marquis from proceeding with this action. *See* Geremia Decl. Ex. C.

## ARGUMENT

As set forth more fully in Marquis's brief in support of its motion to dismiss or transfer the Northern District of Texas action (Baker Decl. Ex. 1), the pertinent factors weigh strongly in favor of dismissal of FlexJet's anticipatory declaratory judgment action. The courts routinely dismiss declaratory judgment suits like FlexJet's Texas case where the action was brought by an alleged trademark infringer simply to divest the "true plaintiff" of its right to

choose a forum for seeking relief.[2]

That is precisely what has occurred with FlexJet's action in Texas. Thus, in a good faith effort to resolve the parties' dispute without the assistance of the Courts, Marquis sent a cease and desist letter to FlexJet, because it "prefer[ed] to avoid the need for a lawsuit." (App. p. 12). Nevertheless, Marquis made clear its intention to enforce its trademark rights "to the full extent permitted by law, including litigation to the extent necessary" in the event Flexjet failed to respond to Marquis' demand. (*Id.*). Marquis extended to Flexjet the courtesy of a seven-day period, ending on date certain – June 22, 2007 – in which to respond to Marquis' concerns. Flexjet, instead, rushed to the courthouse in Texas and filed an anticipatory suit on that very day. Under these circumstances, Marquis has argued in the Northern District of Texas, the parties' dispute should proceed here in New York, Marquis's chosen forum, rather than in FlexJet's forum-shopped venue.

Indeed, in addition to the anticipatory nature of FlexJet's Texas action, there are additional factors favoring dismissal of the Texas complaint in favor of this case. (*See* Baker Decl. Ex. 1 at 7-13). Not only does this case include all the claims and issue presented in the Texas action, but it includes additional claims under New York law that are not in that action. *See* App. pp. 29-39). Moreover, permitting the Texas action to proceed would be inequitable because it "would allow [FlexJet] to gain precedence in both time and forum." *Dallas*

---

[2] *See, e.g., Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, 2004 WL 2607987, *8 (N.D. Tex. Nov. 16, 2004); *Kinetic Concepts, Inc. v. Connetics Corp.*, 2004 U.S. Dist. LEXIS 17969, *9 (W.D. Tex. Sept. 9, 2004); *Capco Int'l.*, 2004 U.S. Dist. LEXIS 6284, *15-16 (N.D. Tex. Apr. 9, 2004); *PAJ, Inc*, 1999 U.S. Dist. LEXIS 1424, at *9 (N.D. Tex. Nov. 16, 2004). The same rule applies in this District. *See, e.g., Mass v. McClenahan*, 1993 WL 267418, at *2 (S.D.N.Y. July 9, 1993) ("where the first-filed case is a declaratory judgment action precipitated by a demand letter and filed in anticipation of the later action, the second-filed action will be permitted to go forward in plaintiff's chosen forum.").

*Semiconductor Corp. v. Credit Suisse First Boston Corp.,* 2001 U.S. Dist. LEXIS 15282 (N.D. Tex. Sept. 26, 2001), at *9.  And, New York is the more convenient forum given Marquis's location in New York and the proximity of potentially relevant third parties to New York.

In light of the foregoing, there is no basis to stay this action pending further developments in the Northern District of Texas.  As stated in *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F.Supp.2d 505, 510 (S.D.N.Y. 2005), a case relied upon by FlexJet and which did *not* involve a motion to stay, "It is well established that the Court has wide discretion in deciding whether or not to stay or dismiss a proceeding."  Nor is the rule asserted by FlexJet, that the first-filed Court should decide which case should proceed, as "bright-line" as FlexJet argues:  Indeed, Courts in this District have repeatedly decided, in later-filed actions, which action should proceed, without deferring to the Court of the first-filed case.  *See, e.g., Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F.Supp.2d 459, 470 (S.D.N.Y.2002)); *Elbex Video, Ltd. v. Tecton, Ltd.*, 2000 WL 1708189, at *2-*3 (S.D.N.Y. Nov. 15, 2000); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 136 (S.D.N.Y.1994)*; National Patent Dev. Corp. v. American Hosp. Supply Corp.*, 616 F.Supp. 114, 121 (S.D.N.Y.1984); *Sybil Ives, Inc. v. Helene Curtis Indus., Inc.*, 249 F.Supp. 865, 869 (S.D.N.Y.1965).

In addition, Marquis also opposes FlexJet's motion to dismiss this action in the event that the Northern District of Texas determines that the parties' dispute should be litigated in Texas.  The only identified ground for FlexJet's request for dismissal is a bare reference to Fed. R. Civ. P. 12(b)(3) (improper venue) in the Introduction and Conclusion of its memorandum.  Under 28 U.S.C. § 1391(b)(2), however, venue is proper wherever corporate defendants such as FlexJet are subject to personal jurisdiction, and there is no assertion here that FlexJet is not subject to personal jurisdiction in New York.

What is more, 28 U.S.C. § 1406 provides that where there is a defect in venue, the Court shall transfer rather than dismiss the case when it is in the interest of justice to do so. Here, it plainly would be in the interest of justice to transfer this case to the Northern District of Texas if that Court determines that the parties' dispute should proceed there. As set forth above, Marquis sent a cease and desist letter to FlexJet in a good faith effort to resolve the parties' dispute without resort to the courts. It is hardly the rule in this district that a litigant should be penalized for attempting such a resolution. *See, e.g., Capitol Records, Inc. v. Optical Recording Corp.,* 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) ("Potential plaintiffs should be encouraged to attempt settlement discussions . . . prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing . . . "). If this case is dismissed following a ruling adverse to Marquis in Texas, however, Marquis will be twice penalized for its good faith efforts – once by being forced to litigate in Texas, and a second time by having this action dismissed and being forced to re-file its claims in Texas.

Dated: August 3, 2007
      New York, NY

Respectfully submitted,

/s/ Paul C. Llewellyn
John D. Geelan (JG 5446)
Paul C. Llewellyn (PL 8634)
Christopher D. Baker (CB 6765)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff
Marquis Jet Partners, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on August 3, 2007, all counsel of record were served with a copy of (1) plaintiff's memorandum of law in opposition to the motion of defendants for a stay, and pending rulings in another proceeding, to dismiss, and (2) the Declaration of Christopher D. Baker in support thereof, either: (a) by the Court's Electronic Filing System if they have consented to electronic service, or (b) by first class mail if they have not so consented.

                                                                   /s/ Paul C. Llewellyn