**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————

MARQUIS JET PARTNERS, INC.,

                 Plaintiff,

      v.

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.,

             Defendants.

———————————————————————

No. 1:07-CV-06082 (BSJ)


ECF CASE

## DECLARATION OF CHRISTOPHER D. BAKER IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR A STAY AND, <u>PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS</u>

       I, Christopher D. Baker, declare pursuant to 28 U.S.C. § 1746 as follows:

       1.     I am an associate at Kaye Scholer LLP, counsel for plaintiff Marquis Jet Partners, Inc. ("Marquis"). I make this declaration upon personal knowledge of the facts set forth herein. I am over 18 years of age and can competently testify to the matters set forth herein.

       2.     I submit this declaration in support of Marquis's response to the motion of defendants (together, "FlexJet") to stay and, pending determinative rulings in a related action, to dismiss.

       3.     Attached as Exhibit 1 hereto are true and correct copies of Marquis' Motion to Dismiss Plaintiffs' Action or, Alternatively, to Transfer Venue, and Brief in support thereof, which were filed on July 16, 2007 in *Bombardier Aerospace Corp. et al. v. Marquis Jet Partners, Inc.*, No. 307-CV-1229-K (N.D. Tex.).

       4.     Attached as Exhibit 2 hereto is a true and correct copy of the Appendix to Marquis' Motion to Dismiss Plaintiffs' Action or, Alternatively, to Transfer Venue, which was

filed on July 16, 2007 in *Bombardier Aerospace Corp. et al. v. Marquis Jet Partners, Inc.*, No.

307-CV-1229-K (N.D. Tex.).

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed this 3rd day of August, 2007 at New York, New York.


     /s/  Christopher D. Baker

Christopher D. Baker

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) and JET SOLUTIONS, L.L.C., | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | Case No. 307-CV1129-K |
| v. | §<br>§ | |
| MARQUIS JET PARTNERS, INC., | §<br>§ | |
| Defendant. | §<br>§ | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' ACTION OR, ALTERNATIVELY, TO TRANSFER VENUE

Defendant Marquis Jet Partners, Inc. ("Marquis") moves this Court to dismiss the declaratory judgment action of defendants Bombardier Aerospace Corporation ("Bombardier Jet") and Jet Solutions, L.L.C. ("Jet Solutions") (hereinafter collectively referred to as "FlexJet") pursuant to Rule 12(b)(1), Fed. R. Civ. P., or, in the alternative, to transfer venue to the District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

### I. BASIS FOR MARQUIS' MOTION

FlexJet's declaratory judgment action is a classic example of a plaintiff rushing to the courthouse for the sole purpose of short-circuiting a lawsuit by the only party to have suffered actual injury. Marquis, not FlexJet, is the true plaintiff in this matter. FlexJet's lawsuit in this Court was filed in anticipation of Marquis's own lawsuit, in an obvious attempt to deprive Marquis of its choice of forum and to place it at procedural, geographic and other disadvantages, and constitutes a misuse of this Court and wasteful multiplication of litigation. This dispute properly belongs in the Southern District of New York, which is Marquis' preferred forum, the

location of Marquis and the many documents that FlexJet seeks from Marquis in this action, and the court best suited to address the numerous state law claims asserted in Marquis' complaint. Under the Declaratory Judgment Act, this District Court and others routinely have declined to entertain an anticipatory declaratory judgment action when the true plaintiff has filed – as Marquis did here – its own suit asserting *affirmative* claims for *affirmative* relief in connection with another's unlawful conduct.

## II. EVIDENTIARY SUPPORT FOR MARQUIS JET'S MOTION

In support of this Motion, Marquis relies upon the Appendix filed contemporaneously with Marquis' Brief in Support of its Motion to Dismiss or, Alternatively, to Transfer Venue.

## III. CONCLUSION

As set forth in Marquis' memorandum of law and appendix, FlexJet's declaratory judgment action was brought for the improper purpose of subverting Marquis Jet's advantage in a forum of its own choosing. Such an anticipatory suit is improper under the Declaratory Judgment Act, and, thus, should be dismissed. In the interest of judicial economy and for the convenience of the parties, Marquis Jet respectfully requests that the Court grant its motion to dismiss FlexJet's declaratory judgment action, or, in the alternative, that the Court transfer venue to the District Court for the Southern District of New York.

Dated: July 16, 2007

Respectfully submitted,

/s/ Kevin E. Cadwell
Earl B. Austin
Texas Bar No. 01437300
Email: earl.austin@bakerbotts.com
Kevin E. Cadwell
Texas Bar No. 24036304
Email: kevin.cadwell@bakerbotts.com
BAKER BOTTS L. L. P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6500
(214) 953-6503 (Facsimile)

*Of Counsel:*
John Geelan
Paul C. Llewellyn
Christopher D. Baker
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Defendant Marquis Jet Partners, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 16, 2007, all counsel of record were served with a copy of this document either: (1) by the Court's Electronic Filing System if they have consented to electronic service, or (2) by certified mail if they have not so consented.

/s/ Kevin E. Cadwell

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) and JET SOLUTIONS, L.L.C., | § § § § | |
| Plaintiffs, | § § | Case No. 307-CV-1229-K |
| v. | § § | |
| MARQUIS JET PARTNERS, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE

*Of Counsel:*
John Geelan
Paul C. Llewellyn
Christopher D. Baker
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Earl B. Austin
Texas Bar No. 01437300
Email: earl.austin@bakerbotts.com
Kevin E. Cadwell
Texas Bar No. 24036304
Email: kevin.cadwell@bakerbotts.com
BAKER BOTTS L. L. P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6500
(214) 953-6503 (Facsimile)

*Attorneys for Defendant Marquis Jet Partners, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ....................................................................................... 2

ANALYSIS OF LAW.............................................................................................. 3

I.    COURTS REGULARLY DISMISS DECLARATORY JUDGMENT ACTIONS
      THAT ARE FILED TO PREEMPT A "TRUE PLAINTIFF" FROM CHOOSING
      ITS PREFERRED FORUM............................................................................... 4

II.   APPLICATION OF THE SEVEN-FACTOR TEST WARRANTS DISMISSAL
      OF PLAINTIFF'S ACTION............................................................................... 7

      A.    This Controversy Can Be Fully Litigated In New York........................ 7

      B.    FlexJet Filed Suit in Anticipation of Marquis' New York Action.......... 8

      C.    FlexJet Engaged in Forum Shopping................................................. 9

      D.    It Would Be Inequitable to Permit FlexJet to Gain Precedence With its
            Declaratory Relief Action. ............................................................. 10

      E.    New York Is The More Convenient Forum....................................... 11

      F.    Dismissing FlexJet's Action Would Promote Judicial Economy. ........ 12

III.  IN THE ALTERNATIVE, PLAINTIFF'S ACTION SHOULD BE
      TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK. ................. 13

CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

Page

## CASES

*Capco Int'l, Inc. v. Haas Outdoors, Inc.*,
  2004 U.S. Dist. LEXIS 6284 (N.D. Tex. Apr. 9, 2004)..............................................*passim*

*Dallas Semiconductor Corp. v. Credit Suisse First Boston Corp.*,
  2001 U.S. Dist. LEXIS 15282 (N.D. Tex. Sept. 26, 2001).........................................4, 7, 11

*Highland Capital Mgmt., L.P. v. Schneider*,
  2002 U.S. Dist. LEXIS 18207 (N.D. Tex. Sept. 27, 2002)........................................15

*Kinetic Concepts, Inc. v. Connetics Corp.*,
  2004 U.S. Dist. LEXIS 17969 (W.D. Tex. Sept. 9, 2004).........................................*passim*

*Lateena Girls, L.L.C. v. Latina Media Ventures, L.L.C.*,
  2006 U.S. Dist. LEXIS 62750 (W.D. Tex. Aug. 9, 2006)..........................................10, 13

*Mill Creek Press, Inc. v. The Thomas Kinkade Co.*,
  2004 WL 2607987 (N.D. Tex. Nov. 16, 2004)...........................................................*passim*

*PAJ, Inc. v. Yurman Design, Inc.*,
  1999 U.S. Dist. LEXIS 1424 (N.D. Tex. Feb. 9, 1999)..............................................*passim*

*Pertuit v. Youthspan, Inc.*,
  2003 U.S. Dist. LEXIS 2316 (E. D. La. Feb. 13, 2003) .............................................5, 8, 11,
                                                                                                      13

*Quicksilver, Inc. v. Academy Corp.*,
  1998 U.S. Dist LEXIS 19776 (N.D. Tex. Dec. 3, 1998) ............................................14

*St. Paul Ins. Co. v. Trejo*,
  39 F.3d 585 (5th Cir. 1994) ......................................................................................4

*Travelers Ins. Co. v. Louisiana Farm Bureau Federation*,
  996 F.2d 774 (5th Cir. 1993) ....................................................................................4

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ....................................................................................14

*Watkins Strategy & Resource Group, LLC v. WLC, LLC*,
  433 F. Supp.2d 778 (S.D. Miss. 2006)......................................................................7, 10, 11

*Whistler Group v. PNI Corp.*,
  2003 U.S. Dist. LEXIS 21968 (N.D. Tex. Dec. 5, 2003) ..........................................14

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ............................................................................................ 4

## STATUTES

28 U.S.C. § 1404(a) ............................................................................................ 1, 14

28 U.S.C. § 2201(a) ............................................................................................ 4

Defendant Marquis Jet Partners, Inc. ("Marquis") submits this memorandum of law in support of its motion to dismiss the declaratory judgment complaint of defendants Bombardier Aerospace Corporation ("Bombardier Jet") and Jet Solutions, L.L.C. ("Jet Solutions") (hereinafter collectively referred to as "FlexJet") pursuant to Rule 12(b)(1), Fed. R. Civ. P., or, in the alternative, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the District Court for the Southern District of New York, where Marquis' own lawsuit against FlexJet is pending.

## PRELIMINARY STATEMENT

FlexJet's declaratory judgment action is a classic example of a plaintiff rushing to the courthouse for the sole purpose of short-circuiting a lawsuit by the only party to have suffered actual injury. Marquis, not FlexJet, is the true plaintiff in this matter. FlexJet's lawsuit in this Court was filed shortly after it received a cease-and-desist letter from Marquis threatening litigation, in an obvious attempt to preemptively deprive Marquis of its choice of forum and to place it at procedural, geographic and other disadvantages. As such, FlexJet's lawsuit constitutes a misuse of this Court and wasteful multiplication of litigation. This dispute properly belongs in the Southern District of New York, which is Marquis' preferred forum, where Marquis filed an affirmative trademark infringement suit only a few days after FlexJet commenced this action. New York is the location of Marquis and the vast majority of documents that FlexJet has indicated that it plans to seek from Marquis, the location of Marquis's witnesses, and the location nearest to potential third party witnesses, and the Southern District of New York is the Court best suited to address the numerous claims under New York state law asserted in Marquis' complaint. It is well-settled in this Court and others within the Fifth Circuit that under such circumstances, a District Court is to exercise its discretion under the Declaratory Judgment Act and decline to entertain an anticipatory declaratory judgment action when the true plaintiff has filed – as

Marquis did here – its own suit asserting *affirmative* claims for *affirmative* relief in connection with another's unlawful conduct.

