UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARQUIS JET PARTNERS, INC., <br><br>        Plaintiff, <br><br>        -v-<br><br>BOMBARDIER AEROSPACE CORPORATION (d/b/a FLEXJET) and JET SOLUTIONS, L.L.C.<br><br>        Defendants. | Case No. 1:07-CV-06082 (BSJ)(GWG)<br><br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY AND, PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS**

Peter D. Vogl (PV-3385)
Todd R. Geremia (TG-4454)
Laura W. Sawyer (LS-4385)
JONES DAY
222 East 41st Street
New York, New York  10017
(212) 326-3939

Attorneys for Defendants,
Bombardier Aerospace Corporation and
Jet Solutions, L.L.C.

## INTRODUCTION

Both this Court and the Fifth Circuit follow the general principle that where a dispute is pending in two federal district courts, the court where the first action was filed should determine which forum is appropriate to hear the matter. *Before* Plaintiff Marquis Jet ("Marquis Jet") commenced this action, Defendants Bombardier Aerospace Corporation ("Bombardier") and Jet Solutions, L.L.C. ("Jet Solutions") had already commenced an action in the Northern District of Texas, involving exactly the same trademark dispute and the same parties. Consequently, the Northern District of Texas, as the forum where this dispute was first filed, should decide which of these related actions will proceed. Bombardier and Jet Solutions have asked the Northern District of Texas to resolve this issue. Defendants respectfully request that this Court stay this case and await a determination by the Northern District of Texas as to where the parties' dispute should be resolved.

Even if this Court – the second-filed court – chooses to address the issue of where this case should be heard, this Court should follow the "first-to-file" rule, which directs that the first-filed action takes precedence and should proceeds unless special circumstances exist. No special circumstances exist here that would warrant a departure from the "first-to-file" rule. Consequently, this Court should apply that rule and determine that the Northern District of Texas action is the preferable forum for this dispute, and either transfer or dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3).

## BACKGROUND

The allegations in both the Texas action and this action are centered around the same issue: whether Marquis Jet should be permitted to assert an exclusive right to use the words "25 hours at a time" in connection with the marketing of so-called "jet cards" offering flight time in increments of 25 hours at a time. *See* Declaration of Todd R. Geremia to Defendants' Motion to

NYI-4013372v6

Stay And, Pending Determinative Rulings In A Related Action, To Dismiss, dated July 17, 2007 ("Geremia Decl."), Exs. A, B (complaints in the respective actions).

Marquis Jet sent a cease-and-desist letter, in which it stated that it was "fully prepared to enforce our [] rights to the full extent permitted by law, including litigation." (App. pp. 15).[1] Notably, Marquis Jet did not specify in its letter that it would file suit after a particular deadline or in a given forum. In response, Bombardier and Jet Solutions commenced a declaratory judgment action in the Northern District of Texas – where they are located – on June 22, 2007 seeking, *inter alia*, a judgment that Marquis Jet does not have any protectable rights in the words "25 hours at a time." (Geremia Decl., Ex. A ¶¶ 8, 10). Marquis Jet then responded with its own lawsuit – in this Court – which is little more than a mirror image of the action commenced by Defendants in Texas. (Geremia Decl., Ex. B).

In addition to the motion pending in this Court, two motions are pending in the Northern District of Texas: (1) Marquis Jet's Motion to Dismiss and (2) Bombardier and Jet Solutions' motion to enjoin Marquis Jet from proceeding any further with this action.

**ARGUMENT**

**I.     There Is A "Bright Line Rule" That The First-Filed Court Determines Which Forum Will Hear The Case**

The Court should stay this case pending the determination of the Northern District of Texas – the "first-filed" court – as to which forum should resolve this trademark infringement dispute. The rule is clear in both the Southern District of New York and the Fifth Circuit that, where there are two or more disputes concerning overlapping subject matter, the court with the first-filed action should decide which of the actions should proceed.

