UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARQUIS JET PARTNERS, INC.,                     :

           Plaintiff,                    :         07 Civ. 6082 (BSJ) (GWG)

    -v.-                                                :         ORDER

                                                     :

BOMBARDIER AEROSPACE CORPORATION,
AND                                                             :
JET SOLUTIONS, L.L.C.
                                                     :
           Defendants.
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      On June 22, 2007, Bombardier Aerospace Corporation and Jet Solutions L.L.C. filed a declaratory judgment action in the United States District Court for the Northern District of Texas against Marquis Jet Partners arising out of a dispute regarding the right to use certain marketing phrases. See Declaration of Todd R. Geremia, filed July 17, 2007 (Docket #7) ("Geremia Decl."), Ex. D. On June 27, 2007, Marquis filed the instant complaint against Bombardier and Jet Solutions raising the same dispute. On July 16, 2007, the parties filed motions in the Texas court on the question of whether the Texas suit or the instant suit should proceed. See Geremia Decl. Ex. C and Plaintiff's Opposition to Defendant's Motion for a Stay, filed Aug. 3, 2007 (Docket #11), Ex. 1. The next day, the defendants in this case moved for an order to stay these proceedings pending a ruling by the Texas court as to which forum should resolve the dispute. See Notice of Motion, filed July 17, 2007 (Docket #5).

      The substantive issue raised by the defendants' motion is which of the two lawsuits should be permitted to proceed: the suit filed in Texas or the instant suit. The same issue has been raised in the briefing before the Texas court. Because the same motion is pending in two different forums, this Court must first determine which of these two forums should decide this question: that is, the question of which of the two lawsuits should be permitted to proceed.

      Well-reasoned case law firmly supports the view that this threshold question should be resolved by the court in which the first suit was filed. In other words, "[t]he court before which the first-filed action was brought determines which forum will hear the case." MSK Insurance, Ltd. v. Employers Reinsurance Corp., 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002); accord Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004) (citing MSK Insurance, 212 F. Supp. 2d at 267); Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) (citing Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982)). While Marquis is correct that this rule has not been uniformly applied, the cases that have not applied it have done so with little or

no legal analysis and accordingly we do not follow them. Notably, the Texas court would be bound to reach the same conclusion as we do here. See Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.").

Accordingly, defendants' motion for a stay (Docket # 5) is granted, pending resolution by the Texas court of the issue of whether this action or the Texas action shall proceed. Obviously, the instant Order should not be construed taking any position on this issue.

SO ORDERED.

Dated: September 18, 2007
       New York, New York

                                           _____
                                           GABRIEL W. GORENSTEIN
                                           United States Magistrate Judge

2