## STATEMENT OF FACTS

Marquis and FlexJet both sell flight time on private jets in the form of "jet cards" which provide purchasers with flight time on private aircraft. (App. p. 2 ¶¶ 4,6). Marquis has for several years used the slogans and trademarks "25 HOURS AT A TIME" and "NETJETS 25 HOURS AT A TIME" in connection with its advertisement and sale of jet cards. (App. p. 2 ¶ 5).

Recently, it came to Marquis' attention that FlexJet had commenced use of the virtually identical slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," in connection with advertising for FlexJet's jet cards in various nationally-circulated publications, including publications widely circulated in New York. (App. pp. 2-3 ¶ 7). Accordingly, on June 14, 2007, Marquis sent a letter to FlexJet expressing its concerns that FlexJet's use of the slogans constituted, among other things, trademark infringement and dilution, false designation of origin and unfair competition, in violation of state and federal law. (App. p. 3 ¶ 8, p.7 ¶ 4, pp. 11-18). Although the letter to FlexJet expressed Marquis' desire to avoid the need for a lawsuit, Marquis made clear that it was "fully prepared to enforce [its] rights to the full extent permitted by law, including litigation to the extent necessary." Marquis requested that FlexJet respond by June 22, 2007. (App. p. 12).

Unbeknownst to Marquis, on June 22, the very day on which Marquis requested FlexJet's response, FlexJet filed the instant declaratory judgment action. Several days later, counsel for Marquis received a letter from FlexJet's counsel, dated June 22 (and sent by regular mail) stating that FlexJet disagreed with Marquis' position and advising that FlexJet was filing the complaint enclosed. (App. p. 8 ¶ 6 & pp. 20-22). The letter from FlexJet's counsel also included a lengthy

and expansive list of discovery materials that FlexJet requested Marquis and its aircraft provider, nonparty NetJets, produce. (App. pp.21-22).

Within three business days after this case was filed, and even before Marquis was served with process in this action, on June 27, 2007, Marquis commenced an action against FlexJet in the United States District Court for the Southern District of New York, asserting claims for false designation of origin and unfair competition under federal law, as well as trademark infringement, trademark dilution, unfair competition and false advertising and deceptive acts and practices under New York law. (App. p. 8 ¶ 8 & pp. 29-39). FlexJet was served process in the New York action the following day, June 28, well before any service upon Marquis in the instant action. (App. p. 8 ¶ 8 & pp. 41-46).

As set forth above, the letter from FlexJet's counsel identified a wide variety of documents FlexJet plans to seek in this action. The overwhelming majority of these documents are located in Marquis' New York City headquarters. (App. p. 4 ¶ 11). The Marquis employees most knowledgeable regarding the issues in this case work and reside in New York and would be burdened if required to attend trial in Texas. (App. p. 4 ¶ 11). Even more importantly, potential nonparty witnesses, including Marquis' aircraft provider, NetJets Inc., and the advertising agency retained by Marquis in connection with its 25 HOURS AT A TIME slogans and advertising, are located in New Jersey and Boston, respectively, both of which are far more convenient to New York than to Dallas. (App. p. 4 ¶ 12-13).

## ANALYSIS OF LAW

The Declaratory Judgment Act governs federal jurisdiction over declaratory judgment actions and permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a) (1994). However, district courts are not required to entertain an action seeking declaratory relief: the Act merely "confers a discretion on

the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *accord St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

Courts in this District have considered seven nonexclusive factors when deciding whether to hear a declaratory judgment action that, like FlexJet's complaint, precedes a subsequently-filed affirmative action by the defendant to the declaratory judgment action. *See PAJ, Inc. v. Yurman Design, Inc.*, 1999 U.S. Dist. LEXIS 1424, *7-8 (N.D. Tex. Feb. 9, 1999); *Dallas Semiconductor Corp. v. Credit Suisse First Boston Corp.*, 2001 U.S. Dist. LEXIS 15282, *6-7 (N.D. Tex. Sept. 26, 2001). Those factors are:

- whether there is a pending court action in which all of the matters in controversy may be fully litigated;
- whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
- whether the plaintiff engaged in forum shopping in bringing the suit;
- whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
- whether the federal court is a convenient forum for the parties and witnesses;
- whether retaining the lawsuit . . . would serve the purposes of judicial economy; and
- whether the federal court is being asked to interpret a state court decree involving the same parties.

*PAJ, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *7-8 (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993)); *Capco Int'l, Inc. v. Haas Outdoors, Inc.*, 2004 U.S. Dist. LEXIS 6284, *9 (N.D. Tex. Apr. 9, 2004). Applying these factors here, it is plain that this action should be dismissed.

## I. COURTS REGULARLY DISMISS DECLARATORY JUDGMENT ACTIONS THAT ARE FILED TO PREEMPT A "TRUE PLAINTIFF" FROM CHOOSING ITS PREFERRED FORUM.

This court and others in the Fifth Circuit routinely dismiss declaratory judgment suits where, as here, the action was brought by an alleged trademark infringer simply to divest the "true plaintiff" of its right to choose a forum for seeking relief. *E.g.*, *Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, 2004 WL 2607987, *8 (N.D. Tex. Nov. 16, 2004); *Kinetic Concepts,*

*Inc. v. Connetics Corp.*, 2004 U.S. Dist. LEXIS 17969, *9 (W.D. Tex. Sept. 9, 2004); *Capco Int'l.*, 2004 U.S. Dist. LEXIS 6284, *15-16; *PAJ, Inc*, 1999 U.S. Dist. LEXIS 1424, at *9. The hallmark of these cases is that "the alleged victim of [trademark] infringement" – here, Marquis – "is typically given the right to choose the forum where its case will be heard," and that the infringer may not "rush to the courthouse" for the sole purpose of short-circuiting a lawsuit by the party whose trademark rights have been infringed. *See Mill Creek Press*, 2004 WL 2607987, at *8; *PAJ, Inc*, 1999 U.S. Dist. LEXIS 1424, at *9.

Thus, in *Capco Int'l*, the defendant informed plaintiff in a "cease-and-desist-letter" that plaintiff was violating defendant's trademark rights, and proposed that the dispute be resolved by a date certain – precisely as Marquis did here. 2004 U.S. Dist. LEXIS 6284, at *2. In response, the plaintiff preemptively filed suit seeking a declaratory judgment that it had not infringed defendant's trademarks. Defendant subsequently filed its own suit and sought to dismiss plaintiff's declaratory judgment action on the ground that plaintiff merely filed suit to preempt the right of defendant – as the alleged victim of trademark infringement – to choose its forum. *Id.* at *4. The Court dismissed plaintiff's suit, holding that "allowing an alleged infringer to proceed with a declaratory judgment action improperly divests the 'true plaintiff' (*i.e.*, the alleged victim of the infringement) of its right to choose the forum in which the infringement case will be heard." *Id.* at *15 (citing cases).[1]

Similarly, in *PAJ, Inc.*, after receiving defendant's "cease and desist letter," plaintiff preemptively filed suit seeking a declaratory judgment that it had not infringed defendant's

---

[1] Another court has defined "true plaintiff" this way: "plaintiffs seek a declaration of rights under the Declaratory Judgment Act *and do not assert any affirmative claims.* Therefore, they are not true plaintiffs." *Pertuit v. Youthspan, Inc.*, 2003 U.S. Dist. LEXIS 2316, *11 (E. D. La. Feb. 13, 2003) (emphasis added). That is precisely the case here with respect to FlexJet and its claim.

trademarks or engaged in unfair competition. 1999 U.S. Dist. LEXIS 1424, at *3. Defendant subsequently filed its own suit and sought to dismiss plaintiff's anticipatory declaratory judgment action. *Id.* at *4. The Court granted defendant's motion to dismiss, holding that "anticipatory suits deprive a potential plaintiff of his or her choice of forum." *Id.* at *10.[2] The Court reasoned that permitting a plaintiff to proceed with its anticipatory suit "would penalize [defendant] who made a good faith effort to resolve the matter without the assistance of the Courts through its cease and desist letter." *Id.*

Similar to the defendants in *Capco Int'l* and *Paj, Inc.*, Marquis addressed its claims of trademark infringement and other unlawful conduct to Flexjet in a cease and desist letter because Marquis "prefer[ed] to avoid the need for a lawsuit." (App. p. 12). Nevertheless, Marquis made clear its intention to enforce its trademark rights "to the full extent permitted by law, including litigation to the extent necessary" in the event Flexjet failed to respond to Marquis' demand. (*Id.*). Thus, Marquis extended to Flexjet the courtesy of a seven-day period in which to respond to Marquis' concerns – but Flexjet, instead, "rush[ed] to the courthouse" and filed an anticipatory suit in an improper attempt to "divest[] the 'true plaintiff' (*i.e.*, the alleged victim of the infringement) of its right to choose the forum in which the infringement case will be heard." *Capco Int'l,* 2004 U.S. Dist. LEXIS 6284, at *15; *PAJ, Inc,* 1999 U.S. Dist. LEXIS 1424, at *9.

Under these circumstances, it is clear that FlexJet's declaratory judgment action should be dismissed in deference to the "true plaintiff's" choice of forum – New York.

---

[2]    *See also Mill Creek Press*, 2004 WL 2607987, at *8 (dismissing declaratory judgment action; noting that "the alleged victim of [trademark] infringement is typically given the right to choose the forum where its case will be heard"); *Kinetic Concepts*, 2004 U.S. Dist. LEXIS 17969, at *9 (same).