---

[1] Citations in the form of "(App. pp. ___)" are to the Appendix to Bombardier's motion in the Northern District of Texas. Excerpts from the Appendix are included as Exhibit D to the Geremia Declaration.

2

This Court has repeatedly referred to this practical rule as a "bright line rule." *See MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267-68 (S.D.N.Y. 2002) (granting a motion to stay second-filed action in deference to first-filed declaratory judgment action). *See also PRL USA Holdings, Inc. v. Carlberg Design, Inc.*, No. 05 Civ. 5888, 2006 WL 156984, at *1 (S.D.N.Y. Jan. 18, 2006) (deferring to the first-filed court to "decide which action should proceed"); *Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004) (citing *MSK Ins.* for the bright-line rule and finding as the first-filed court, it was "to decide which forum will hear these actions"); *Pem Am., Inc. v. Lambert*, No. 03 Civ. 3706, 2003 WL 22383369, at *2-3 (S.D.N.Y. Oct. 17, 2003) ("Although this bright-line rule is largely identical to and rooted in the first filed rule, it does not provide for any special exceptions. It is a straight-forward rule to be applied in a rote manner."). The Fifth Circuit has adopted the same rule. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); *see also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).

Plaintiff has cited a number of cases in support of its argument that the second-filed court has decided the issue. *See* Marquis Jet Br. 5. However, this exact argument – complete with identical case citations – has already been considered and rejected by this Court in *MSK Ins.* because none of those "second-filed" courts analyzed whether it was appropriate for it to make the decision:

> With one exception, there is no indication in those cases, however, that this Court stopped to consider whether it was the appropriate body to make this determination before doing so. *See Everest*, 178 F. Supp. 2d at 464 n.3 (noting that this issue "would ordinarily be

3

>       addressed by the court in which the 'first-file' case is pending," but
>       reaching it anyway because this Court was the only one with all
>       relevant parties before it).

*Id.* at 268 n.5.

Consistent with the practices of this Court and the Fifth Circuit, it is for the Northern District of Texas, as the first-filed court, to decide whether the action in that court or the action filed subsequently by Marquis Jet in this Court should proceed. As the first-filed jurisdiction, the Northern District of Texas court also has the authority to order the party that initiated the second-filed lawsuit not to proceed with it, and Bombardier and Jet Solutions have requested such an order from the Texas federal court.[2] Until the Northern District of Texas rules on this threshold issue, this Court should stay all proceedings in this case and await a ruling as to where this trademark infringement action should proceed according to the practice of the Southern District. *See, e.g.*, *MSK Ins.*, 212 F. Supp. 2d at 267 ("This action is hereby stayed pending resolution by the Kansas court of the issue of whether this action or the [first-filed] Kansas action shall proceed."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) (noting that "[c]ourts in which the second-filed actions were brought have generally refrained from ruling pending a determination by the court of first-filing"); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("[T]he first-filed case was brought here in the Southern District of New York . . . . The District of New Jersey accordingly

---

[2] *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952) ("[S]ubsequent suits against [a declaratory judgment plaintiff who filed first] by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit . . . ."); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1021, 1025-26 (2d Cir. 1991) ("'[t]he first court has jurisdiction to enjoin the prosecution of the second'"; affirming order to enjoin further litigation of issues in second-filed jurisdiction); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) (once first-filed court determines the issue of "substantial overlap," it is "no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed") (internal quotation marks omitted).

has delayed any judicial action on the second-filed case, which was filed there, pending my decision on these motions[, *inter alia*, to transfer].").