## II. APPLICATION OF THE SEVEN-FACTOR TEST WARRANTS DISMISSAL OF PLAINTIFF'S ACTION.

As noted above, courts weigh seven "nonexclusive factors" in deciding whether to exercise their broad discretion under the Declaratory Judgment Act to dismiss a declaratory judgment action. *See Mill Creek Press*, 2004 WL 2607987, at *6; *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *9-10; pp 4-5, *supra*. Each of these factors weighs in favor of Marquis and collectively warrant dismissal of FlexJet's declaratory judgment action.[3]

### A. This Controversy Can Be Fully Litigated In New York.

Because "a nearly identical and more comprehensive suit" involving exactly the same parties, facts, and issues has been filed by Marquis in New York (*see* App. pp. 29-39), the first factor weighs in favor of dismissing FlexJet's declaratory judgment action. *E.g., Dallas Semiconductor*, 2001 U.S. Dist. LEXIS 15282, at *7; *Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *8. In the New York case, Marquis asserts claims for false designation of origin and unfair competition under federal law, as well as trademark infringement, trademark dilution, unfair competition and false advertising and deceptive acts and practices under New York law. Marquis asks the District Court in New York to enjoin FlexJet from using the slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" in connection with FlexJet's jet cards that directly compete with Marquis jet cards. (App. p. 37).

---

[3] Some courts have held that two of the seven factors addressing federalism concerns are inapplicable where there is no pending *state* lawsuit related to the declaratory judgment action. *E.g., Mill Creek Press*, 2004 WL 2607987 at *6; *Kinetic Concepts*, 2004 U.S. Dist. LEXIS 17969, at * 6; *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *12. *Cf. Watkins Strategy & Resource Group, LLC v. WLC, LLC*, 433 F. Supp.2d 778, 782 (S.D. Miss. 2006) ("pendency of a state court action is not dispositive of the first factor, and the fact that a parallel proceeding is pending in a sister federal court should be taken into consideration"); *Dallas Semiconductor*, 2001 U.S. Dist. LEXIS 15828, at *7 (weighing fact that pending federal action was best suited for litigating the matter in controversy). Marquis considers all seven factors below.

Every right that FlexJet asks this Court to adjudicate is presented in the New York action. Indeed, the substantive allegations of FlexJet's Complaint merely assert that the unlawful conduct Marquis sets forth in the New York action *is not* unlawful. *See* Complaint ¶ 11("Plaintiffs have not infringed . . . "); ¶ 12 ("Plaintiffs have not done anything [that] would constitute dilution, false designation of origin and/or unfair competition"); *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *15 (citing virtually identical language from declaratory judgment complaint in support of ruling to dismiss).

Since the court in New York has jurisdiction over the claims at issue, and the same issues are raised in both cases, the entire controversy may be "fully litigated" in New York. *E.g.*, *Pertuit*, 2003 U.S. Dist. LEXIS 2316, at *15 ("It would be redundant for the Court to allow both to proceed, in light of the similarity of facts, parties, and law"). What is more, the New York action also includes claims under New York law that are not before this Court. Therefore, this factor favors dismissing FlexJet's action.

**B.    FlexJet Filed Suit in Anticipation of Marquis' New York Action.**

"The court generally will not allow a party to secure its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum." *Kinetic Concepts*, 2004 U.S. Dist. LEXIS 17969, at *10; *accord Pertuit*, 2003 U.S. Dist. LEXIS 2316, at *15 (dismissing suit where "plaintiffs were aware that the defendants were going to sue them for infringement, and fearing such, filed suit to declare their rights"); *Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *10 (same).

Here, it is clear that the instant declaratory relief action was filed in anticipation of Marquis commencing its own suit. Marquis informed FlexJet through a cease and desist letter that it believed FlexJet's use of the slogan "25 HOURS AT A TIME" was unlawful. Although Marquis expressed its "prefer[ence] to avoid the need for a lawsuit," it nevertheless made clear

its intention to enforce its trademark rights "to the full extent permitted by law, including litigation to the extent necessary" in the event Flexjet failed to respond to Marquis' demand. (App. pp. 12).[4] Instead of complying with Marquis' request and responding to its letter, FlexJet preemptively filed this declaratory judgment suit. Indeed, FlexJet acknowledged its anticipatory motivation by forwarding a courtesy copy of the complaint to Marquis under a cover letter stating "in view of your very serious allegations on behalf of Marquis, our clients have concluded that we should seek judicial relief." (App. p. 21); *see Kinetic Concepts*, 2004 U.S. Dist. LEXIS 17969, at *11 (similar language was "instructive" in court's holding that the declaratory judgment action was filed "for the improper purpose of subverting the real plaintiff's advantage"). "Such motives have been found to constitute a 'rush to the courthouse' and grounds for the dismissal of a declaratory judgment suit." *Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *9 (citing cases).

**C.   FlexJet Engaged in Forum Shopping.**

"In the context of a trademark infringement case . . . the alleged victim of the infringement is generally given the initial right to choose the forum in which the infringement case will be heard." *Kinetic Concepts*, 2004 U.S. Dist. LEXIS 17969, at *9; *accord Lateena Girls, L.L.C. v. Latina Media Ventures, L.L.C.*, 2006 U.S. Dist. LEXIS 62750, *15 (W.D. Tex. Aug. 9, 2006); *PAJ, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *10. Filing a declaratory action "to

---

[4]   FlexJet has no argument that this language was ambiguous as to Marquis' intent to file suit given FlexJet's intransigence. In all events, a party need not expressly threaten to file suit in order for the adverse party to be on notice of its intent to pursue litigation. *E.g.*, *Mill Creek Press*, 2004 WL 2607987, *8 ("the tenor of the discussions and the correspondence between [the parties] suggested that litigation was [defendant's] next step"); *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *14 (same). Nor could FlexJet be surprised that Marquis, a New York-based company represented by counsel in New York, would file suit in New York rather than Dallas.

gain a tactical advantage over [the defendant] by choosing its desired forum ... is not a permissive reason to preemptively file a lawsuit." *Watkins*, 433 F. Supp.2d at 783-84; *accord Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at * 9 (filing an anticipatory suit "amounts to forum shopping").

FlexJet's own complaint confirms that FlexJet has engaged in brazen forum shopping: that pleading asserts *no affirmative causes of action*.  Marquis is the party claiming that FlexJet has infringed its trademark rights and committed related unlawful acts under federal and state law, not the other way around.  Accordingly, FlexJet's action plainly was brought "for the improper purpose of 'subverting the real plaintiff's advantage' in a forum of [plaintiff's] choosing," and, thus, should be dismissed. *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *15.

### D.   It Would Be Inequitable to Permit FlexJet to Gain Precedence With its Declaratory Relief Action.

While courts generally permit a first-filed action to proceed, when the filing party commences suit in anticipation of another party's suit in a different jurisdiction, the party who filed first is not, as noted above, the "true plaintiff." *E.g.*, *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *15; *see supra* at p.6 & n.1.  In such circumstances, dismissing the first-filed action is appropriate because it protects the true plaintiff's entitlement to choose its own forum and allows the parties to enter into good faith negotiations without the threat of the other party filing an inappropriate declaratory suit.  *Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *10 (declining to "penalize [defendant] who made a good faith effort to resolve the matter without the assistance of the Courts through its cease and desist letter").  Permitting the first-filed action to proceed would be inequitable because it "would allow the [declaratory relief plaintiff] to gain precedence in both time and forum." *Dallas Semiconductor*, 2001 U.S. Dist. LEXIS 15282, at *9; *accord Watkins Strategy*, 433 F. Supp.2d at 784 ("inequities would undoubtedly result . . . . [if] the real

plaintiff [were] deprived of its choice of forum"); *Pertuit*, 2003 U.S. Dist. LEXIS 2316, at *18 ("inequities would exist" if court "condon[ed] the gamesmanship" of declaratory relief plaintiff and "den[ied] the proper plaintiff" its choice of forum).

As set forth above, FlexJet filed this action a mere seven days after receiving Marquis cease and desist letter detailing FlexJet's unlawful conduct, before Marquis received any response to its demand letter and without any attempt to resolve this dispute without resorting to the courts. Such an anticipatory suit is improper under the Declaratory Judgment Act. Allowing FlexJet to proceed with this action would deny the "true plaintiff" – Marquis – the opportunity to choose its desired forum and would effectively penalize Marquis because it attempted to avoid litigation through a cease and desist letter. Since FlexJet is not the "true plaintiff," this Court should not countenance its efforts to deprive Marquis of its forum, particularly where Marquis "made a good faith effort to resolve the matter without the assistance of the Courts through its cease and desist letter." *Paj, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *10.

E.     **New York Is The More Convenient Forum.**

This factor weighs in favor of dismissal because most of the potentially discoverable evidence pertaining to the parties' dispute is in New York. Marquis employees responsible for advertising and marketing under the "25 HOURS AT A TIME" slogans reside in New York and work at Marquis' headquarters in New York. (App. p. 4 ¶ 11). Marquis' documents regarding its advertising and use of the marks, including advertising records, sample advertisements and marketing plans, also are located in New York. (App. p. 4 ¶ 11). Periodicals containing FlexJet's unlawful advertisements circulate in New York and the harm FlexJet is causing Marquis is felt by Marquis at its New York headquarters. That is why Marquis has asserted claims under New York state law, and why a New York court is better suited to litigate the issues.

FlexJet seemingly concedes the convenience of litigating its claim for relief in New York. Thus, on the same day FlexJet filed this suit, it sent a letter to Marquis identifying numerous categories of documents FlexJet requested be turned-over in connection with its claim for declaratory relief. (App. pp. 21-22). The overwhelming majority of documents FlexJet requested are located in Marquis' offices in New York. (App. p. 4 ¶ 11). FlexJet also asserted in its letter that documents of Marquis' aircraft provider, NetJets Inc., are material to FlexJet's request for declaratory relief. (App. pp. 21-22). While Marquis does not concede this assertion, NetJets Inc.'s corporate headquarters is located in New Jersey, and it is highly likely that any potentially discoverable documents or knowledgeable witnesses from NetJets would come from that office. (App. p. 4 ¶ 12). Moreover, the advertising agency retained by Marquis in connection with its 25 HOURS AT A TIME slogans and advertisements – another possible nonparty witness – is located in Boston, which, like New Jersey, is much closer to New York than to Texas, and from which air travel to New York is more convenient. (App. p. 4 ¶ 13). Under similar circumstances, the courts have held that "the alleged infringer" "should not be allowed to alleviate its litigation expense by filing an anticipatory declaratory judgment action in Texas. *PAJ, Inc.*, 1999 U.S. Dist. LEXIS 1424, at *12.

Requiring Marquis to litigate these issues in Texas would impose a significant burden on the only party whose rights have been infringed. Accordingly, this factor, too, weighs in favor of dismissing FlexJet's action.