II.  **Even If This Court Were To Consider Which Forum Is Appropriate, The "First-To-File" Rule Directs That The Northern District Of Texas Is The Appropriate Forum For The Dispute**

Should this Court find that it is the appropriate forum to decide whether this action or the Northern District of Texas action should proceed, the first-to-file rule dictates that the first-filed action should proceed, unless there are special circumstances that suggest the later-filed action should proceed. *See BuddyUSA, Inc. v. RIAA, Inc.*, 21 Fed. Appx. 52, 55 (2d Cir. 2001) (quoting *William Glucking & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)) ("'the first suit should have priority . . . unless there are special circumstances which justify giving priority to the second.'"). In *BuddyUSA*, the Second Circuit analyzed what constitutes "special circumstances" that would warrant deviation from the first-to file rule. *Id.* Examples of special circumstances include improper anticipatory litigation or abusive forum shopping. *Id.* The Second Circuit explained that the district courts found "special circumstances" when the notice letters gave "specific warnings as to deadlines and subsequent legal action." *Id.* In order to meet this requirement, the notice letters must "explicitly 'inform[] a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit.'" *Id.* (quoting *J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995)).

Marquis Jet has not established that any "special circumstances" exist in this action that warrant departure from the first-to-file rule. While Marquis Jet argues that Defendants brought their suit "in anticipation of Marquis' New York action," Marquis Jet Br. 3, that is simply not true. Although Marquis Jet asserted putative exclusive rights to use the words "25 hours at a time" and accused Defendants of trademark infringement, Marquis Jet's cease-and-desist letter

5

did *not* announce an intention to file a lawsuit in the Southern District of New York.[3] Marquis Jet's letter falls far short of providing notice that Marquis Jet intended to file a lawsuit in the Southern District of New York. By filing their declaratory judgment action in the Northern District of Texas, Defendants cannot be said to have anticipated Marquis Jet's action in the Southern District of New York or deprived Marquis Jet of its choice of forum, which Marquis Jet had never announced.

In fact, the cases Marquis Jet cites in its opposition brief reinforce the conclusion that no special circumstances are present. For example, in *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, this Court found that a determination of "improper anticipatory filing" depends on "the nature of the first filed action (whether it was a declaratory judgment action), and whether it was filed after sufficient notice of a planned lawsuit by the other party." 178 F. Supp. 2d 459, 469 (S.D.N.Y. 2002). The *Everest* court noted: "The fact that an action is one seeking a declaratory judgment does not, however, necessarily mean that it is an improper anticipatory filing." *Id.* Similarly, in *Mass v. McClenahan*, the court found the preemptive lawsuit exception to the "first filed" rule where the notice letter specified a date on which an action would be commenced in New York in the absence of good faith negotiations. No. 93 Civ. 3290, 1993 WL 267418, at *2 (S.D.N.Y. July 9, 1993).

In another attempt to avoid the first-to-file rule, Marquis Jet cites a number of cases where the parties engaged in settlement negotiations and one party rushed to the courthouse,

---

[3] It is by no means unreasonable for Defendants to have believed that if Marquis Jet were to have commenced a lawsuit, it would have been commenced where Defendants are found – in the Northern District of Texas.

despite the negotiations.⁴  Marquis Jet Br. 4 n. 4.  *See, e.g., Elbex Video, Ltd. v. Tecton, Ltd.*, No. 00CIV.0673, 2000 WL 1708189, at *2-3 (S.D.N.Y. Nov. 15, 2000) (finding that the declaratory plaintiff led the defendant to believe an amicable outcome was possible while filing its declaratory suit); *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1351-52, 1354 (S.D.N.Y. 1992) (recounting the months of negotiations which ended when the declaratory plaintiff filed suit on the same day it received a fax of a successful patent infringement suit by the defendant).  Such circumstances are not present here.  Defendants never responded to Marquis Jet's cease-and-desist letter by engaging in settlement negotiations with Marquis Jet.  Certainly, Defendants never deceived or misled Marquis Jet regarding their intentions.  *See 800-FLOWERS, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131-32 (S.D.N.Y. 1998) (finding no reason to deviate from the first-to-file rule because "[t]his is not a case where plaintiff and defendant were involved in negotiations which subsequently broke down").