### F. Dismissing FlexJet's Action Would Promote Judicial Economy.

Where "the actions involve identical issues of law and fact," judicial economy is served by dismissing the improper, anticipatory declaratory relief suit because it "would be duplicative to entertain both actions." *Pertuit*, 2003 U.S. Dist. LEXIS 23167, at *19; *accord Lateena Girls*, 2006 U.S. Dist. LEXIS 62750, at *20 ("avoiding piecemeal and duplicative litigation" serves the

interests of judicial economy). This is particularly true where the "true plaintiff" asserts claims and seeks relief more broadly than what is sought by its adversary's preemptive declaratory relief action: "the better alternative is to allow the broader relief action to proceed, since it certainly would address the relief sought, rather than the restricted declaratory judgment action." *Capco Int'l*, 2004 U.S. Dist. LEXIS 6284, at *17 (dismissing declaratory judgment action because true plaintiff's action was "more exhaustive" and contained both common law and federal claims) (*quoting* 10 Fed. P., § 23.10 (L. Ed. 2003)); *Mill Creek Press*, 2004 WL 2607987, at *9 (same). Here, the New York action not only encompasses all of the issues raised by this case, but also asserts claims under New York law. Plainly, it would be more efficient to address all of these issues in New York.

\* \* \* \* \*

Application of the multi-factor test leads to the inescapable conclusion that FlexJet's declaratory judgment action is a preemptive strike filed for the sole purpose of short-circuiting Marquis' lawsuit in the District Court for the Southern District of New York and unfairly gaining an advantage over Marquis in this dispute. Marquis is the only aggrieved party in this dispute, the only party to assert affirmative claims, and, thus, the only "true plaintiff." Accordingly, FlexJet's action should be dismissed.

## III. IN THE ALTERNATIVE, PLAINTIFF'S ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.

Even if the Court concludes that FlexJet may maintain its preemptive declaratory judgment action, the suit nevertheless should be transferred to the District Court for the Southern District of New York. Pursuant to 28 U.S.C. § 1404(a), a court may transfer an action in the

interest of justice "for the convenience of parties and witnesses."[5]  Courts consider numerous, nonexclusive factors in deciding whether to transfer an action:

- the convenience of the parties;
- the convenience of material witnesses;
- the availability of process to compel the presence of unwilling witnesses;
- the cost of obtaining the presence of witnesses;
- the relative ease of access to sources of proof;
- calendar congestion;
- where the events in issue took place; and
- the interests of justice in general.

*Whistler Group v. PNI Corp.*, 2003 U.S. Dist. LEXIS 21968, *6 (N.D. Tex. Dec. 5, 2003);

*Quicksilver, Inc. v. Academy Corp.*, 1998 U.S. Dist LEXIS 19776, *4 (N.D. Tex. Dec. 3, 1998).

As set forth above (*see* pp. 12-13), New York is the more convenient forum because Marquis' material witnesses and documents relevant to FlexJet's claim for declaratory relief are located in Marquis' New York offices.  Nonparty witnesses, including NetJets and Marquis' advertising agency, also are located much closer to New York than to Dallas – a particularly important fact given that "the convenience of the non-party witnesses is accorded the greatest weight" among the factors courts weigh in deciding a motion to transfer venue. *Whistler Group*, 2003 U.S. Dist. LEXIS 21968, at *9.  Procuring these witnesses' attendance at trial in Texas would be costly and inconvenient.

Transfer is particularly appropriate here given that both actions are relatively new and neither complaint has been answered.  *E.g., Highland Capital Mgmt., L.P. v. Schneider*, 2002 U.S. Dist. LEXIS 18207, *7 (N.D. Tex. Sept. 27, 2002) (granting defendant's motion to transfer venue, in part "because of the early stage of [the] litigation, the possibility of undue delay or

---

[5]    As a threshold matter, transfer to the District Court for the Southern District of New York is proper because it is "a district in which [FlexJet's] claim could have been filed." *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

## CERTIFICATE OF SERVICE

I certify that on July 16, 2007, all counsel of record were served with a copy of this document either: (1) by the Court's Electronic Filing System if they have consented to electronic service, or (2) by certified mail if they have not so consented.

/s/ Kevin E. Cadwell

prejudice resulting from transfer is minimal"). Indeed, Marquis perfected its New York action first by serving Flexjet with its complaint more than ten days prior to FlexJet's service of process. Accordingly, in the interest of conserving judicial resources and client economies, both Marquis' claims under federal and state law, as well as FlexJet's request for declaratory relief, should be heard before the same New York court.

## CONCLUSION

For all the foregoing reasons, Marquis respectfully requests that its motion to dismiss FlexJet's declaratory judgment action be granted, or, in the alternative, that the Court transfer venue to the District Court for the Southern District of New York.

Dated: July 16, 2007

Respectfully submitted,

/s/ Kevin E. Cadwell
Earl B. Austin
Texas Bar No. 01437300
Email: earl.austin@bakerbotts.com
Kevin E. Cadwell
Texas Bar No. 24036304
Email: kevin.cadwell@bakerbotts.com
BAKER BOTTS L. L. P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6500
(214) 953-6503 (Facsimile)

*Of Counsel:*
John Geelan
Paul C. Llewellyn
Christopher D. Baker
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Defendant Marquis Jet Partners, Inc.*

**EXHIBIT 2**







▶ NETJETS 25-HOURS AT A TIME



Through Marquis Jet's exclusive alliance with NetJets®, the worldwide leader in private aviation, the Marquis Jet Card enables access to the prestigious NetJets fleet with a simple payment for 25-hours of occupied flight time *.



MARQUIS JET WINNER ROBB REPORT "BEST OF THE BEST"



MARQUIS CARD BENEFIT: ACCESS TO MAYO CLINIC



MARQUIS JET FEATURED ON CNBC SQUAWK BOX

Private jet travel with the Marquis Jet Card offers a long list of advantages in today's changed world. Experience all the benefits of owning your own jet - freedom, control and flexibility - without the responsibilities.

The Marquis Jet Card provides access to the world's highest standards of safety, security and personal service provided by NetJets, the pioneer and worldwide leader in fractional aircraft ownership.

* All program flights operated by NetJets® companies under their respective FAR Part 135 Air Carrier Certificates

ABOUT MARQUIS JET   |   STRATEGIC ALLIANCES   |   PRIVACY / LEGAL   |   MEDIA / IMAGES   |   CONTACTS

© 2007 MarquisJet. All rights reserved.

ADVERTISING SUPPLEMENT

## IT'S NOT JUST A CARD. IT'S A CHOICE.

MARQUIS

274 6391 5381

JOHN Q. WITERS
11/05 THRU 11/07
MEMBER 4003P

...a choice to bring family together.

## THERE ARE NO LIMITS TO WHAT YOU CAN DO WITH YOUR MARQUIS JET CARD

A choice to speed up your life.
A choice to slow it down.

A choice to be home on time for cake.

THE MARQUIS JET CARD
NETJETS – 25 HOURS AT A TIME

## MARQUIS JET CARD PROGRAM HIGHLIGHTS

MARQUISJET

274 6391 5381

JOHN Q. WITERS
11/05 THRU 11/07
MEMBER 4003P

Exclusive access to the NetJets fleet of over 500 aircraft

Guaranteed availability 365 days a year with as little as 10 hours notice

Highest standards of safety, security and personal service

Access to thousands of airports in North America and Europe

No long-term commitment

10 aircraft types to choose from

Exchange your hours for a smaller or larger jet depending on your needs

No surcharges or unanticipated charges within NetJets primary service area

Special value-added benefits from Marquis Jet alliance partners

**MARQUIS**

1.866.538.7007   www.marquisjet.com



# Exhibit B



JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
214-661-6613 (Direct Fax)
rmeyer@jw.com

June 22, 2007

**Via Regular Mail**

Mr. Paul C. Llewellyn
Kaye Scholer L.L.P.
425 Park Avenue
New York, NY 10022-3598

     Re:    Your Allegations of Trademark Infringement and Unfair Competition by
           Bombardier Flexjet

Dear Mr. Llewellyn:

     We represent both Bombardier Flexjet ("Flexjet") and Jet Solutions L.L.C. ("Jet Solutions"), and are writing in response to your correspondence alleging trademark infringement and unfair competition by Flexjet. Although your correspondence is dated June 14, 2007, we did not receive a copy of it until June 20th.

     We are very concerned by a number of statements contained in your correspondence. First, you suggest that Marquis Jet ("Marquis") owns "strong trademark rights" in two slogans: "25 Hours at a Time" and "NetJets 25 Hours at a Time." We have serious questions as to whether or not such trademark rights actually exist for a variety of reasons.

     First, we are concerned about the statement in your letter that Flexjet "recently" has begun using the phrase "25 Hours at a Time." This is incorrect. This phrase has been a part of the Flexjet and Jet Solutions advertising strategy for many months. Moreover, we do not believe that Marquis is the only other block/fractional charter provider to have historically used such a phrase in its advertising. It is our understanding that other mutual competitors have also made use of the same, or a similar, phrase.

     Second, as I am sure you are aware, the phrase "25 Hours at a Time" is neither unique nor novel, nor a reflection of any creative thinking or advertising prowess. The block/fractional charter industry, of which our clients are both a part, has sold fractional interests in jet charters for many years. Twenty-five (25) hours represents one-half of a standard share in the fractional charter industry. This has long been the standard time package offered to individuals or entities who wish to purchase blocks of jet charter time without securing an ownership interest in the aircraft itself. As such, "25 hours" or "25

June 22, 2007
Page 2

hours at a time" has reached such a level of common usage within the industry, and among the relevant customer base, that its meaning is simply generic.

Without conceding that the term is anything more than generic, the phrase "25 Hours at a Time" is – at best -- descriptive. It is in this regard that we have a second concern about your correspondence. In it, you suggest that the phrase "25 Hours at a Time" has become "closely associated by the public (and especially by prospective purchasers of fractional jet cards) with Marquis." Purchasers of fractional shares, and perhaps even the public, may associate the phrase "25 Hours at a Time" with the block charter industry. However, it is a significant reach to suggest that the term will be associated with a specific service provider such a Marquis, rather than industry providers as a whole. In that regard, we seriously doubt that Marquis can make the requisite showing of secondary meaning even if it is determined that "25 Hours at a Time" is descriptive.

Consequently, and in view of your very serious allegations on behalf of Marquis, our clients have concluded that we should seek judicial relief. Enclosed is a courtesy copy of a Complaint that we intend to file in the United States District Court for the Northern District of Texas late this afternoon. In that regard, we request that you provide us with the following materials, or any others that support the contentions contained in your June 14 correspondence. We will be happy to reciprocate.

- Any and all agreements between Marquis and NetJet relating to block charter/fractional industry operations including, without limitation, any Trademark License Agreements between the parties.

- Any and all documents in the possession, custody, or control of either Marquis or NetJet relating to the marketing or advertising usage of the slogans in which Marquis claims to have trademark rights.

- Copies of all marketing materials and advertisements in which the two slogans in question have been used, including the date of usage.