Nor is there any merit to Marquis Jet's allegation of abusive forum shopping.  Marquis Jet Br. 4.  The *Everest* court explained:  "'Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated his choice.'"  178 F. Supp. 2d at 470 (quoting *Riviera Trading Co. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996)).  In *Everest*, the court found no evidence of forum shopping where declaratory plaintiff filed suit in state where its business was located, as

---

⁴    Marquis Jet cites a case from the Northern District of Texas, *Paj, Inc. v. Yurman Design, Inc.*, No. 3:98-CV-2847-P, 1999 U.S. Dist. LEXIS 1424 (N.D. Tex. Feb. 9, 1999), which does not involve settlement discussions.  *Paj* was decided before the Fifth Circuit's *Sherwin-Williams* decision and invoked many of the notions that *Sherwin-Williams* later discredited.  The Fifth Circuit clearly stated that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it . . . is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'" and provided examples and guidelines for making such determinations.  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391, 397-400 (5th Cir. 2003).  There is no evidence of improper anticipatory litigation or abusive forum shopping here.

were its witnesses and documents. *Id.* Similarly, forum shopping is not present here. Bombardier and Jet Solutions filed their declaratory action in the district where Bombardier's business headquarters and Jet Solutions' only U.S. office reside, a district where Marquis Jet also maintains an office. (App. p. 2 ¶ 4).

Equally without weight is Marquis Jet's argument that the action before this Court is more comprehensive because it includes additional claims under New York law. Marquis Jet Br. 4. The *Everest* court also addressed this issue:

> The forum's familiarity with governing law favors neither party. Although Everest Capital asserts state law claims, such claims are corollary to their federal trademark claims and do not present complex questions of law. … Furthermore, the presence of a question of New York state law is not more significant than the convenience to the parties and witnesses, factors that weigh heavily in favor of transfer of this action.

178 F. Supp. 2d at 468. Indeed, Marquis Jet's claims under state law are subject to the same fundamental legal standard as Jet Solutions and Bombardier's claims for declaratory relief under federal law. *See, e.g.*, *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982) (The "heart of a successful claim" under both the Lanham Act and the common law "is a showing of likelihood of confusion."); *Lorillard Tobacco Co. v Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law 'mirror the Lanham Act claims.'").

Since this later-filed action presents none of the special circumstances warranting a departure from the first-to-file rule, this Court should conclude that the first-filed action in the Northern District of Texas should proceed and this action should either be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or transferred to the Northern District of Texas.

## CONCLUSION

The Court should therefore stay all further proceedings in this case pending a ruling by the Northern District of Texas on (i) Defendants' motion to enjoin Marquis Jet from proceeding with its action in this Court and (ii) Marquis Jet's motion to dismiss or transfer the action first-filed by Bombardier and Jet Solutions in the Northern District of Texas.  The Northern District of Texas's orders on those motions will determine in which court the parties' dispute should be resolved.  In the event that the Northern District of Texas determines that this dispute should be resolved there, this Court should dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(3) (for improper venue) or, alternatively, transfer this case to the Northern District of Texas.

Dated: August 10, 2007
       New York, New York

Respectfully submitted,

JONES DAY

By:      / s / Laura W. Sawyer
         Peter D. Vogl (PV-3385)
         Todd R. Geremia (TG-4454)
         Laura W. Sawyer (LS-4385)
         222 East 41st Street
         New York, New York 10017
         Tel:  (212) 326-3939
         Fax:  (212) 755-7306

         Attorneys for Defendants,
         Bombardier Aerospace Corporation and
         Jet Solutions, L.L.C.

Of counsel:

Leonard E. Hoffman, III
JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202

9

**CERTIFICATE OF SERVICE**

On August 10, 2007, the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY AND, PENDING DETERMINATIVE RULINGS IN A RELATED ACTION, TO DISMISS was served on the following counsel for Plaintiff through the Court's CM/ECF system:

> Paul C. Llewellyn
> Christopher D. Baker
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
>
> *Attorneys for Plaintiff,*
> *Marquis Jet Partners, Inc.*

Dated: New York, New York
       August 10, 2007

           ___/ s / Laura W. Sawyer_____