- Any and all materials in the possession, custody, or control of either Marquis or NetJet reflecting the usage of the same or similar terms by competitors in the block charter/fractional share industries.

- Any and all correspondence, pleadings, or other communications between Marquis and/or NetJet and their competitors in the industry regarding the use of the subject phrase.

- Any and all materials available through either Marquis or NetJet that would reflect the geographic market in which Marquis allegedly provides block charter/fractional industry services (differentiating, if possible, between the areas in which the services are or have been available and those in which such services have actually been rendered).

June 22, 2007
Page 3

- Any and all surveys and survey results undertaken by or on behalf of either Marquis or NetJet reflecting the alleged secondary meaning attributed to the disputed terms.

- Any other evidence of secondary meaning that is available.

- Any and all materials that would indicate that there is not a secondary meaning of the disputed phrases that is unique to Marquis or to NetJet.

- Any and all materials in the possession, custody, or control of Marquis or NetJet that would support a contention that these alleged marks have either been invalidated or abandoned.

- Any and all intra/inter-company communications (including e-mails) relating to the foregoing issues, including both internal communications and those exchanged with third-parties.

- Any other electronically stored information that would be relevant to the foregoing issues.

If you believe that a confidentiality agreement should be executed by the respective parties prior to the exchange of these materials, please let me know. We can provide you with a draft agreement for review and comment.

If you have any questions, please feel free to contact either my partner, Leonard Hoffman (214) 953-5823, or me (214) 953-6134. We look forward to hearing from you.

Very truly yours,

Russ Meyer
Jackson Walker L.L.P.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BOMBARDIER AEROSPACE** | § | |
| **CORPORATION (d/b/a Flexjet) and** | § | |
| **JET SOLUTIONS, L.L.C.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CASE NO.** _____ |
| | § | |
| **MARQUIS JET PARTNERS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs, BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) ("BAC") and JET SOLUTIONS, L.L.C. ("Jet Solutions") and bring this suit against Defendant, MARQUIS JET PARTNERS, INC. ("Defendant"). In support thereof, BAC and Jet Solutions (collectively referred to as "Plaintiffs") would show the Court as follows:

### PARTIES

1.    Plaintiff BOMBARDIER AEROSPACE CORPORATION ("BAC") is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 400, Richardson, TX 75080. Plaintiff BAC is qualified to do business in the State of Texas.

2.    Plaintiff JET SOLUTIONS, L.L.C. ("Jet Solutions") is a Delaware limited liability company with its principal place of business at 3400 Waterview Parkway, Suite 102, Richardson, TX 75080. Jet Solutions is qualified to do business in the State of Texas.

3.    On information and belief, Defendant MARQUIS JET PARTNERS, INC. (herein "Defendant") is a Delaware corporation, having its principal place of business at 230 Park Ave.,

Suite 840, New York, New York 10169. Defendant may be served with process through its officers, Ken Dichter or Henry Schacher at 230 Park Ave., Suite 840, New York, New York 10169.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a). This Complaint is brought under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). Plaintiffs seek a declaration that the use of the words "25 HOURS AT A TIME" or any combination of such words by BAC or Jet Solutions in any advertisement, broadcast, or other publication in connection with Plaintiffs' respective businesses does not constitute an infringement of any valid and enforceable trademark of Defendant.

5.      Defendant has caused its attorney to send a letter dated June 14, 2007 to Plaintiff BAC advising, among other things, that "...Marquis Jet...owns...trademark rights..." and alleging that "...Flexjet's actions...constitute...trademark infringement and dilution, false designation of origin and unfair competition in violation of the federal Lanham Act and state law." Plaintiffs deny all such allegations of wrongdoing or violation of law. Thus, a case of actual controversy exists within the meaning of 28 U.S.C. §§ 2201 and 2202.

6.      Defendant is subject to personal jurisdiction in the Northern District of Texas. Defendant does business in Texas. Venue is proper because 28 U.S.C. §§ 1391(b) and 1391(c) apply.

### COUNT I
### DECLARATORY JUDGMENT

7.      Plaintiffs incorporate the allegations set forth in Paragraphs 1-6 above as if fully set forth herein.

8.      A case of actual controversy has arisen and now exists between the parties regarding Plaintiffs' rights to use certain common words in their business to wit: "25 HOURS AT A

PLAINTIFFS' ORIGINAL COMPLAINT                                                                 PAGE 2

TIME." (the "Phrase"). Defendant has alleged that the Phrase is a trademark which belongs to Defendant. Plaintiffs disagree and would show that the Phrase, or any portion or rearrangement of the words in the Phrase, is not entitled to protection under the Lanham Act and state law, and Plaintiffs are entitled to a declaratory judgment to that effect.

9.      None of the acts complained of by Defendant in the aforesaid June 14, 2007 letter to BAC come within the scope of any valid and enforceable trademark, and Plaintiffs are entitled to a declaratory judgment to that effect.

10.     Any claim by Defendant that the Phrase is entitled to protection as a trademark under the Lanham Act or state law is invalid and unenforceable, and Plaintiffs are entitled to a declaratory judgment to that effect.

11.     Plaintiffs have not infringed, contributorily infringed or induced infringement of any valid and enforceable trademark owned by Defendant, and Plaintiffs are entitled to a declaratory judgment to that effect.

12.     Plaintiffs have not done anything in regard to the Phrase or Defendant which would constitute a dilution, false designation of origin and/or unfair competition in violation of federal, state or common law, and Plaintiffs are entitled to a declaratory judgment to that effect.

13.     Upon information and belief, on or about June 6, 2007, Defendant filed an application for trademark registration Serial No. 77/199761, with the United States Patent and Trademark Office ("USPTO") regarding the Phrase (the "Trademark Application"). Plaintiffs would show that the Phrase does not meet the necessary requisites for the issuance of a trademark registration. The Trademark Application should be deemed null and void, and Plaintiffs are entitled to a declaratory judgment to that effect.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that the Court enter judgment that:

PLAINTIFFS' ORIGINAL COMPLAINT                                      PAGE 3

1.  Plaintiffs are not infringing and have not infringed any trademark owned by Defendant;

2.  the use of the Phrase by either or both Plaintiffs does not violate the Lanham Act, or any other federal or state law and does constitute a dilution, false designation of origin or unfair competition in violation of law;

3.  Plaintiffs are not liable for infringement, contributory infringement or inducement of infringement of any trademark alleged by Defendant related to the Phrase;

4.  the asserted trademark in Defendant's Trademark Application with the USPTO concerning the Phrase is invalid and enforceable;

5.  Plaintiffs' acts have not injured and will not injure the business reputation of Defendant or damage its good will;

6.  This is an exceptional case, and award Plaintiffs reasonable attorneys' fees pursuant to the Lanham Act and all other applicable statutes, rules and common law;

7.  Plaintiffs shall recover their costs and expenses; and

8.  award Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues properly triable to a jury in this case.


Respectfully submitted,

*Russ Meyer*

A.M. (Russ) Meyer, Jr. (TX 13998700)
Leonard E. Hoffman, III (TX 9789700)
Carl C. Butzer (TX 03545900)
JACKSON WALKER L.L.P.
901 Main St., Suite 6000
Dallas, Texas 75202
Telephone No.: (214) 953-6000
Facsimile No.: (214) 953-5822

Attorneys for Plaintiffs Bombardier Aerospace
Corporation (d/b/a Flexjet) and Jet Solutions,
L.L.C.

# Exhibit C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



MARQUIS JET PARTNERS, INC.,

       Plaintiff,

   v.

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.,

       Defendants.

Civil Action No. _____

'07 CIV 6082

**REQUEST FOR JURY TRIAL**

RECEIVED
JUN 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff Marquis Jet Partners, Inc. ("Marquis Jet"), for its complaint against defendants Bombardier Aerospace Corporation ("Bombardier Jet") and Jet Solutions, L.L.C. ("Jet Solutions") (hereinafter collectively referred to as "FlexJet") for trademark infringement, unfair competition and false designation of origin, and related claims under state law for dilution and unfair competition, pleads and alleges as follows:

## NATURE AND BASIS OF THE ACTION

1.    This action is brought by Marquis Jet against the FlexJet under the Lanham Act, 15 U.S.C. § 1125, and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating to FlexJet's use of the phrases "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" as a tagline in connection with advertising for Defendants' fractional jet cards. Marquis Jet has adopted and used continuously since 2004 the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its fractional jet cards. As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, the slogan 25 HOURS AT A TIME has become closely associated by the relevant purchasing public with Marquis Jet, which

31498170.WPD

owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans.

2.　　FlexJet, with full knowledge of the existence of Marquis Jet's 25 HOURS AT A TIME slogans, has adopted the identical 25 HOURS AT A TIME tagline to identify its competing fractional jet cards, which are offered to the same consumers through the same channels of trade as Marquis Jet offers its fractional jet cards.

3.　　The use by FlexJet of the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" in connection with advertising for FlexJet's fractional jet cards infringes the Marquis Jet's 25 HOURS AT A TIME slogans and unlawfully trades on the goodwill and reputation Marquis Jet has established through its use and promotion of the 25 HOURS AT A TIME slogans. FlexJet's infringement of the 25 HOURS AT A TIME slogans is likely to cause consumers, purchasers and others to be confused or mistaken into believing that the FlexJet's products and services originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Marquis Jet or the source of the Marquis Jet's fractional jet cards.

4.　　Unless such acts of infringement, dilution, unfair competition and false designation of origin are enjoined, Marquis Jet will suffer irreparable injury for which there is no adequate remedy at law.

## PARTIES

5.　　Plaintiff Marquis Jet is a Delaware corporation with offices located at 230 Park Avenue, New York, NY 10169. Marquis Jet is in the business of subleasing and assigning fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

APPENDIX PAGE 30

6.      On information and belief, defendant Bombardier Jet is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 400, Richardson, TX 75080. On information and belief, defendant Bombardier Jet is engaged in the business of designing, manufacturing and selling aviation products and services, including fractional ownership cards under the taglines "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," throughout the United States, including in the State of New York and this Judicial District, in direct competition with plaintiff Marquis Jet.

7.      On information and belief, defendant Jet Solutions is a Delaware limited liability company with its principal place of business at 3400 Waterview Parkway, Suite 102, Richardson, TX 75080. On information and belief, defendant Jet Solutions operates all of defendant Bombardier Jet's commercial flights and defendant Bombardier Jet's fractional jet card program at issue in this action.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over the trademark infringement, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

9.      The Court has personal jurisdiction over defendants because, upon information and belief, defendants are present and doing business in the State of New York either directly or through their agents, or, alternatively, because defendants are subject to personal jurisdiction under the principles set forth in New York Civil Practice Law and Rules § 302.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Marquis Jet and its Distinctive and Well Recognized 25 HOURS AT A TIME Slogan.

11.    Marquis Jet subleases and assigns fractional ownership interests in jet aircraft by, *inter alia*, selling flight time to its clients in the form of "jet cards."

12.    Since 2004, Marquis Jet has used the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its jet cards.  Marquis Jet has prominently featured its 25 HOURS AT A TIME slogans, among other places, on its web site at marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as The New York Times, Wall Street Journal, Robb Report Magazine, Departures Magazine and others, and has expended millions of dollars on advertising featuring the 25 HOURS AT A TIME taglines.  As a result of its extensive, continuous and exclusive use of these slogans throughout the United States to identify its jet cards, Marquis Jet enjoys valid and subsisting federal and common law trademark rights to the 25 HOURS AT A TIME slogan.

13.    Marquis Jet's services sold under the 25 HOURS AT A TIME slogans have been highly successful nationwide and have achieved millions of dollars of sales annually.

14.    By virtue of Marquis Jet's substantial use, sales and promotion of the 25 HOURS AT A TIME slogans throughout the United States, and the inherently distinctive nature of the slogans, the 25 HOURS AT A TIME slogans have become well-known trademarks, have become distinctive of Marquis Jet's products and services, and have come to serve to identify and indicate the source of Marquis Jet's products and services to consumers and the trade.  Marquis has developed for itself

31498170.WPD                                     4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BOMBARDIER AEROSPACE CORPORATION (d/b/a Flexjet) and JET SOLUTIONS, L.L.C., | § § § § | |
| Plaintiffs, | § § | Case No. 307-CV-1229-K |
| v. | § § | |
| MARQUIS JET PARTNERS, INC., | § § | |
| Defendant. | § | |

**APPENDIX
TO DEFENDANT'S MOTION TO DISMISS THE
COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE**

*Of Counsel:*
John Geelan
Paul C. Llewellyn
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
(212) 836-8000

Earl B. Austin
Texas Bar No. 01437300
Email:  earl.austin@bakerbotts.com
Kevin E. Cadwell
Texas Bar No. 24036304
Email:  kevin.cadwell@bakerbotts.com
BAKER BOTTS L. L. P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6500
(214) 953-6503  (Facsimile)

*Attorneys for Defendant Marquis Jet
Partners, Inc.*

# <u>TABLE OF CONTENTS</u>

<u>Appendix Pages</u>

Declaration of Randy Brandoff ..................................................................................................... 1-5

Declaration of Paul C. Llewellyn and exhibits ....................................................................... 6-46

    Exhibit A ........................................................................................................................... 10-18

    Exhibit B ........................................................................................................................... 19-27

    Exhibit C ........................................................................................................................... 28-39

    Exhibit D ........................................................................................................................... 40-46

31507135.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISIONS

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FlexJet) and JET SOLUTIONS, L.L.C.,

        Plaintiffs,

v.                                                    Case No. 3:07-cv-1129

MARQUIS JET PARTNERS, INC.,

        Defendant.

---

## DECLARATION OF RANDY BRANDOFF IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS THE
## COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE

I, Randy Brandoff, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Vice President of Marketing for Marquis Jet Partners, Inc. ("Marquis"),
a position that I have held for five years. As the Vice President of Marketing, I am responsible
for overseeing Marquis's marketing and advertising efforts. I make this declaration upon
personal knowledge of the facts set forth herein. I am over 18 years of age and can competently
testify to the matters set forth herein.

2. I submit this declaration in support of Marquis's motion to dismiss or, in the
alternative, to transfer this declaratory judgment action, which was filed by the plaintiffs
(together "Flexjet") in response to Marquis's demand letter threatening legal action with respect
to Flexjet's unlawful conduct.

**Marquis and its Jet Card Program**

3. Executive Jets, Inc. was established in 1987, and was purchased by investor
and long-time customer Warren Buffet in 1998. Executive Jets, Inc. was renamed NetJets, Inc.

31504536.DOC                                                    APPENDIX PAGE 1

("NetJets") in 2002. It is the pioneer of the fractional aircraft ownership business, which offers customers the option of purchasing an ownership share of a specific aircraft instead of purchasing a prohibitively expensive aircraft outright. NetJets now manages over 650 aircraft and flies to 150 countries worldwide.

      4.  Marquis, which is headquartered in New York, was established in 2001, and it pioneered the first "jet card" program of its kind. As a result of its exclusive alliance with NetJets, Marquis is able to offer for sale to its customers jet cards that represent blocks of flight time on NetJets' 650 aircraft fleet, without any further ownership commitment. Marquis' jet card program has been incredibly successful, and has significantly expanded the total fractional aircraft ownership market.

      5.  Since at least 2004, Marquis has used the slogans and marks "25 HOURS AT A TIME" and "NETJETS 25 HOURS AT A TIME" in connection with the advertisement and sale of its jet cards. These slogans and marks have been featured on Marquis' website (http://www.marquisjet.com) and other promotional materials, as well as in advertisements in such widely distributed publications as the New York Times, Wall Street Journal, Departures Magazine, Robb Report Magazine and Forbes Life. Marquis has expended substantial amounts of effort and money to advertise and promote these slogans and marks.

**Flexjet's Unlawful Conduct and Marquis's Demand Letter**

      6.  Marquis is a direct competitor of Flexjet, which sells jet cards for flight time on private aircraft, as well as fractional ownership interests in such aircraft.

      7.  It recently came to my attention that Flexjet was using the slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" in its

advertisements, including in publications that are widely circulated in New York, such as The Robb Report.

8.   Accordingly, as set forth more fully in the Declaration of Paul C. Llewellyn, Marquis' counsel sent a letter to Flexjet on June 14, 2007, expressing our view that Flexjet was infringing our trademarks and demanding that it stop using the slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME."  (A copy of Marquis' demand letter is attached as Exhibit A to Mr. Llewellyn's declaration.)  While we sought to resolve this dispute with a simple cease and desist letter, we made it clear to Flexjet that Marquis was ready to litigate to enforce its rights if a satisfactory response was not received by June 22, 2007.

9.   Instead of responding to our June 14 letter, Flexjet filed this declaratory judgment lawsuit on June 22, 2007, the very day by which we had requested a response from Flexjet to our letter.  Marquis found out about this lawsuit when Mr. Llewellyn received a copy of the complaint from Flexjet's counsel on June 26, 2007, along with a letter disputing Marquis' claims and setting forth a lengthy list of documents that Flexjet intended to seek from Marquis in this action. (A copy of the letter from Flexjet's counsel, dated June 22, 2007 and sent by regular mail, is attached as Exhibit B to Mr. Llewellyn's declaration.)

10. On Wednesday 27, 2007, within three business days after this case was filed, Marquis filed a lawsuit against Flexjet in the United States District Court for the Southern District of New York asserting claims for false designation of origin and unfair competition under federal law, as well as trademark infringement, trademark dilution, unfair competition, and false advertising and deceptive acts and practices under New York law.  (See Llewellyn Declaration Exhibits C & D.)

**Texas is an Inconvenient Forum For Litigating Marquis's Claims for Relief**

11. As noted above, Flexjet's June 22 letter lists many types of documents that Flexjet plans to seek in this dispute (Llewellyn Declaration Exhibit B at pp. 2-3). Virtually all of Marquis' documents that Flexjet plans to seek are located here in New York, including, for example, Marquis' advertising records, marketing records, sample advertisements, and so on. Similarly, the Marquis employees most knowledgeable with respect to Marquis' use of its trademarks and the injury caused by Flexjet's conduct, myself and Ken Austin, are both residents of New York, who work in New York, and who would be burdened in having to travel to the North District of Texas for this case.

12. In addition, Flexjets has indicated that it plans to seek discovery from NetJets, who is not a party to this case. (See Llewellyn Declaration Exhibit B at pp. 2-3.) NetJets is headquartered in Woodbridge, New Jersey, very close to New York, and based on my experience working with NetJets, it is quite likely that all or virtually all of the NetJets documents that Flexjet contends are relevant in this case are located in New Jersey, including documents relating to NetJets' advertising and business operations. Similarly, NetJets' employees who are most knowledgeable with respect to NetJets' advertising and business operations also are very likely to be located in New Jersey, close to New York.

13. Another potential non-party witness from whom Flexjet might try to seek discovery, Marquis' advertising agency, Boathouse Inc., is located in Boston, MA, and any relevant documents and knowledgeable employees with respect to the advertisement and use of the slogans at issue likely are to be found in Boston. New York is much more convenient to Boston than is Dallas. For example, the flight time between Dallas and Boston is almost five hours, whereas the flight time between New York and Boston is a little over an hour.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _16_ day of July, 2007 at New York, New York.

Randy Brandoff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISIONS

_____

BOMBARDIER AEROSPACE CORPORATION
(d/b/a FlexJet) and JET SOLUTIONS, L.L.C.,

        Plaintiffs,

    v.                                Case No. 3:07-cv-1129

MARQUIS JET PARTNERS, INC.,

        Defendant.

_____

## DECLARATION OF PAUL C. LLEWELLYN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE

I, Paul C. Llewellyn, declare pursuant to 28 U.S.C. § 1746 as follows:

1.   I am a partner at Kaye Scholer LLP, counsel for defendant Marquis Jet Partners, Inc. ("Marquis"). I make this declaration upon personal knowledge of the facts set forth herein. I am over 18 years of age and can competently testify to the matters set forth herein.

2.   I submit this declaration in support of Marquis's motion to dismiss or, in the alternative, to transfer this declaratory judgment action. As set forth more fully below, in the accompanying declaration of Marquis' Randy Brandoff, and in Marquis' supporting memorandum of law, this declaratory judgment action was filed by plaintiffs (together, "FlexJet") in anticipation of Marquis's trademark infringement lawsuit against FlexJet in the United States District Court for the Southern District of New York, in an effort to deprive Marquis, the true plaintiff here, of its choice of forum, and to provide FlexJet with unfair procedural and other advantages.

3.   As set forth in the Brandoff Declaration, Marquis and FlexJet compete in the sale of fractional ownership interests in jet aircraft by selling flight time on private jets in the form of "jet cards."  Marquis, which is a Delaware corporation headquartered in New York, has for several years used the slogans and trademarks "25 HOURS AT A TIME" and "NETJETS 25 HOURS AT A TIME" in connection with its advertisement and sale of jet cards.  It recently came to Marquis' attention FlexJet's has commenced use of the slogans "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME," in connection with FlexJet's jet cards and in direct competition with Marquis.

4.   Accordingly, on June 14, 2007, on behalf of Marquis, I sent a letter to FlexJet in which I set forth Marquis's view that FlexJet's use of "25 HOURS AT A TIME" and "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" constituted, among other things, trademark infringement and dilution, false designation of origin and unfair competition, in violation of state and federal law, and in which I demanded that FlexJet cease and desist from its use of these phrases.  A copy of my June 14, 2007 letter to FlexJet, with attachments, is attached as Exhibit A hereto.

5.   Although my June 14, 2007 letter expressed Marquis' desire to avoid the need for a lawsuit to address FlexJet's wrongful conduct, it was quite clear that Marquis was prepared to commence litigation if necessary to enforce its rights.  Thus, I stated in my letter, "We are fully prepared to enforce our client's rights to the full extent permitted by law, including litigation to the extent necessary."  My letter went on to state that Marquis would take appropriate action to protect its rights if we did not receive a satisfactory response by Friday, June 22, 2007.

6. I did not receive a response to my June 14, 2007 letter by June 22. Instead, a few days later, on Tuesday, June 26, I received a letter from Russ Meyer, Esq., counsel for Flexjet, which was sent to me via United States regular mail, and which enclosed a copy of FlexJet's complaint in this action. In his letter, a copy of which (with enclosures) is attached as Exhibit B hereto, FlexJet's counsel stated that FlexJet disagreed with Marquis' position and advised that FlexJet was filing the complaint enclosed with the letter that same afternoon that the letter was being mailed via regular mail – that is, on June 22, 2007.

7. The letter from FlexJet's counsel also included a lengthy and expansive list of discovery materials that FlexJet intended to seek from Marquis in this action.

8. On Wednesday, June 27, 2007 – within three business days after FlexJet's complaint was filed in this action, and prior to service of process of Marquis in this action – Marquis commenced an action against FlexJet in the United States District Court for the Southern District of New York, asserting claims for false designation of origin and unfair competition under federal law, as well as trademark infringement, trademark dilution, unfair competition and false advertising and deceptive acts and practices under New York law. A copy of Marquis' complaint as filed in the Southern District of New York is attached as Exhibit C hereto. Copies of returns of service showing service of the summons and complaint upon FlexJet on June 28, 2007 are attached as Exhibit D hereto.

9. Marquis, not FlexJet, is the true plaintiff in this matter. FlexJet's declaratory judgment lawsuit in this Court was filed in anticipation of Marquis's own lawsuit, in an obvious attempt to deprive Marquis of its choice of forum and to place it at procedural, geographic and other disadvantages, and constitutes a misuse of this Court and wasteful multiplication of litigation. This dispute properly belongs in the Southern District of New York, which is

Marquis' preferred forum, the location of Marquis and the many documents that FlexJet seeks from Marquis in this action, and the court best suited to address the numerous state law claims asserted in Marquis' complaint. Accordingly, for the reasons set forth above, in Mr. Brandoff's declaration and in Marquis' memorandum of law, FlexJet's complaint should be dismissed or, in the alternative, this action should be transferred to the United States District Court for the Southern District of New York.

   10. I further state that no prior request has been made to this or any other tribunal for the relief sought in connection with this request.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of July, 2007 at New York, New York.

_____
Paul C. Llewellyn

# Exhibit A

# KAYE SCHOLER LLP

Paul C. Llewellyn
212 836-7828
Fax 212 836-6463
pllewellyn@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

June 14, 2007

**BY FEDERAL EXPRESS**
**OVERNIGHT DELIVERY**

Mr. Michael McQuay
President
Bombardier Flexjet
3400 Waterview, Suite 400
Richardson, Texas 75080

Re:   *Trademark Infringement and Unfair Competition by*
*Bombardier Flexjet*

Dear Mr. McQuay:

We write on behalf of our client Marquis Jet ("Marquis Jet") with regard to unlawful acts of trademark infringement and unfair competition engaged in by Bombardier Flexjet ("Flexjet").

It has come to our client's attention that Flexjet, a direct competitor of Marquis Jet in the sale of fractional jet cards, recently has begun using as the phrase "A FLEXJET EXPERIENCE 25 HOURS AT A TIME" as a tagline in advertising for its Flexjet services and cards, as shown in the advertisement attached as Exhibit A.

Marquis Jet has for several years used the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising for its fractional jet cards. (Examples of Marquis Jet advertisements using these slogans as headlines and taglines are attached as Exhibit B.) Marquis adopted and has continuously used these taglines since 2004, has prominently featured them, among other places, on its web site at www.marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as The New York Times, Wall Street Journal, Robb Report Magazine, Departures Magazine and others, and has expended millions of dollars on advertising featuring the taglines. As a result of its extensive use of the slogans 25 HOURS AT A TIME and NETJETS 25 HOURS AT A TIME in advertising and promotional materials, these slogans have become closely associated by the public (and especially by prospective purchasers of fractional jet cards) with Marquis Jet, which owns strong trademark rights in these slogans and has developed an excellent reputation for its services offered under the slogans, and substantial goodwill in the slogans.

31484056.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

**KAYE SCHOLER** LLP

Mr. Michael McQuay                          2                          June 14, 2007

There can be no doubt that Flexjet's use of its 25 HOURS AT A TIME slogan is likely to cause confusion among prospective purchasers as to the origin, source, sponsorship or approval of Flexjet's services. Not only is the slogan identical to that of Marquis Jet, but the parties' services also are the same, are offered to the same prospective purchasers and are advertised in the same media channels, including some of the very same publications. The juxtaposition of the slogan with the Flexjets mark, which is itself similar to the NetJets mark that frequently accompanies Marquis Jet's slogan, only heightens the likelihood of confusion. Given Marquis Jet's irrefutable federal and common law rights in the above-mentioned taglines, Flexjet's adoption of the identical tagline in connection with its services can only be viewed as an attempt to copy Marquis Jet's advertising slogans and to trade on its valuable trademarks and goodwill. In addition, the use of so similar a slogan inevitably dilutes and will dilute the distinctive nature of Marquis Jet's 25 HOURS AT A TIME mark.

Flexjet's actions described above constitute, among other things, trademark infringement and dilution, false designation of origin and unfair competition in violation of the federal Lanham Act and state law. You should be aware that under the Lanham Act, a successful plaintiff may obtain preliminary and permanent injunctive relief and may recover the infringer's profits, damages to the plaintiff and the costs of the action.

The damage to our client from Flexjet's willful and unlawful conduct is serious and substantial. Marquis Jet has spent significant sums of money and considerable effort developing its valuable trademark rights and is committed to protecting those rights. Marquis Jet would prefer to avoid the need for a lawsuit to enjoin Flexjet's unlawful conduct and for damages, profits, attorney's fees and other relief under federal and state law. In view of the foregoing, we demand that you immediately (1) cease use of the phrase or slogan 25 HOURS AT A TIME, or any other confusingly similar version thereof, in any advertising or marketing materials for Flexjet services or goods; and (2) agree not to use any such phrases or slogans in the future.

We are fully prepared to enforce our clients' rights to the full extent permitted by law, including litigation to the extent necessary. We have been instructed to take appropriate action to protect our clients' valuable rights unless we receive a satisfactory response to this letter promptly, and request that you provide such a response no later than June 22.

Very truly yours,

Paul C. Llewellyn

Attachments

31484056.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**EXHIBIT A**

# Flexibility.

## Revel in the Experience.

## Fractional Jet Ownership Designed Around You

Round-the-clock access to an entire fleet of new Bombardier Challenger and Learjet aircraft.

The flexibility to fly the exact hours you need with all the ownership benefits you desire.

All the details handled for you. At a fraction of the cost of traditional private jet ownership.

Enjoy the most flexibility in fractional ownership. For all the moments that truly matter.

Call 1-800-FLEXJET or visit flexjet.com.

### BOMBARDIER
### FLEXJET

FLY LESS THAN 50 HOURS PER YEAR? CHOOSE THE FLEXJET 25 JET CARD — A FLEXJET EXPERIENCE 25 HOURS AT A TIME

**EXHIBIT B**

and its 25 HOURS AT A TIME-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

15.     In light of the distinctiveness of the 25 HOURS AT A TIME slogans, and the duration and extent of Marquis Jet's sales, marketing and use of the 25 HOURS AT A TIME slogans throughout the United States, the 25 HOURS AT A TIME slogans are distinctive and well known.

**Defendants' Adoption and Use of Their Infringing 25 HOURS AT A TIME Slogan.**

16.     On information and belief, well after Marquis Jet first began using its 25 HOURS AT A TIME slogans, FlexJet commenced using the taglines A FLEXJET EXPERIENCE 25 HOURS AT A TIME and 25 HOURS AT A TIME in connection with the marketing and sale of a jet card program that directly competes with Marquis Jet's jet cards.

17.     On information and belief, FlexJet advertises, distributes and sells its jet cards under the 25 HOURS AT A TIME tagline throughout the United States, including in the State of New York.

**Likelihood of Confusion Resulting from Defendants'
Unauthorized Use of the 25 HOURS AT A TIME Slogan.**

18.     FlexJet has not now and never has been authorized by Marquis Jet or its affiliates to use the 25 HOURS AT A TIME slogan in connection with its products or services.

19.     On information and belief, FlexJet's jet cards are sold in the same channels of trade as Marquis Jet's jet cards.  Both products are in the same general category of fractional aircraft charter lease programs, and are sold to many of the same consumers.

20.     FlexJet's use of the 25 HOURS AT A TIME slogan is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source or origin of its goods and services.  Actual and potential purchasers and consumers, upon encountering FlexJet's products/services or advertisements bearing the 25 HOURS AT A TIME slogan, are likely to

mistakenly believe that their goods and services originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Marquis Jet or its 25 HOURS AT A TIME-branded products and services.

21.    Compounding the likelihood of confusion posed by FlexJet's use of the 25 HOURS AT A TIME slogan, FlexJet juxtaposes the slogan with its "Flexjets" mark, which is itself similar to the "NetJets" mark that frequently accompanies Marquis Jet's 25 HOURS AT A TIME slogans.

22.    FlexJet's acts are causing and will continue to cause damage and irreparable harm to Marquis Jet and to its valuable reputation and goodwill with purchasers and consumers.

## FIRST CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition
#### (15 U.S.C. § 1125(a))

23.    Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.    This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    By its unauthorized use of the 25 HOURS AT A TIME slogans, FlexJet has falsely designated the origin of its products and services and has competed unfairly with plaintiff, in violation of 15 U.S.C. § 1125(a).

26.    On information and belief, FlexJet's acts of false designation of origin and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

27.    FlexJet's acts described above have caused injury and damages to plaintiff, have caused irreparable injury to plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

28.     Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29.     This claim is for trademark infringement and unfair competition in violation of the common law of the State of New York.

30.     FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

31.     On information and belief, FlexJet's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

32.     FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Trademark Dilution Under
### New York Gen. Bus. Law Section 360-l

33.     Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

34.     This claim is for trademark dilution pursuant to New York General Business Law Section 360-l, as amended.

35.     The 25 HOURS AT A TIME slogan is distinctive within the meaning of New York General Business Law Section 360-l.

31498170.WPD

7

36.     FlexJet's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the 25 HOURS AT A TIME slogan in violation of New York General Business Law Section 360-l.

37.     FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Deceptive Acts and Practices Under**
**New York Gen. Bus. Law §§ 349-350**

38.     Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

39.     This claim is for false advertising and deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

40.     FlexJet's use of the 25 HOURS AT A TIME slogan, as described above, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq.*

41.     On information and belief, FlexJet's unlawful conduct has been willful and deliberate and FlexJet has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

42.     FlexJet's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Marquis Jet prays that this Court enter judgment against Defendants as follows:

A.    Granting preliminary and permanent injunctive relief restraining defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendants and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

    (1)    from using, orally, in writing or in any media, the name, slogan or tagline A FLEXJET EXPERIENCE 25 HOURS AT A TIME or 25 HOURS AT A TIME, or any other name, slogan or mark confusingly similar to plaintiff's 25 HOURS AT A TIME slogans for any purpose; and

    (2)    from otherwise competing unfairly with plaintiff;

B.    Ordering defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

C.    Ordering that defendants be adjudged to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 125(a), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York General Business Law § 360-l, and to have committed unfair competition and deceptive acts in violation of New York General Business Law §§ 349 and 350 *et seq.*;

31498170.WPD                                                9

D.      Ordering an accounting of all gains, profits, savings and advantages realized by defendants from their aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition;

E.      Awarding such damages as plaintiff shall establish in consequence of defendants' aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a);

F.      Ordering defendants to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendants of which would violate the injunction herein granted;

G.      Ordering defendants to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed or used, would violate the injunction herein granted;

H.      Ordering defendants to pay for and cause to be disseminated to each distributor and reseller of the 25 HOURS AT A TIME-branded products or services a notice advising said persons of defendants' acts of trademark infringement and dilution, false designation of origin and unfair competition and advising of the issuance and content of the injunction herein granted;

I.      Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiff within thirty (30) days after service on defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

J.     Awarding plaintiff its costs and expenses of this action;

K.     Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendants' acts of trademark infringement and dilution, false advertising and unfair competition, and awarding plaintiff its reasonable attorneys' fees; and

L.     Granting such other and further relief as this Court may deem just and proper.

Dated: June 27, 2007
       New York, New York

                                    Respectfully submitted,

                                    Paul C. Llewellyn (PL 8634)
                                    Christopher D. Baker (CB 6765)
                                    Kaye Scholer LLP
                                    425 Park Avenue
                                    New York, New York 10022
                                    (212) 836-8000

                                    *Attorneys for Plaintiff Marquis Jet Partners, Inc.*

31498170.WPD

11

# Exhibit D

## Service of Process:

1:07-cv-06082-BSJ Marquis Jet Partners, Inc. v. Bombadier Aerospace Corporation et al
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Baker, Christopher on 7/5/2007 at 10:12 AM EDT and filed on 7/5/2007

**Case Name:** Marquis Jet Partners, Inc. v. Bombadier Aerospace Corporation et al
**Case Number:** 1:07-cv-6082
**Filer:** Marquis Jet Partners, Inc.
**Document Number:** 3

**Docket Text:**
AFFIDAVIT OF SERVICE of Summons and Complaint. Bombadier Aerospace Corporation served on 6/28/2007, answer due 7/18/2007. Service was accepted by Bruce Marshall, Managing Agent. Document filed by Marquis Jet Partners, Inc.. (Baker, Christopher)

**1:07-cv-6082 Notice has been electronically mailed to:**

Christopher Dale Baker    cbaker@kayescholer.com, maosdny@kayescholer.com

Paul C. Llewellyn    pllewellyn@kayescholer.com, maosdny@kayescholer.com

**1:07-cv-6082 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/5/2007] [FileNumber=3545992-0]
[1328d6a67a936f61b6ad6a2bc416e92de9c08bd503214a63d5dec044c19c4525d87f
6ac4e06ac3492b8ff3e0fc31113a587a4ad77fc028749a0c0a26fa82c2c9]]

B 151— Affidavit of Service of Summons or Subpoena: Personal or Alternate
Methods: Corp. or Ind.: Military Service. 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

**COURT**    UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COUNTY OF

MARQUIS JET PARTNERS, INC.

*Plaintiff(s)*

against

BOMBARDIER AEROSPACE CORPORATION (D/B/A FLEXJET)
AND JET SOLUTIONS, L.L.C.

*Defendant(s)*

*Index No.* 07 CIV 6082

**AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)**
SEE ATTACHED RIDER

STATE OF ~~NEW YORK~~ TEXAS, COUNTY OF ~~Da~~ Collin SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides ~~in~~ IN THE STATE OF TEXAS

That on 6/28/07 at 4:25P. M., at 3400 WATERVIEW PARKWAY, STE. 400, RICHARDSON, TX 75080
deponent served the within summons, *and complaint on* BOMBARDIER AEROSPACE CORPORATION defendant therein named,
SEE ATTACHED RIDER (D/B/A FLEXJET)

**INDIVIDUAL 1.** ☐ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2.** ☒ a DOMESTIC corporation, by delivering thereat a true copy *of each* to BRUCE MARSHALL
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT thereof.

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy *of each* to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☒ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on

Sarah Parker 6/24/07

PRINT NAME BENEATH SIGNATURE

Michael Northup

License No. SCH939

SARAH PARKER
My Commission Expires
May 24, 2010

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

APPENDIX PAGE 42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X Case No. 07 CIV 6082
MARQUIS JET PARTNERS, INC.,

                Plaintiff,

                                  RIDER TO AFFIDAVIT
   - against -                    OF SERVICE


BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS,
L.L.C.

                  Defendant.
--------------------------------------X

List of Documents served:

- Summons in A Civil Case;

- Complaint;

- Civil Cover Sheet;

- Individual Practices of Judge Barbara S. Jones;

- Individual Practices of Magistrate Judge Gabriel W. Gorenstein;

- Procedures for Electronic Case Filing;

- 3rd Amended Instructions for Filing an Electronic Case or Appeal; and

- Guidelines for Electronic Case Filing.

## Service of Process:

1:07-cv-06082-BSJ Marquis Jet Partners, Inc. v. Bombadier Aerospace Corporation et al
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Baker, Christopher on 7/5/2007 at 10:16 AM EDT and filed on 7/5/2007

| | |
|---|---|
| **Case Name:** | Marquis Jet Partners, Inc. v. Bombadier Aerospace Corporation et al |
| **Case Number:** | 1:07-cv-6082 |
| **Filer:** | Marquis Jet Partners, Inc. |
| **Document Number:** | 4 |

**Docket Text:**
AFFIDAVIT OF SERVICE of Summons and Complaint. Jet Solutions, L.L.C. served on 6/28/2007, answer due 7/18/2007. Service was accepted by Gavin Hill, Managing Agent. Document filed by Marquis Jet Partners, Inc.. (Baker, Christopher)

**1:07-cv-6082 Notice has been electronically mailed to:**

Christopher Dale Baker     cbaker@kayescholer.com, maosdny@kayescholer.com

Paul C. Llewellyn     pllewellyn@kayescholer.com, maosdny@kayescholer.com

**1:07-cv-6082 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/5/2007] [FileNumber=3546024-0]
[51dd6ee40cc71172c699bb9f705271a22d7464d136ca0b503bf435a6374ac6bc6c94
57b12dbd3df1cbc9901f19201037d82ab003cc7191928c8dcad6c8f8d8ae]]

☐ **B 151-** Affidavit of Service of Summons or Subpoena: Personal or Alternative Methods: Corp. or Incl.: Military Service, 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

**COURT**     UNITED STATES DISTRICT COURT
**COUNTY OF**     SOUTHERN DISTRICT OF NEW YORK

MARQUIS JET PARTNERS, INC.

            *Plaintiff(s)*

against

BOMBARDIER AEROSPACE CORPORATION (D/B/A FLEXJET)
AND JET SOLUTIONS, L.L.C.

            *Defendant(s)*

*Index No.* 07 CIV 6082

*AFFIDAVIT OF*
*SERVICE OF SUMMONS*
*(AND COMPLAINT)*
SEE ATTACHED RIDER

STATE OF ~~NEW YORK~~ TEXAS, COUNTY OF ~~Dallas~~ Collin SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at IN THE STATE OF TEXAS

That on   6/28/07       at 4:15 P. M., at 3400 WATERVIEW PARKWAY, STE.102, RICHARDSON, TX 75080 deponent served the within summons, *and complaint on*    JET SOLUTIONS, L.L.C.       defendant therein named.
SEE ATTACHED RIDER

**INDIVIDUAL 1.** ☐ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2.** ☒ a   DOMESTIC   corporation, by delivering thereat a true copy *of each* to    GAVIN HILL personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be   MANAGING AGENT   thereof.

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy *of each* to           a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place— usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at          and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on    Sarah Parker   6/29/07

X _____

PRINT NAME BENEATH SIGNATURE
Michael Northrup

License No.   SCH934

SARAH PARKER
My Commission Expires
May 24, 2010

APPENDIX PAGE 45

**INSTRUCTIONS:** Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X Case No. 07 CIV 6082
MARQUIS JET PARTNERS, INC.,

                    Plaintiff,
                                        RIDER TO AFFIDAVIT
      - against -                           OF SERVICE


BOMBARDIER AEROSPACE CORPORATION
(d/b/a FLEXJET) and JET SOLUTIONS,
L.L.C.

                    Defendant.
------------------------------------X

List of Documents served:

- Summons in A Civil Case;

- Complaint;

- Civil Cover Sheet;

- Individual Practices of Judge Barbara S. Jones;

- Individual Practices of Magistrate Judge Gabriel W. Gorenstein;

- Procedures for Electronic Case Filing;

- 3rd Amended Instructions for Filing an Electronic Case or Appeal; and

- Guidelines for Electronic Case Filing.

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2007, all counsel of record were served with a copy of (1) plaintiff's memorandum of law in opposition to the motion of defendants for a stay, and pending rulings in another proceeding, to dismiss, and (2) the Declaration of Christopher D. Baker in support thereof, either: (a) by the Court's Electronic Filing System if they have consented to electronic service, or (b) by first class mail if they have not so consented.

/s/ Paul C. Llewellyn